IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA              )
individually and on behalf of others similarly, )
situated,                              )
                    Plaintiff,         )
        v.                             )
                                       )        Civil Action No:
TRUGREEN LIMITED PARTNERS and,         )
TRUGREEN, INC. d/b/a TRUGREEN          )
CHEMLAWN                               )

        Defendant.

## COMPLAINT

1. This is an action for damages resulting from Defendants' violations of the Fair Labor

Standards Act, 29 U.S.C. §201 et seq., breach of contract, fraud, and violation of the duty of good

faith and fair dealing. Plaintiff seeks damages on behalf of himself and all other similarly situated

H-2B workers employed by Defendants.

## JURISDICTION

2. This Court has jurisdiction over Plaintiff's Fair Labor Standards Act (FLSA) claim

pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 (federal question).

3. This Court has jurisdiction over Plaintiff's contract claim pursuant to 28 U.S.C. §1331

(federal question).

4. This Court has supplemental jurisdiction over Plaintiff's breach of contract, fraud, and

violation of the duty of good faith and fair dealing claims pursuant to 28 U.S.C. §1367.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the

events giving rise to this action occurred within this district and Defendants are located, reside, or do business in this district.

## PARTIES

6. Plaintiff Ramon Villanueva-Bazaldua is a resident of the Republic of Mexico.

7. Defendant TruGreen Limited Partners is a limited partnership organized under the laws of the State of Delaware. It may be served with process through its registered agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

8. Defendant TruGreen, Inc. is a corporation organized under the laws of the State of Delaware. It is sued in its capacity as general partner of TruGreen Limited Partners. It may be served with process through its registered agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware. 19801

## CLASS/COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings his FLSA claims individually and as a collective action on behalf of a class defined as "all H-2B workers employed by Defendant TruGreen Limited Partners at any time between 2003 and 2006." Collective action treatment is appropriate because all members of the class are similarly situated with respect to Defendants' policy or practice of not taking into account the visa, processing, and transportation expenses incurred by H-2B workers in determining whether such workers received the wages required by the FLSA. Plaintiffs consent to sue form is attached to this complaint.

10. Plaintiff brings his breach of contract, fraud, and breach of the duty of good faith and fair dealing claims on behalf of himself and a class defined as "all H-2B workers employed by Defendant TruGreen Limited Partners at any time between 2003 and 2006." This class is so numerous that joinder of all members is impracticable. There are questions of law and fact common to the class;

the claims of the named plaintiff are typical of the claims of the class; and the named plaintiff will fairly and adequately protect the interests of the class. Certification of the class pursuant to Rule 23(b)(3) is appropriate because the questions of law and fact common to the class predominate over any questions affecting only individual members of the class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that the individual members of the class have no interest in controlling the prosecution of separate actions; on information and belief, no other litigation has been commenced by the members of the class; it is desirable and more efficient to concentrate the litigation of these claims in one forum; and, no difficulties are likely to be encountered in the management of the class action.

## FACTS

11. At all times relevant herein, Defendants provided landscaping services to customers in Delaware, Pennsylvania, New Jersey and other states and operated as an 'enterprises engaged in commerce' as that phrase is defined in the FLSA, 28 U.S.C. §203(s).

12. Each year since at least 2003, Defendants have applied for permission to employ temporary foreign landscape workers pursuant to the federal governments H-2B visa program.

13. Each year, in order to obtain permission to employ workers under the H-2B program, Defendants submitted applications to the Department of Labor for certification of the need for temporary foreign workers ("labor certification") on forms ETA 750. In addition, Defendants submitted applications for H-2B visas to the Department of Citizenship and Immigration Services (CIS) on forms I-129.

14. In 2004, the forms ETA 750 and the forms I-129 filed by Defendants offered hourly wages of $10/hour, $15/hour overtime, and a work for the period March 1 through November 30, 2004.

15. On information and belief, the forms ETA 750 and forms I-129 filed by Defendants in 2003, 2005 and 2006 offered hourly wages at fixed dollar amount per hour and overtime equal to one and one-half times the stated hourly wage. On information and belief, the forms also offered work for the period March through November in each of those years.

16. Each year, in anticipation of receiving approval of their applications for H-2B visas, Defendants, through their agents, recruited workers in Mexico.

17. In 2004, Defendants, through their agent, LLS International S. de R.L. de C.V., recruited Plaintiff in Mexico with a promise $11.34 per hour and an overtime rate of $17.01 per hour. Defendants also represented to Plaintiff that he was required to work for the full term of the contract.

18. On information and belief, other Mexican H-2B workers recruited to work for Defendants in 2003, 2004, 2005 and 2006 were promised in Mexico that they would receive a fixed hourly rate of pay and overtime at one and one-half times that hourly rate of pay and were further told that they would be required to work for full term of the contract from March through November.

19. Plaintiff relied upon the representations made to him in Mexico and incurred various expenses obtaining his H-2B visa and traveling to the United States to work for Defendants. These expenses included, but were not limited to, the cost of obtaining a Mexican passport, a $100 visa application fee, a $100 visa issuance fee, a $6 border crossing fee, a $155 administrative fee paid to Defendants' agent for processing the visa paperwork, and transportation expenses from the point of recruitment to the place of work in the United States.

20. On information and belief, other H-2B workers employed by Defendants during 2003, 2004, 2005 and 2006 relied on the promises made to them in Mexico and incurred similar visa, processing and transportation expenses in order to get to the United States to work for Defendants.

21. Plaintiff had to pay for his return transportation to Mexico and, on information and

belief, most, if not all, of the other H-2B workers employed by Defendants in 2003, 2004, and 2005 paid for their own return transportation to Mexico  On information and belief, Defendants will require H-2B workers employed in 2006 to pay for their return transportation to Mexico.

22. All of the expenses outlined in paragraphs 19, 20, and 21 were primarily for the benefit and convenience of Defendants.

23. As a matter of practice or policy uniformly applied to all of their H-2B workers, Defendants did not take into account the expenses set forth in paragraphs 19 and 20 in determining whether their H-B workers employed during the relevant time period received the wages required by the Fair Labor Standards Act during the first work week.

24. As a matter of practice or policy uniformly applied to all of their H-2B workers employed during the relevant time period, Defendants did not take into account the expenses set forth in paragraph 21 in determining whether their H-2B workers employed during the relevant time period received the wages required by the Fair Labor Standards Act during the worker's last week of work. On information and belief, Defendants do not intend to take into account the expenses of return transportation in calculating the last week's wages of H-2B workers employed in 2006.

25. The expenses outlined in paragraph 19 and 20 operated as *de facto* deductions from the first week's wages of Plaintiff and other H-2B workers causing them to earn less than the wages required by the Fair Labor Standards Act.

26. The expenses outlined in paragraph 21 operated as *de facto* deductions from the last week's wages of Plaintiff and other H-2B workers causing them to earn less than the wages required by the Fair Labor Standards Act.

27. Defendants' violations of the Fair Labor Standards Act were willful.

28. Defendants had no intention of paying Plaintiff or other H-2B workers employed during

the relevant time period the hourly and overtime wages promised in Defendants' applications to DOL and CIS or to H-2B workers in Mexico. Nor did Defendants intend to employ Plaintiff or other H-2B workers for the full term of work promised to workers. The representations made to Plaintiff and other H-2B workers regarding wages and the work term were fraudulent and designed for the purpose of inducing them to accept employment with Defendants.

29. Once Plaintiff began work, Defendants paid him using a "Chinese overtime" system. Under this system, Plaintiff was paid a base wage of $450 per week. This amount was divided by his total hours of work for the week to calculate a regular hourly rate of pay. Plaintiff was then paid one-half of that regular rate as an overtime premium for the hours he worked in excess of 40 in the week. As a result of this pay scheme, the more hours Plaintiff worked per week in excess of 40, the less he was paid per hour and the lower his overtime premium per hour. As a result of this scheme, Plaintiff earned less than the regular and overtime rates promised in Defendants visa applications and less than the rates promised to Plaintiff in Mexico.

30. On information and belief, Defendants other H-2B workers employed during the relevant time period were paid using a similar "Chinese overtime" method and did not receive the hourly and overtime rates promised in Defendants' applications to DOL and CIS or the rates promised to the H-2B workers in Mexico.

31. Defendants constructively terminated Plaintiff prior to the completion of his work contract by failing to pay him the promised wage.

32. On information and belief, Defendants wrongfully terminated or constructively terminated other H-2B workers employed during the relevant time period prior to the completion of their work contracts by, *inter alia*, paying them less than the wage rate promised in order to induce them to accept the job.

FIRST CAUSE OF ACTION

33. The above facts constitute violations of the Fair Labor Standards Act, 29 U.S.C. §§206 and 207, by Defendants for which Plaintiff and other H-2B workers are entitled to relief pursuant to 29 U.S.C. §216(b).

SECOND CAUSE OF ACTION

34. The above facts constitute breach of contract by Defendants for which Plaintiff and other H-2B workers are entitled to relief.

THIRD CAUSE OF ACTION

35. The above facts constitute fraud by Defendants for which Plaintiff and other H-2B workers are entitled to relief.

FOURTH CAUSE OF ACTION

36. The above facts constitute violations of the covenant of good faith and fair dealing by Defendants for which Plaintiff and other H-2B workers are entitled to relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Allow Plaintiff to pursue his FLSA claims as a collective action and authorize Plaintiff to issue notice of the right to opt-into this action to all similarly situated H-2B workers;

b. Certify Plaintiffs breach of contract, fraud and good faith and fair dealing claims as a Rule 23(b)(3) class action on behalf of H-2B workers employed by Defendants;

c. Award Plaintiff and similarly situated H-2B workers their unpaid minimum wages, regular wages and overtime as well as an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b);

d. Award Plaintiff and other H-2B workers compensatory damages for Defendants' breach of

contract;

e. Award Plaintiff and other H-2B workers compensatory and punitive damages for Defendants' fraud;

f. Award Plaintiff and other H-2B workers compensatory damages for Defendants violation of the covenant of good faith and fair dealing;

g. Award Plaintiff his costs and reasonable attorneys fees;

h. Award Plaintiff such other and further relief as this Court deems just and proper.

RAPPOSELLI, CASTRO & GONZALES

Vivian L. Rapposelli Esquire (#3204)
Edward Tuddenham, Esquire, of Counsel
916 North Union Street
Suite 2
Wilmington, Delaware 19805
(302) 652-8711
Attorneys for Plaintiff

Dated: 3/16/06

CERTIFICATE OF SERVICE

I, Vivian L. Rapposelli, Esquire, hereby certify that on March 16, 2006, I caused two

copies of the foregoing Complaint to be served by first class U.S. Mail, postage pre-paid, on

counsel for the parties at the following address:

> TruGreen Limited Partners
> c/o Corporation Trust Company
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, DE 19801

> RAPPOSELLI, CASTRO & GONZALES
>
> _____
> Vivian L. Rapposelli, Esquire (#3204)
> Edward Tuddenham, Esquire, of Counsel
> 916 North Union Street, Suite 2
> Wilmington, Delaware 19805
> (302) 652-8711
> Attorneys for Plaintiff

Dated: 3/16/06

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

**I. (a)   PLAINTIFFS**

Ramon Villanueva - Bazaldua

**(b)** County of Residence of First Listed Plaintiff   Mexico
(EXCEPT IN U S PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   (302) 652-8711
Rapposelli, Castro & Gonzales
914 N Union St, Ste 2, Wilm, DE 19805

**DEFENDANTS**

TruGreen Limited Partners and TruGreen, Inc.
d/b/a TruGreen Chemlawn

County of Residence of First Listed Defendant   New Castle
(IN U S PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES  USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

**II.  BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U S  Government Not a Party)
- ☐ 2   U S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Med Malpractice | ☐ 625 Drug Related Seizure |     28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability    ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander    ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers     Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability     Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine    **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl  Veterans) | ☐ 345 Marine Product    ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability    ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle     Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability    ☐ 385 Property Damage | ☐ 720 Labor/Mgmt  Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting    ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment     Sentence | ☐ 791 Empl. Ret Inc |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations    ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare    ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities -    ☐ 540 Mandamus & Other | | |    Under Equal Access |
| |    Employment    ☐ 550 Civil Rights | | |    to Justice |
| | ☐ 446 Amer w/Disabilities -    ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| |    Other | | |    State Statutes |
| | ☐ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U S  Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 201 et seq. , 28 U.S.C. § 1367
Brief description of cause:
FLSA claim, breach of contract, fraud and violation of good faith.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**   N/A
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   3/16/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____