IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

    Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

    Defendants.

CA 1:06-cv-00185

PLAINTIFFS' RESPONSE TO MOTION
FOR EXTENSION OF TIME TO ANSWER

Now comes Plaintiff Ramon Villanueva, through his undersigned attorneys, and files this response to Defendants' motion for extension of time to answer. For the reasons set forth below, Plaintiff does not oppose an extension of time PROVIDED that the statute of limitations applicable to the putative FLSA class members (who must opt-in to toll limitations) is tolled for an equal period of time.

1. Plaintiff is a Mexican worker who was employed by Defendants in 2004. Among other claims, Plaintiff alleges that Defendants violated the Fair Labor Standards Act (FLSA) by failing to pay Plaintiff and other foreign workers minimum wage and overtime. Plaintiff brings his FLSA claim as a collective action on behalf of himself and similarly situated foreign workers.

2. Unlike a Rule 23 class, the mere filing of an FLSA collective action does not toll

limitations for the putative class members. Limitations continues to run against each class member until such time as the class members receive notice of the action and affirmatively opt-into it. *See Hoffman v. Sbarro Inc.*, 982 F.Supp. 249, 260 (S.D.N.Y. 1997). The Court must authorize issuance of the notice of the right to opt-in. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989); *Goldman v. RadioShack Corp.*, 2003 WL 21250571 at *6 (E.D. Pa. 2003).

3. Granting an extension of time to Defendants, without an agreement to toll limitations for an equal period of time, will delay the issuance of notice to the class members, if the court allows notice, and, thereby delay the class members' ability to toll limitations by opting-in. Each week that goes by before the class members receives notice and opt-in is a week that is lost to limitations.

4. Plaintiff does not object to Defendants taking an additional 15 days to answer; but the putative class members should not have to risk losing some or all of their FLSA claims to limitations simply to accommodate Defendants' desire for more time. The fair and reasonable thing to do is to hold the class members harmless by tolling limitations for them for 15 days (i.e. during the period of the Defendants' extension). Such an order would neither harm the class members nor place them in a better position than they would have been without the extension. A proposed order granting the extension and tolling limitations is filed herewith. The Court has ample authority to enter such a tolling order. *See DeAsencio v. Tyson Foods*, 342 F.3d 301, 313 (3rd Cir. 2003) ("In class actions, courts have equitable power to manage the litigation in order to promote judicial economy and fairness to litigants.").

5. Defendants do not, nor can they, claim that they will suffer any harm from tolling limitations for a period of time equal to the extension they have requested. Their refusal to agree to this reasonable accommodation is without justification and should be rejected.

Respectfully submitted,

/s/

Vivian L. Rapposelli (DE Bar# 3204)
Rapposelli, Castro & Gonzalez
916 Union St., Suite 2
Wilmington, Delaware 19805
Tel: 302-652-8711

Edward Tuddenham
272 W. 107th St. #20A
New York, New York 10025
Tel: 212-866-6026

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

    Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

    Defendants.

CA 1:06-cv-00185 (GMS)

## ORDER

Came on to be heard Defendants' motion for an extension of time to answer, respond or otherwise plead. The Court having considered the motion and Plaintiff's response is of the opinion that the putative FLSA class members should be held harmless from any extension. Accordingly, it is,

ORDERED that Defendants shall have 15 additional days to file an answer, respond or otherwise plead to the complaint and, it is further

ORDERED that the statute of limitations for the FLSA claims of the putative class members shall be tolled for an equal number of days.

Done this _____ day of April, 2006.

                                                         UNITED STATES DISTRICT JUDGE SLEET

CERTIFICATE OF SERVICE

I, Vivian L. Rapposelli, Esquire, hereby certify that on April 12, 2006, I caused two copies of the foregoing PLAINTIFFS' RESPONSE TO MOTION FOR EXTENSION OF TIME TO ANSWER and ORDER to be served by first class U.S. Mail, postage pre-paid, on counsel for the parties at the following address:

        Sarah E. Bouchard, Esquire
        Morgan Lewis
        1701 Market Street
        Philadelphia, PA 19103

        RAPPOSELLI, CASTRO & GONZALES

        _____
        Vivian L. Rapposelli, Esquire (#3204)
        Edward Tuddenham, Esquire, of Counsel
        916 North Union Street, Suite 2
        Wilmington, Delaware 19805
        (302) 652-8711
        Attorneys for Plaintiff

Dated: April 12, 2006