IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAMON VILLANUEVA-BAZALDUA individually and on behalf of other similarly situated, | ) ) ) ) | Civil Action No. 06-185 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TRUGREEN LIMITED PARTNERS[1] and TRUGREEN, INC.[2] d/b/a TRUGREEN CHEMLAWN,[3] | ) ) ) ) | |
| Defendants. | ) ) | |

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendants TruGreen Limited Partnership, d/b/a TruGreen Chemlawn, as well Defendant TruGreen, Inc. (hereinafter referred to collectively as "TruGreen") answer the Complaint filed in the above-captioned action by Plaintiff Ramon Villanueva-Bazaldua ("Plaintiff"). Each paragraph in this Answer responds to the corresponding paragraph in the Complaint.

1. TruGreen admits that Plaintiff has brought this action pursuant to the Fair Labor Standards Act ("FLSA"), that Plaintiff asserts the common law causes of action set forth in Paragraph 1, and that Plaintiff seeks to pursue claims on behalf of other individuals. TruGreen denies the remainder of this Paragraph and specifically denies that Plaintiff and any other individuals presently or formerly employed by TruGreen Limited Partnership are or were similarly situated, and specifically denies that this matter is appropriate for class or collective treatment.

---

[1] The correct legal name is TruGreen Limited Partnership.

[2] TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this acton.

[3] TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

2. The allegations in Paragraph 2 constitute legal conclusions to which no responsive pleading is required.

3. The allegations in Paragraph 3 constitute legal conclusions to which no responsive pleading is required.

4. The allegations in Paragraph 4 constitute legal conclusions to which no responsive pleading is required.

5. The allegations in Paragraph 5 constitute legal conclusions to which no responsive pleading is required. To the extent the Court requires a response, TruGreen admits that Plaintiff worked within the district in 2004 and that TruGreen conducts business within the district; the remaining allegations are denied.

6. TruGreen admits that business records indicate that Plaintiff's last known residence was in the Republic of Mexico. TruGreen denies the remaining allegations in Paragraph 6.

7. Denied as stated. The correct legal name is TruGreen Limited Partnership.

8. Denied as stated. The correct legal name is TruGreen Limited Partnership.

9. TruGreen admits that Plaintiff seeks to pursue FLSA claims on behalf of other individuals. TruGreen denies the remainder of this Paragraph and specifically denies that Plaintiff and any other individuals present or formerly employed by TruGreen Limited Partnership are or were similarly situated for the purposes of the claims asserted in the Complaint.

10. TruGreen admits that Plaintiff seeks to pursue claims on behalf of other individuals. TruGreen denies the remainder of this Paragraph and specifically denies that this action is appropriate for class or collective treatment.

11. TruGreen admits that TruGreen Limited Partnership provides lawn and landscaping care services to customers in, among other places, Delaware, Pennsylvania, and New Jersey. The remaining allegations in Paragraph 11 constitute legal conclusions to which no responsive pleading is required.

12. TruGreen admits that since at least 2003, TruGreen Limited Partnership has submitted petitions to the Bureau of Citizenship and Immigration Services to employ non-immigrant temporary non-agricultural workers on a lawful and temporary basis pursuant to the federal government's H-2B visa program. TruGreen denies the remaining allegations in Paragraph 12.

13. TruGreen admits that since at least 2003, TruGreen Limited Partnership submitted Form ETA 750 and Form I-129 petitions for non-immigrant workers to the Bureau of Citizenship and Immigration Services to employ non-immigrant temporary non-agricultural workers on a lawful and temporary basis. TruGreen denies the remaining allegations in Paragraph 13.

14. TruGreen admits that TruGreen Limited Partnership filed forms ETA 750 and I-129 on Plaintiff's behalf for employment for the period March 1, 2004, through November 30, 2004; the contents of those documents speak for themselves. To the extent that TruGreen Limited Partnership filed forms ETA 750 and I-129 for other individuals, the contents of those documents similarly speak for themselves.

15. TruGreen admits that TruGreen Limited Partnership[ filed ETA 750 and forms I-129 in 2003, 2005 and 2006 pursuant to the H-2B Visa program; the contents of those documents speak for themselves.

16.     TruGreen admits that TruGreen Limited Partnership lawfully petitioned for the employment of foreign nationals from Mexico as temporary non-immigrant non-agricultural workers; the remaining allegations are denied.

17.     TruGreen admits that TruGreen Limited Partnership utilized the services of LLS International for the purpose of recruiting and moving Plaintiff into the United States as an H-2B temporary non-immigrant non-agricultural worker; the remaining allegations are denied.

18.     TruGreen lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to what unidentified Mexican H-2B workers were "promised in Mexico" by unidentified individuals.  TruGreen denies the remaining allegations in Paragraph 18.

19.     TruGreen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, those allegations are denied.

20.     TruGreen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, those allegations are denied.

21.     TruGreen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 regarding Plaintiff's return transportation to Mexico and, therefore, those allegations are denied.  TruGreen further lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 regarding each individual foreign national employed as an H-2B worker and, therefore, those allegations are denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26. Denied.

27. Denied.

28. Denied.

29. TruGreen admits that Plaintiff was paid a salary of $450 per week and that his regular and overtime rates of pay were calculated according to a fluctuating workweek in accordance with the FLSA and all applicable regulations. The remaining allegations in Paragraph 29 are denied.[4]

30. TruGreen admits that TruGreen Limited Partnership employs and has employed foreign nationals as temporary non-immigrant non-agricultural workers and calculates and has calculated the regular and overtime rates of pay in accordance with the FLSA and all applicable regulations. The remaining allegations in Paragraph 30 are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

TruGreen denies all allegations in Plaintiff's Prayer for Relief (including all subparts) denies that it is liable to Plaintiff for any reason or in any way, denies that Plaintiff and any current or former employee of TruGreen are or were similarly situated, denies that this action is appropriate for class or collective treatment, and denies all allegations not specifically admitted above.

---

[4] TruGreen takes issue with Plaintiff's reference to "Chinese overtime," as the term denigrates those of Chinese origin.

## FIRST DEFENSE

Plaintiff was at all times compensated in accordance with the FLSA and all applicable regulations.

## SECOND DEFENSE

Plaintiff is not similarly situated with other current or former employees of TruGreen Limited Partnership who were or are employed pursuant to an H-2B visa and, therefore, is not entitled to proceed with this case as a class or collective action under 29 U.S.C. § 216(b) of the FLSA or Rule 23 of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

TruGreen at all times acted in good faith and had reasonable grounds for believing that its alleged acts and omissions were not a violation of the law, including the FLSA, and, therefore, no liquidated damages can be awarded because its actions or omissions were not a willful violation of the FLSA or any other law.

## FOURTH DEFENSE

Plaintiff was, at all times, an at-will employee and did not have a contract of employment with TruGreen.

## FIFTH DEFENSE

Plaintiff's reliance on any purported promise was unreasonable.

## SIXTH DEFENSE

TruGreen, Inc. is not a proper party to this action.

WHEREFORE, Defendants TruGreen Limited Partnership d/b/a TruGreen Chemlawn, as well as Defendant TruGreen, Inc., respectfully request that this Court strike the class and

collective action allegations from Plaintiff's Complaint, dismiss Plaintiff's claims with prejudice, enter judgment in Defendants' favor on all claims asserted by Plaintiff, and award Defendants attorneys' fees and costs and such other relief as the Court deems just and proper.

Respectfully submitted,

    /s/ Michael P. Kelly
Michael P. Kelly (DE Bar ID No. 2295)
McCarter & English
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801
(302) 984-6301

*Pro Hac Application in process for:*
Michael L. Banks (Pa. I.D. #35052)
Sarah E. Bouchard (Pa. I.D. #77088)
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5387/5077

OF COUNSEL:
MORGAN, LEWIS & BOCKIUS LLP

Dated: April 19, 2006

Attorneys for Defendants

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ramon Villanueva-Bazaldua

**DEFENDANTS**
TruGreen Limited Partners, et al.

(b) County of Residence of First Listed Plaintiff: Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Rappoulli, Castro + Gonzales
916 N. Union St., Suite 2, Wilmington DE 19805

Attorneys (If Known)
McCarter + English, LLP
919 N Market St, 18th Fl, Wilmington, DE 19801

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: FLSA; breach of contract; fraud; violation of covenant of good faith, fair dealing

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 4/19/06
SIGNATURE OF ATTORNEY OF RECORD: Paul A. [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAMON VILLANUEVA-BAZALDUA individually and on behalf of other similarly situated, | ) ) ) ) | Civil Action No. 06-185 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TRUGREEN LIMITED PARTNERS[1] and TRUGREEN, INC.[2] d/b/a TRUGREEN CHEMLAWN,[3] | ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

Michael P. Kelly hereby certifies that on this 19th day of April, 2006, a copy of the Defendants' Answer and Affirmative Defenses was served electronically on the following:

Vivian L. Rapposelli
916 North Union Street, Suite 2
Wilmington, DE 19805

      /s/ Michael P. Kelly
Michael P. Kelly (DE Bar ID 2295)
McCarter & English, LLP
919 N. Market Street, 18th Floor
Wilmington, DE 19801
(302) 984-6301

---

[1] The correct legal name is TruGreen Limited Partnership.

[2] TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this acton.

[3] TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

ME1\5609669.1