IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRUGREEN LIMITED PARTNERS, AND TRUGREEN, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 06-185 (GMS) ) ) ) ) ) ) |

## **ORDER**

On March 17, 2006, the plaintiff filed the above-captioned action pursuant to the Fair Labor Standards Act ("FLSA"), which provides in relevant part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated*. No employee shall be a party plaintiff to any such action *unless he gives his consent* in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. § 216(b) (1998) (emphasis added). As the emphasized portions of § 216(b) reveal, the FLSA permits the plaintiff to file his suit as an opt-in class action. An FLSA plaintiff has two years from the date his cause of action accrues (three years from the accrual date for a willful violation) to file suit under § 216(b). 29 U.S.C.A. § 255(a) (1998). However, because the FLSA authorizes an opt-in class (rather than an opt-out class) the statute of limitations continues to run after a class action is filed for those potential plaintiffs who have not either opted in, or filed their own suits. *See* 29 U.S.C.A. § 256 (1998).

In this case, although the defendants' answer to the plaintiff's complaint was due by

April 10, 2006, counsel was not retained until April 6. Given the limited amount of time between these dates, counsel for the defendants' promptly sought a fifteen-day extension of the April 10 deadline. Counsel for plaintiff indicated that they would oppose the extension unless the defendants agreed to an equivalent fifteen-day tolling of the statute of limitations for potential plaintiffs who may choose to opt in later in the litigation. The defendants would not agree to the plaintiff's proposed condition, and thus filed the present motion for an extension of time. On April 19, with the motion still outstanding, the defendants filed their answer with the court. While the court does not countenance the defendants' delay in retaining counsel, the resultant harm cited by the plaintiff – that the delay may cause the statute of limitations to expire for some plaintiffs before they have an opportunity to opt in – has not yet come to pass. Nevertheless, if at some later date it becomes clear that the defendants' actions prevented a potential plaintiff from timely opting in or otherwise pursuing a claim, the court will consider exercising its "equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants" by re-opening the opt-in period for that plaintiff. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 313 (3d Cir. 2003). For now, however, the litigation will proceed as normal.

IT IS HEREBY ORDERED THAT:

    The defendants' motion for an extension (D.I. 5) be GRANTED.

Dated: April 24, 2006                      /s/ Gregory M. Sleet
                                                   UNITED STATES DISTRICT JUDGE