IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUGREEN LIMITED PARTNERS[1] and, TRUGREEN, INC.[2], d/b/a TRUGREEN CHEMLAWN[3],<br><br>Defendant. | Civil Action No.: 06-185 |

**DEFENDANT'S MOTION FOR EXPEDITED LIMITED DISCOVERY DIRECTED TO PLAINTIFF AND RELATED BRIEFING SCHEDULE**

Defendants TruGreen Limited Partnership, d/b/a TruGreen Chemlawn, as well as TruGreen, Inc. (hereinafter "TruGreen") hereby move for expedited discovery directed to the named Plaintiff and limited to the sole issue of whether Plaintiff meets the requirement of 29 U.S.C. § 216(b) that he be "similarly situated" to the putative class members, and a related briefing schedule. In support thereof, TruGreen states as follows:

1. In 2004, Plaintiff worked for TruGreen on an H-2B Visa. Plaintiff's Complaint alleges that, prior to accepting employment in 2004, TruGreen made promises to him about wages and other perquisites, and that he relied on these alleged promises to his detriment. See Complaint ¶¶ 17, 34-36. Plaintiff also alleges that TruGreen violated the Fair Labor Standards Act ("FLSA") by paying him a salary plus overtime, and by failing to account for alleged

---

[1]  The correct legal name is TruGreen Limited Partnership.

[2]  TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this action.

[3]  TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

expenses incurred during the first and last workweeks of employment with TruGreen. See Complaint ¶¶ 23-26, 29. On his FLSA claims, Plaintiff seeks to represent a class of "all H-2B workers employed by Defendant TruGreen Limited Partners[hip] at any time between 2003 and 2006." Complaint ¶ 9.

2. On or about April 25, 2006, counsel for Plaintiff, Edward Tuddenham, informed counsel for TruGreen, Sarah Bouchard, that he intended to file a motion seeking Court-authorized notice of the action to putative class members so that such individuals could "opt in" to the action pursuant to 29 U.S.C. § 216(b).

3. In that conversation, Ms. Bouchard requested an opportunity to take limited discovery prior to the filing of that Motion. Specifically, TruGreen sought to depose the named Plaintiff and serve targeted written discovery requests to determine if the named Plaintiff is, in fact, similarly situated to the putative class members (as required to maintain a collective action). See 29 U.S.C. § 216(b) (noting that FLSA collective action claimants must be "similarly situated" and must consent to take part in the suit).

4. Mr. Tuddenham rejected Ms. Bouchard's request for limited discovery, and therefore, TruGreen seeks reasonable relief from this Court. TruGreen's request is aimed solely at the efficient management of this case, is entirely consistent with the case management of other putative collective actions across the country, and is not intended to delay this action or work to the detriment of Plaintiff or any putative class member.

5. Put simply, if the named Plaintiff is not similarly situated to the other proposed class members, neither the Court nor the parties need to incur any further expense or expend any additional resources pursuing the collective action allegations. See also Whitworth v. Chiles Offshore Corp., No. Civ. A. 92-1504, 1992 WL 235907, at *1 (E.D. La. Sept. 2, 1992) (holding

that a collective action cannot be maintained if "the action arises from circumstances purely personal to the plaintiff"). To that end, TruGreen seeks to depose the named Plaintiff and serve targeted written discovery within a short period of time to determine whether he is, in fact, similarly situated to the putative class members.

6.      TruGreen's request for limited discovery is entirely consistent with the nature of FLSA collective actions and the practice of numerous courts, including courts in this circuit, which require *some* fact discovery regarding whether the putative class members are similarly situated. As the court noted in Smith v. Sovereign Bancorp, Inc., No. Civ. A. 03-2420, 2003 WL 22701017 (E.D. Pa. Nov. 13, 2003), to permit notice with less than a "basic factual showing" that the putative class members (including the named plaintiff) are similarly situated is "at best, an inefficient and overbroad application of the opt-in system, and at worst, it places a substantial and expensive burden on a defendant to provide names and addresses of thousands of employees who would clearly be established as outside the class." Id. at *2. Applying that sound reasoning, the court in Sovereign Bancorp denied without prejudice the plaintiffs' motion to approve an opt-in claim notice to be sent to all putative class members and permitted the plaintiffs to re-file the motion "when and if" the discovery process justified such action. Id. at *3.[4]

---

[4]     Cf. Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D. 303, 304 (D. Colo. 1998) (noting that "some discovery is necessary prior to a determination of class certification" in an FLSA collective action); Krueger v. N.Y. Tel. Co., 163 F.R.D. 446, 449-51 (S.D.N.Y. 1995) (prior to any decision regarding whether the case can proceed as a collective action, holding that defendant was entitled to take the depositions of 33 plaintiffs who already had filed notices of consent with the court and could serve interrogatories on all 162 plaintiffs who already had opted-in to the action); Tucker v. Labor Leasing, Inc., 155 F.R.D. 687 (M.D. Fla. 1994) (permitting discovery to enable the plaintiff to show that the putative class was similarly situated sufficient to justify notice); Campbell v. Amana Co., L.P., No. C99-75 MJM, 2001 WL 34152094, at *3 (N.D. Iowa Jan. 4, 2001) (plaintiffs reserved filing motion for conditional class certification and judicial notice until after the named plaintiffs were

ME1\5624376.1

7.  Stated another way, as the district court recognized in Freeman v. Wal-Mart Stores, Inc., 256 F. Supp. 941 (W.D. Ark. 2003), it is a waste of a court's time to "notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." Freeman, 256 F. Supp. at 945-46 (permitting pre-notice discovery). See also Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 267 (D. Minn. 1991) (noting that the district court has a "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation" and must ensure that "there is some factual basis for plaintiffs' claims" before sending notice). As such, TruGreen's instant motion is simply an effort to preserve judicial resources (as well as the resources of the parties) and to avoid the "stirring up" of unwarranted collective action litigation when such treatment is inappropriate.

8.  Not only is TruGreen's request for limited discovery entirely consistent with the nature and practice of other putative FLSA collective actions, but also it is not sought to delay this action or for any unreasonable or improper purpose that would harm any putative class member's rights. TruGreen anticipates that Plaintiff will oppose this motion on the grounds that such discovery might impact the statute of limitations for members who have not yet opted into the action.[5] However, such an argument is entirely misplaced. Courts repeatedly have

---

deposed and other discovery occurred); and Thiebes v. Wal-Mart Stores, Inc., 1999 WL 1081357, at *3 (D. Or. Dec. 1, 1999) (noting that "far too little discovery has been taken" at the time of the certification request for the court to determine whether in fact the proposed class was similarly situated to the named plaintiffs).

[5] Consistent with to the FLSA's opt-in procedure, the statute of limitations period is not tolled for any class member until he or she actually files consent with the court. See Redman v. U.S. West Bus. Resources, Inc., 153 F.3d 691, 695 (8th Cir. 1998) (noting that the statute of limitations is not tolled for any class member until he or she files consent with the court); Grayson v. K Mart Corp., 79 F.3d 1086, 1105 (11th Cir. 1996) (same); Perella v. Colonial Transit, Inc., 148 F.R.D. 147, 148 (W.D. Pa. 1991) ("The statutory language [of the FLSA] makes clear that the filing of the consent may come after the filing of the complaint, but that a claim is not asserted, for purposes of the statute of limitations, until both the complaint and the claimant's individual written consent are filed."), aff'd, 977 F.2d 569 (3d Cir. 1992).

ME1\5624376.1

permitted discovery before conditionally certifying a collective action and authorizing notice without any consideration to the tolling the statute of limitations. See cases cited in note 1, supra. Indeed, in deAscenio v. Tyson Foods, Inc., No. Civ. A. 00-CV-4294, 2002 WL 1805534 (E.D. Pa. Aug. 6, 2002), the court specifically refused to toll the statute of limitations for class members even though the motion for notice was filed in October 4, 2000, and the notices of the action were not actually sent until March 15, 2001 – a gap of more than five months. During that time, the court considered the defendant's opposition to the request for notice (filed within a month of the plaintiffs' request) and granted at least two extensions of time within which the defendant-employer was to provide information applicable to the notices. Ultimately, the court concluded on March 8, 2001 – almost exactly five months after the request for notice was filed – that the employer could send the notices to putative class members, but still did not toll the statute of limitations, and the employer finally sent the notices on March 15, 2001. Id. at *2-3. However, because the plaintiffs could not show improper conduct by the defendant-employer, the court had no reason to toll the applicable statute of limitations. Id. Similarly here, there is no improper conduct or motive by TruGreen, and there is no reason to toll the statute of limitations while it conducts the limited and reasonable discovery requested.

9. In short, TruGreen's request is neither unreasonable nor unprecedented. TruGreen simply is asking for this Court to exercise the broad discretion it has to manage this matter efficiently. See Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 169 (1989) (noting that trial courts have discretion to "facilitat[e] notice to potential plaintiffs" and recommending that, in order to do so, that courts use their "requisite procedural authority to manage [that process]" and "ascertain the contours of the [Section 216] action at the outset"). The language of the FLSA necessitates that the named Plaintiff be similarly situated to the putative class members. If

he is not, this action cannot proceed as a collective action. Only by permitting limited and expedited discovery of the named Plaintiff can the Court make this requisite analysis.

10.  Accordingly, Defendant respectfully requests a period of forty-five (45) days from the date of any Order on this Motion within which to conduct discovery targeted to the named Plaintiff (including the taking of his deposition). Thereafter, the parties can file the appropriate moving papers regarding the propriety of proceeding as a collective action as set forth in the proposed Briefing Schedule attached hereto.

WHEREFORE, TruGreen requests an Order in the form attached hereto, which would provide a reasonable amount of time (forty-five days) within which to conduct discovery relating to the named Plaintiff and to consider any motion for notice and TruGreen's opposition thereto.

Respectfully submitted,

/s/Michael P. Kelly
Michael P. Kelly (de Bar ID #2295)
McCarter & English
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801
(302) 984-6301

*Admitted Pro Hac*
Michael L. Banks (Pa. I.D. #35052)
Sarah E. Bouchard (Pa. I.D. #77088)
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5387/5077

OF COUNSEL:
MORGAN, LEWIS & BOCKIUS, LLP

Dated: April 28, 2006                          Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TRUGREEN LIMITED PARTNERS[1] and, TRUGREEN, INC.[2], d/b/a TRUGREEN CHEMLAWN[3],<br><br>    Defendant. | )<br>)<br>)<br>)  Civil Action No.:  06-185<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER & BRIEFING SCHEDULE

AND NOW, this _____ day of _____, 2006, upon consideration of Defendants' Motion for Expedited Discovery and Related Briefing Schedule, and all responses thereto, IT IS HEREBY ORDERED that Defendant's Motion is GRANTED, and the following briefing schedule is hereby set as follows:

    Defendant shall take discovery of named Plaintiff, including Plaintiff's deposition and written discovery, which shall be completed on or before _____ (45 days from the date of this Order);

    Plaintiff shall file any Motion for Notice to Opt-In Plaintiffs on or before _____ (15 days from the date immediately above); and

    Defendants shall file any Opposition to Plaintiff's Motion for Notice to Opt-In Plaintiffs on or before _____ (30 days from the date immediately above).

_____<br>United States District Judge

---

[1]    The correct legal name is TruGreen Limited Partnership.

[2]    TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this action.

[3]    TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

## CERTIFICATE OF SERVICE

I, Michael P. Kelly, hereby certify that a true and correct copy of Defendants' Motion for Expedited Discovery and Related Briefing Schedule was served via e-file on this 28th day of April, 2006, upon the following:

> Vivian L. Rapposelli, Esquire (#3204)
> Rapposelli, Castro & Gonzeles
> Edward Tuddenham, Esquire (of counsel)
> 916 North Union Street, Suite 2
> Wilmington, DE 19805

/s/ Michael P. Kelly
Michael P. Kelly

ME1\5624376.1