IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, ) <br> individually and on behalf of others similarly, ) <br> situated, ) <br>          Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUGREEN LIMITED PARTNERS and, ) <br> TRUGREEN, INC. d/b/a TRUGREEN ) <br> CHEMLAWN ) <br> ) <br>          Defendant. ) | C.A.: 06-185-GMS <br><br> **CLASS ACTION** |

## PLAINTIFF'S BRIEF IN SUPPORT OF
## EXPEDITED MOTION TO CONDITIONALLY CERTIFY AN
## FLSA COLLECTIVE ACTION

Now comes Plaintiff Ramon Villanueva, and files this memorandum in support of his motion to conditionally certify this action as a Fair Labor Standards Act (FLSA) collective action and to authorize Plaintiff to issue notice to the class. Plaintiff's proposed FLSA class is defined as:

> All persons who received H-2B visas to work for TruGreen Limited Partnership during 2003, 2004, 2005 or 2006.

### I. STATEMENT OF THE CASE

Plaintiff Ramon Villanueva-Bazaldua is a Mexican National who, along with other foreign workers, was employed as a landscape laborer by Defendant TruGreen Limited Partners d/b/a TruGreen Chemlawn (hereafter referred to as "TruGreen"). Each year since at least 2003, Defendants obtained permission to import these foreign workers on a temporary basis pursuant to

the federal government's H-2B visa program (codified at 8 U.S.C. § 1101(a)(15)(H)(ii)(b)).[1] Plaintiff alleges four causes of action: (1) violation of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA); (2) breach of contract; (3) fraud; and (4) breach of the covenant of good faith and fair dealing. The FLSA claim is brought as a 29 U.S.C. §216(b) collective action on behalf of all similarly situated H-2B workers employed by TruGreen between 2003 and the present. The other claims are brought as Rule 23(b)(3) class actions on behalf a similarly defined class.

The instant motion seeks conditional certification of Plaintiff's FLSA claim as a collective action and authorization to notify the class members of their right to opt-into the action.[2] The FLSA claim at issue asserts that TruGreen, as a matter of uniform policy or practice, required its foreign H-2B workers to bear the costs associated with obtaining visas and getting to the United States to accept work with TruGreen. These costs included, *inter alia,* visa fees paid to the U.S. consulate, visa processing fees paid to Defendants' agents, and transportation costs getting from Mexico to the United States. Plaintiff alleges that these costs were for the primary benefit of Defendants and, as a result, operated as *de facto* wage deductions which brought the wages of Plaintiff and other H-2B workers below the mandated FLSA level.

---

[1] For a general description of the H-2B program, see the Department of Labor's web site at: http://www.workforcesecurity.doleta.gov/foreign/h-2b.asp (A-33) *See also Daylily Farms, Inc. V Chao,* 357 F.Supp.2d 356, 357-358 (D.Mass 2005) (describing operation of H-2B program).

[2] Plaintiff is filing the instant motion at this early stage of the proceedings because the statute of limitations continues to run on the class members' FLSA claims until they receive notice and opt-into the action. There is no statute of limitations problem with respect to the Rule 23 claims as the filing of the action tolls limitations for those claims. Accordingly, Plaintiff will move for certification of the Rule 23 claims at a later date.

2

*See Arriaga v. Florida Pacific Farms, LLC,* 305 F.3d 1228 (11th Cir. 2002) (discussing a claim identical to the claim in the instant case and holding visa and transportation costs incurred by foreign visa workers are *de facto* wage deductions from the workers' first week's wages for purposes of the FLSA). Plaintiff also alleges that Defendants' policy of requiring H-2B workers to pay their own return transportation to Mexico resulted in FLSA violations during the last work week. Because all of Defendants' H-2B workers are similarly situated with respect to Defendants' practice of requiring workers to bear these visa- and travel- related costs, and all present the same claim that the FLSA requires reimbursement of those costs up to the mandated FLSA wage level, conditional certification of an FLSA collective action is appropriate.

## II. LEGAL STANDARDS GOVERNING FLSA COLLECTIVE ACTIONS

### A. Procedure for Certification

Section 16(b) of the FLSA provides that a person may maintain an action on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought." 29 U.S.C. §216(b). Thus there are only two requirements to proceed as a collective action: (1) all plaintiffs must be "similarly situated;" and (2) a plaintiff must consent in writing to take part in the suit. This latter requirement means that a collective action follows an "opt-in" rather than an "opt-out procedure. *See De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 306 (3rd Cir. 2003); *Bosley v. Chubb Corp.,* 2005 WL 1334565 at * 2 (E.D. Pa. 2005) The ususal Rule 23 class action requirements do not apply to FLSA

3

collective actions. *Goldman v. Radioshack, Corp.*, 2003 WL 21250571 at *5-6 (E.D. Pa. 2003). When employees are shown to be similarly situated, the district court has the discretion to implement the collective action procedure by authorizing notice to potential plaintiffs. *See Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 172 (1989). Such notice should be "timely, accurate, and informative." *Id.*

Court's in the Third Circuit have long followed a two-stage procedure for determining whether a case should proceed as an FLSA representative action. *See, e.g., Bosley,* 2005 WL 1334565 at *2; *Trotter v. Perdue Farms, Inc* 2001 WL 1002448 (D. Del. 2001); *Smith v Sovereign Bancorp Inc.*, 2003 WL 22701017 at * 2 (E.D. Pa. 2001) *aff'd.* 342 F.3d 301 (3rd Cir. 2003); *Lusardi v. Xerox Corp*, 118 F.R.D. 351 (D.N.J. 1987). The first step *conditionally* certifies the action as a collective action for purposes of issuing notice and conducting discovery. This initial certification must be made early in the litigation because, unlike a Rule 23 class action, the statute of limitations continues to run against the class members until a class member affirmative files his consent to sue. *See Hoffman v. Sbarro Inc*, 982 F.Supp. 249, 260 (S.D.N.Y. 1997). Because of the need to act quickly, the initial certification is typically made based on the Plaintiffs pleadings, or on a "modest factual showing" that workers are similarly situated. *Compare Felix de Ascencio,* 130 F.Supp.2d at 663 (substantial allegations in complaint are sufficient to warrant conditional certification) *with Smith,* 2003 WL 22701017 at *3 (requiring "a basic factual showing that the proposed recipients of the opt-in notice are similarly situated to the named plaintiffs"). Whether based on the pleadings or a "modest factual showing," courts utilize a "comparatively liberal standard" for determining whether workers are similarly situated

4

for purposes of issuing notice during the first stage. *Bosely*, 2005 WL 1334565 at * 2; *Goldman*, 2003 WL 21250571 at *6; *Mueller v. CBS, Inc.*, 201 F.R.D. 425, 428 (W.D. Pa. 2001).

The second stage is typically precipitated by a motion for "decertification" by the defendant after discovery is complete. *Goldman*, 2003 WL 21250571 at *6. If the defendant establishes that the claimants who responded to the opt-in notice are not, in fact, similarly situated, the district court decertifies the action and severs or dismisses without prejudice the claims of the opt-in plaintiffs. If the court finds the opt-in plaintiffs to be similarly situated, the case proceeds to trial as a collective action. *See, e.g., Moss v. Crawford*, 201 F.R.D. 398, 400, 409-410 (W.D. Pa. 2000) (denying second-stage decertification motion and discussing standards applicable to such motions).

### B. The Similarly Situated Standard

Although the FLSA does not define the term "similarly situated" courts have generally agreed that plaintiffs must allege that the putative class members were injured as a result of a policy or practice of the employer that affected all class members in a similar fashion. *See Goldman*, 2003 WL 21250571 at * 6 (issue is whether "the members of the putative class were together the victims of a single decision, policy, or plan."); *Bosely*, 2005 WL 1334565 at * 3 (same); *Felix de Asencio*, 130 F.Supp2d at 663 (same); *Mueller*, 201 F.R.D. at 428 (same).

## III. CONDITIONAL CERTIFICATION IS APPROPRIATE IN THIS CASE

### A. Plaintiff and the Class are Similarly Situated

Plaintiffs clearly meet the similarly situated standard set forth above. Plaintiff's

5

complaint alleges that TruGreen imported H-2B workers in each of the years covered by the proposed class – i.e. 2003-2006, *Complaint* ¶ 12, (D.I. 1)[3]; that all members of the class had to pay various fees and expenses in order to obtain their H-2B visas and travel to TruGeen's place of work, *Complaint* ¶¶ 19, 20 (D.I. 1); and that TruGreen's uniform practice of not reimbursing H-2B workers for these expenses resulted in violations of the minimum wage and overtime provisions of the FLSA. *Complaint* ¶¶ 23-26 (D.I. 1). Plaintiff's statement of facts and the evidence attached to the statement in Plaintiff's appendix supports these allegations with far more than the "modest factual showing" necessary for conditional certification. *See* A 4-39. Taken together, Plaintiff's pleading and evidence demonstrate that the narrow FLSA issue presented by this case – whether the visa, processing, and travel costs incurred by H-2B workers in order to accept work with TruGreen should be treated as *de facto* wage deductions for purposes of determining TruGreen's minimum wage and overtime obligations– is the same for all members of the class. Accordingly conditional certification of a collective action is appropriate.

Section 216(b) collective actions are designed (1) to lower costs to the plaintiffs through the pooling of resources; and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity. *Hoffman-La Roche*, 493 U.S. at 170.; *Moss*, 201 F.RD at 410. Both of these purposes would be served by treating the FLSA claim in this case as a collective action. To require each of TruGreen's H-2B workers to file a separate lawsuit to vindicate his or her right to be reimbursed for visa,

---

[3] References to documents in the record are indicated by their docket number and abbreviated "D.I. ___". References to the page number of documents in Plaintiff's Appendix are abbreviated "A-___"

6

transportation and processing expenses would be a gross waste of time and resources.

Courts confronted with FLSA claims for reimbursement of visa, transportation and processing expenses have uniformly certified them as collective actions. For example, in *Rivera v Brickman Group Ltd*, C.A. No. 05-1518 (E.D. Pa. Dec. 21, 2005), H-2B workers employed throughout the country by Brickman Group, one of TruGreen's landscaping competitors, alleged that Brickman violated the FLSA by requiring workers to bear the costs of visas, recruitment and transportation. The Court in the Eastern District of Pennsylvania certified that claim as an FLSA collective action on behalf of all H-2B workers employed during 2003, 2004, and 2005. *See Rivera,* (Magistrate's Report and Recommendation dated Nov. 14, 2005) (A-89) *approved by* Order dated Dec. 22, 2005 (A-102). *See also, De Luna-Guerrero v. North Carolina Growers Association*, 338 F.Supp.2d 649, 653-655 (E.D. N.C. 2004) (certifying FLSA collective action on behalf of 9,000 Mexican workers who alleged that members of the North Carolina Growers Association violated the FLSA by failing to reimburse pre-employment visa and transportation costs incurred during the 2000, 2001 and 2002 seasons); *Salinas-Rodriguez v. Alpha Services, LLC*, 2005 WL 3557178 (S.D. Miss. 2005) (conditionally certifying and issuing notice to class of H-2B forestry workers who alleged, *inter alia,* that the defendants failure to reimburse visa and travel costs violated the FLSA); *Recinos-Recinos v Express Forestry*, 233 F.R.D. 472, 475-477 (E.D. La. 2006) (certifying FLSA claims on behalf of H-2B forestry workers including claims for visa, transportation and recruitment fees).

The fact that members of the class may have had somewhat different job duties, or may have worked for TruGreen in different states is irrelevant as those differences have no bearing on the

7

question of whether the FLSA requires visa and transportation costs to be reimbursed. *Crawford*, 201 F.R.D. at 410 (variations in job duties, locations, billing rates, and method of pay does not defeat collective action where all class members present the same claim); *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (same).

### B. 2003, 2004, 2005 and 2006 Workers Are Properly Included in the Class

While the named plaintiff, Ramon Villanueva, worked for TruGreen in 2004, Plaintiff has made a preliminary showing that all H-2B landscape workers employed by Defendant in 2003, 2004, 2005 and 2006 were subject to Defendants' practice of allowing H-2B workers to bear their own visa, transportation and processing expenses. Thus the FLSA claims of workers in 2003, 2005, and 2006 are identical to the claims of the named Plaintiff and are properly included in the collective action. This is especially true in light of the fact that all workers who wish to participate in this action must individually opt-in. Unlike a Rule 23 class action, there is no question whether the named plaintiff will adequately represent the class members; they must join the action and represent themselves. Given this fact, courts routinely include all workers with live claims in the collective action (at least for purposes of issuing notice), even if they worked at different time periods from the named Plaintiff. *See, e.g., Rivera v. Brickman*, CA. No. 05-1518 at 8 (E.D. Pa. Report and Recommendation Nov. 10, 2005) (A-89) *approved by* Order of Dec. 22, 2005 (A-102) (approving inclusion of 2005 H-2B landscape workers in class over defendant's objection that named plaintiffs only worked in 2004); *Goldman*, 2003 WL 21250571 (E.D. Pa. 2003) (certifying in 2003 class of employees who worked on or after December 11, 1999 to be represented by plaintiff who worked from 1985 to September 2001); *Brown v. Money*

*Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004) (certifying FLSA class of all workers employed during the three years preceding the filing of the complaint even though the named plaintiff only worked for about seven weeks). *See also De Asencio*, 342 F.3d at 313 (ordering notice to be sent to workers hired *after* the initial class notice was issued).

## IV. INFORMATION TO BE PROVIDED BY DEFENDANTS TO FACILITATE NOTICE

Plaintiff asks the Court to order Defendants to provide Plaintiff with all addresses (U.S. and Mexican), all telephone numbers (U.S., Mexican, and cellphone)[4], and social security numbers of the class members in order to assist with the issuance of the notice. Telephone numbers and social security numbers can assist with locating workers whose addresses are no longer valid and are routinely ordered produced in FLSA collective actions, including the H-2B landscaper claim currently being litigated in the Eastern District of Pennsylvania. *See, Rivera v. Brickman*, CA 05-1518 LP (E.D. Pa. Order 3.13.06) (ordering production of class member telephone numbers to assist with distribution of notice) (A-106). *See also Recinos-Recinos v. Express Forestry, Inc.*, 233 F.R.D. 472, 482 (E.D. La. 2006)(ordering production of telephone numbers of potential class members); *Blake v Colonial Savings*, 2004 WL 1925535 at *2 (S.D. Tex. 2004) (ordering production of telephone numbers and social security numbers); *Patton v. Thomson Corp.*, 364 F.Supp.2d 263, 268 (E.D. N.Y. 2005) (telephone numbers and social security numbers); *Dietrich v. Liberty Square, LLC*, 230 F.R.D. 574, 580-581 (N.D. Iowa 2005) (telephone numbers); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 395 (W.D. N.Y. 2005) (same);

---

[4] As set forth in the Affidavit of Edward Tuddenham ¶7, A-26, recruiters such as LLS International S de CV de RL, typically obtain alternate telephone numbers for workers.

*Geer v. Challenge Finance Investors Corp*, 2005 WL 2648054 at *5 (D. Kan. 2005) (same); *Bell v. Mynt Entertainment, LLC*, 223 F.R.D. 680, 683 (S.D. Fla. 2004) (same); *De La Rosa Ortiz v. Rain King, Inc.*, 2003 WL 23741409 at * 1 (S.D. Tex. 2003); *Bailey v. Ameriquest Mortgage Co.*, 2002 WL 100388 (D. Minn. 2002) (same). Plaintiff's counsel will bear the cost of mailing the notices.

## V. PLAINTIFF'S PROPOSED NOTICE SHOULD BE ADOPTED AND POTENTIAL CLASS MEMBERS SHOULD BE GIVEN SIX MONTHS TO OPT-IN

A proposed notice to be sent to the members of the class is included in Plaintiff's Appendix, A-8. Plaintiff proposes that class members have at least six months from the time notice issues to file their consent to sue forms. This was the opt-in period adopted by the Eastern District of Pennsylvania in the H-2B landscaper case filed against TruGreen's competitor, *Rivera v. Brickman*, CA. No. 05-1518 (E.D. Pa. Dec. 22, 2005) (A-102), and is typical of cases involving low-wage foreign workers. *See Recinos-Recinos v. Express Forestry*, 233 F.R.D. 472, 482 (E.D. La. 2005) (granting 6-month opt-in period to Mexican H-2B tree-planters); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234 (N.D.N.Y. 2002) (nine-month opt in period for migrant farmworkers). *See also, De Asencio*, 342 F.3d at 304-305 (ordering extension of original four-month opt-in period for largely Spanish speaking class of chicken processing plant workers). As explained in the affidavit of Gregory Schell submitted in the *Rivera* case and in this case, mail delivery to Mexico undependable. That fact coupled with the fact that the class members in *Rivera*, as in this case, are migrant workers who are away from home for long period

of time makes a longer than usual opt-in period necessary. *Id.*

## CONCLUSION

For all of the foregoing reasons, this Court should enter an Order: (1) conditionally certifying this action as an FLSA collective action on behalf of all H-2B workers employed by TruGreen Limited Partnership at any time during 2003, 2004, 2005, or 2006; (2) requiring Defendants to provide Plaintiff, in computer readable form, if possible, all addresses, telephone numbers and social security numbers for the class members; (3) authorizing Plaintiff to issue the notice, attached to Plaintiff's Appendix at A-8 to the members of the class; and (4) giving the members of the class six months from the date that notice issued to opt-into this action.

Respectfully submitted,

*/s/ Vivian L. Rapposelli*
Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli, Castro & Gonzales
916 Union St., Suite 2
Wilmington, Delaware 19805
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
272 W. 107th St. #20A
New York, New York 10025
Tel: 212-866-6026

ATTORNEYS FOR PLAINTIFF