## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA,  )
individually and on behalf of others similarly,  )
situated,  )
            Plaintiff,  )
    v.  )
                    )
TRUGREEN LIMITED PARTNERS and,  )
TRUGREEN, INC. d/b/a TRUGREEN  )
CHEMLAWN  )
                    )
            Defendant.  )

**C.A.: 06-185-GMS**

**CLASS ACTION**

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY

Now comes Plaintiff Ramon Villanueva and files this brief in opposition to Defendants'

motion for expedited discovery before ruling on Plaintiff's motion for conditional certification of

an FLSA class.[1] D.I. 14. As set forth below, Defendants' motion conflicts with the two-step

procedure for FLSA class certification adopted by courts in the Third Circuit and is not supported

by any specifics as to why Defendants need discovery at this time, let alone why the discovery is

so critical as to justify putting the class members' claims at risk of being barred by limitations.

---

[1] Discovery with respect to the FLSA class motion is the only issue presented. Plaintiff has not yet filed a Rule 23(b)(3) class motion with respect to his claims governed by that Rule. Since limitations are tolled for the Rule 23 class upon filing of the complaint the delay caused by discovery does not pose a problem for the class members.

## I. DEFENDANTS' DISCOVERY MOTION CONFLICTS WITH THE TWO-STEP PROCEDURE ADOPTED BY THE THIRD CIRCUIT

Defendants' request for discovery prior to consideration of the motion for conditional certification of an FLSA class would wreak havoc with the two-step procedure for handling FLSA class cases. As explained in detail in Plaintiffs' brief in support of their motion for conditional certification, DI 14, courts in the Third Circuit follow a two-step certification procedure: The first step, "occurs at the beginning of the case," *DeAsencio v. Tyson Foods, Inc.*, 130 F.Supp.2d 660, 662 (E.D. Pa. 2001) (emphasis added), at which point the Court may conditionally certify the class "for purposes of notice and discovery." *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J.) aff'd. 862 F.2d 439 (3rd Cir. 1988) aff'd. 493 U.S. 165 (1989) (emphasis added). Because the statute of limitations continues to run against the class members until they receive notice and opt-in, this first step must occur promptly and is typically decided based on nothing more than "substantial allegations that the putative class members were together victims of a single decision, policy or plan," *Sperling,* 118 F.R.D. at 407,[2] or "a modest factual showing" by the plaintiff that the similarly situated requirement is satisfied.[3] *Bosley v. Chubb Corp.,* 2005 WL 1334565 at *3 (E.D. Pa. 2005). The second-step in the process is typically precipitated by a motion to decertify filed after discovery is complete. At

---

[2] *See also, De Asencio,* 130 F.Supp.2d at 663 (same); *Goldman V. RadioShack, Corp.,* 2003 WL 21250571 at * 8 (same).

[3] Whether something more than mere allegations is required depends in large part on the nature of the claim. In *Smith v. Sovereign Bancorp.,* 2003 WL 22701017 at *3 (E.D. Pa. 2003), the court required a "modest factual showing" but noted in fn. 3 that in other cases with more precisely and narrowly drawn classes, allegations may be sufficient for conditional certification. As explained in Part II below, this case is one of those precisely drawn cases that does not require proof.

that point the court weighs the evidence and makes a factual determination as to whether the class members are similarly situated. *DeAsencio,* 130 F.Supp.2d at 663; *Goldman v. RadioShack,* 2003 WL 21250571 at *6 (E.D. Pa. 2003).

This two-step process, which allows a plaintiff to move for class notice before discovery begins and allows a defendant to move to decertify the class *after* discovery has been conducted strikes the appropriate balance between the interests of plaintiffs, defendants and the Court. It allows plaintiffs to move quickly to get notice out and toll limitations without the delay inherent in conducting discovery; it ensures defendants the right to full discovery and a thorough airing of the class issue before trial; and it protects the Court's interest in not stirring up litigation needlessly by allowing the Court to deny conditional certification in those instances where the plaintiff cannot meet an initial burden of showing a colorable basis for believing that the class is similarly situated. *See, e.g., Smith v. Sovereign Bancorp.,* 2003 WL 22701017 (E.D. Pa. 2003) (denying pre-discovery certification motion without prejudice to renewal after discovery).

This balance which allows a plaintiff to seek conditional certification prior to engaging in discovery is hardly unfair to defendants since an employer "already has access to all of the information it requires concerning the running of its own facilities" *De Asencio,* 130 F.Supp.2d at 663-664. It also has full access to the wages paid to employees, the policies and practices applicable to those employees and all other matters relevant to the similarly-situated determination. Thus, a defendant is more than capable of responding to a first-step motion for conditional certification without engaging in discovery.

Defendants cite a number of cases where discovery was conducted prior to the motion for certification, but in every one of those instances, it was the *plaintiff* who chose to proceed with

3

discovery prior to certification, either on plaintiff's own motion, *see Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994) (plaintiff motion to compel pre-certification discovery); *Tracy v. Dean Whitter Reynolds, Inc.*, 185 F.R.D. 303 (D. Colo. 1998) (same), or as a result of the Court's decision to deny a pre-discovery motion for certification for lack of a sufficient "minimal showing" of similarity. *See Smith v. Sovereign Bancorp.*, 2003 WL 22701017 (E.D. Pa. 2003) (denying certification without prejudice to renewal of the motion after discovery). *But see, Crawford v. Dothan City Bd. Of Ed.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (denying plaintiff pre-certification discovery as inconsistent with two-step approach).[4]    Plaintiffs do not dispute

---

[4] It is worth noting that the language Defendants quote from *Tracy* to the effect that "some discovery is necessary prior to a determination of class certification" is referring to the Rule 23 class motion in that case and cites as support two Rule 23 cases, not FLSA cases. *Tracy*, 185 F.R.D. at 304. *Freeman v. Wal-Mart Stores, Inc.*, 256 F.Supp2d 941 (W.D. Ark. 2003), and *Krueger v. N.Y. Telephone Co.*, 163 F.R.D. 446, 448, 450 (S.D.N.Y. 1995), which are also cited by Defendants are inapposite. In *Freeman* the Court denied certification, but there is nothing in the opinion to suggest that discovery occurred before the class ruling. The *Krueger* opinion permitted the defendant to go forward with damages discovery while the court considered the plaintiff's motion for conditional certification. Again, nothing in the opinion suggests that the defendant sought, or that the court permitted, defendant to take discovery prior to responding to the conditional certification motion.

that in certain circumstances a plaintiff may conclude that need for discovery before seeking

certification outweighs any concerns about limitations.[5] Indeed, in some FLSA class cases

limitations is not an issue. But in this case limitations is an issue, Plaintiffs have not sought

discovery, nor do they need to, rendering the cases cited by Defendants irrelevant in the present

context.

Defendants cite no cases that stand for the proposition that a <u>defendant</u> is entitled to

discovery prior to the conditional certification stage. There are several very good reasons for

this: (1) Allowing a defendant leave to engage in discovery before the court considers a motion

for conditional certification would inject potentially fatal delay into the process of notifying

potential class members and tolling limitations, thereby upsetting the careful balance of interests

achieved by the two-step process. (2) As noted above, there is no need for discovery since an

FLSA defendant "already has access to all of the information it requires concerning the running

of its own facilities" necessary to respond to a motion for conditional certification. *De Asencio,*

130 F.Supp.2d at 663-664. (3) Opening up discovery creates confusion over the appropriate

standard to be applied to the conditional certification motion. *See Thiessen v. Gen. Elec. Capital*

*Corp.,* 996 F.Supp. 1071, 1081 (D.Kan. 1998) (adopting an "intermediate" approach to similarly

situated issue where parties voluntarily engaged in discovery prior to moving for conditional

---

[5] This is particularly true in cases where alleged exemptions make the specific job duties
of the different class members are an issue in the case. *See, e.g. Bosley,* 2005 WL 13354565 at
\*4; *Freeman,* 256 F.Supp.2d at 945; *Morisky v. Pub. Serv. Elec & Gas Co.,* 111 F.Supp.2d 493,
498 (D.N.J. 2000). This is not such a case as Defendants have raised no exemption defenses.

certification"); *Campbell v. Amana Company, LP*, 2001 WL 34152094 at *3 (N.D. Iowa) (noting

defendants argument that "two-step process is no longer warranted . . . where some discovery has

already occurred"). (4) The point of the first-step conditional certification is to not to weigh

evidence and make a final factual determination as to whether the class is similarly situated;

rather it is merely designed to determine whether the plaintiff has a "colorable" basis for

believing the class to be similarly situated. *Krieg v. Pell's Inc.*, 2001 WL 548394 at *1 (S.D. Ind.

2001); *Thiebes v. Walmart Stores, Inc.*, 1999 WL 1081357 at *3 (D.Or. 1999). Thus, evidence

obtained through discovery, including the evidence Defendants seek here, is more appropriately

considered at the second-stage. This was explained in *De Asencio* where the court granted

conditional certification based on plaintiffs' evidence despite the defendants "detailed

declarations purporting to show that the potential plaintiffs are not similarly situated." 130

F.Supp.2d at 663. As the court noted, defendant's information "may play a more significant role

. . . during an analysis of the second . . . similarly-situated tier" but "to force Plaintiffs to counter

every one of Defendants' assertions concerning the similarly situated question at this early stage

of the litigation 'would condemn any large class claim under the [FLSA] to a chicken-and-egg

limbo.'" *Id.* at 663-664 *quoting Sperling,* 118 F.R.D. at 406.


## II. DEFENDANTS HAVE NOT, NOR CAN THEY, IDENTIFY ANY NEED FOR DISCOVERY

Even if one were to assume, *arguendo*, that it may be necessary to jettison the Third

Circuit's two-step approach in certain circumstances and allow a defendant to take discovery

before step-one conditional certification, Defendants have not even attempted to show that such

6

an exception is appropriate in this case. Defendants' motion simply states in the most general

terms that they want to take discovery to determine "whether Plaintiff meets the requirement of

29 U.S.C. § 216(b) that he be 'similarly situated' to the putative class members."[6]

Defendants do not identify any specific facts relevant to the certification issue that require

discovery; nor can they: Defendants admit on the first page of their motion for expedited

discovery that "[i]n 2004, Plaintiff worked for TruGreen on an H-2B visa" and admits in its

answer that it employed other H-2B workers. D.I. 8 ¶¶ 12, 20. The State Department web cites

referenced in Plaintiffs' motion show conclusively that all H-2B workers are charged visa

application fees, visa issuance fees and I-94 fees. Thus in admitting that Plaintiff and others

worked for Defendants as an H-2B workers, it follows as a matter of law that Plaintiff and other

H-2B workers were similarly situated, at least with respect to those visa charges and fees.

Common sense suggests that the question of whether those fees and charges constitute *de facto*

wage deductions as the Court held in *Arriaga v. Fla. Pacific Farms*, 305 F.3d 1228 (11th Cir.

2002), is a question that should be answered one time, in one case, for all of Defendants' H-2B

workers. That common issue is more than sufficient to justify conditional certification of the

class in this case.[7]

---

[6] In stating that this is the object of their discovery motion, Defendants reveal how far they are straying from the two-step approach. Whether the plaintiff and class members are, in fact, similarly situated, is the question to be address in the second-stage. The first-stage merely asks whether Plaintiffs have met their minimal burden of showing that they are likely to be similarly situated. *See Thiebes v. Walmart Stores, Inc.*, 1999 WL 1081357 at *3 (D.Or. 1999) ("I emphasize that I am certifying the collective action only for notice and discovery purposes. I am not holding at this time that all members of the proposed class who will be sent notices are, in fact, similarly situated to plaintiffs – far too little discovery has been taken for me to make such a determination now.").

[7] As for the other charges at issue in the case, such as the $155 administrative fee

Case 1:06-cv-00185-GMS    Document 17    Filed 05/08/2006    Page 8 of 10

As noted in Plaintiff's motion for conditional certification, every court that has addressed the issue presented by this case – whether the visa and transportation costs incurred by foreign workers in getting to the U.S. operate as *de facto* wage deductions for purposes of the FLSA – has determined that that claim is appropriate for conditional class certification. *See* DI. 15 at 7. Defendants do not even attempt to explain why this case is any different from those cases or what they could reasonably expect to learn through discovery that would affect the similarly situated decision. The putative class members should not have to risk losing their claims to limitations simply because Defendants would like to go on a discovery fishing expedition. .

At the very least, Defendants should be required to reply to the motion for conditional certification and, in a manner similar to a Rule 56(f) motion, show what specific issues require discovery before Defendants can adequately address them.

## III. IF DEFENDANTS' REQUIRE DISCOVERY, LIMITATIONS SHOULD BE TOLLED

Plaintiff's opposition to Defendants' motion is based on his concern that it will delay notice to the class and potentially cause class members' claims to be barred by limitations. Plaintiff is not trying to avoid making himself available for discovery. Accordingly, if the

---

charged by Defendants' agent, Defendant does not need discovery to determine whether that charge was uniformly applied to all of its H-2B workers – it can simply ask its agent. Similarly, with respect to plaintiffs claim that Defendants did not reimburse the visa and transportation charges, Defendants need only look in their wage records to determine whether that occurred.

Defendants were willing to toll limitations until the discovery they seek is completed, Plaintiff would not object (assuming that the Court would still apply the same "lenient standard" applicable to other conditional certification motions upon completion of the discovery). However, Defendants should not be able to delay certification without some tolling agreement.

## CONCLUSION

For all of the foregoing reasons, this Court should deny Defendants' motion for expedited discovery and rule on Plaintiff's motion for conditional certification as contemplated by the two-step procedure utilized in the Third Circuit. Upon reviewing that motion, the Court can make a reasoned determination whether conditional certification is appropriate or whether additional discovery is necessary before ruling on the motion.

Respectfully submitted,

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli, Castro & Gonzales
916 Union St., Suite 2
Wilmington, Delaware 19805
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
272 W. 107th St. #20A
New York, New York 10025
Tel: 212-866-6026

ATTORNEYS FOR PLAINTIFF

9

CETIFICATE OF SERVICE

I, Vivian L. Rapposelli, Esquire, hereby certify that on May 8, 2006, I caused electronic copies of the foregoing PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY to be served via the Court's CM/ECF system to counsel for the defense:

> Michael P. Kelly, Esquire
> McCarter & English, LLP
> 919 N. Market Street, Suite 1800
> P.O. Box 111
> Wilmington, DE 19899
>
> Sarah E. Bouchard, Esquire
> Morgan Lewis
> 1701 Market Street
> Philadelphia, PA 19103

> RAPPOSELLI, CASTRO & GONZALES
>
> Vivian L. Rapposelli, Esquire
> DE Bar No. 3204
> 916 N. Union Street, Suite 2
> Wilmington, DE 19805
> (302) 652-8711
> Attorneys for Plaintiff

Dated: May 8, 2006

CETIFICATE OF SERVICE

I, Vivian L. Rapposelli, Esquire, hereby certify that on April 28, 2006, I caused electronic copies of the foregoing PLAINTIFF'S EXPEDITED MOTION TO CONDITIONALLY CERTIFY AN FLSA COLLECTIVE ACTION, PLAINTIFF'S BRIEF IN SUPPORT OF EXPEDITED MOTION TO CONDITIONALLY CERTIFY AN FLSA COLLECTIVE ACTION, and APPENDIX TO PLAINTIFF'S EXPEDITED MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION to be served via the Court's CM/ECF system on May 5, 2006 to counsel for the defense:

> Michael P. Kelly, Esquire
> McCarter & English, LLP
> 919 N. Market Street, Suite 1800
> P.O. Box 111
> Wilmington, DE  19899
>
> Sarah E. Bouchard, Esquire
> Morgan Lewis
> 1701 Market Street
> Philadelphia, PA  19103

> RAPPOSELLI, CASTRO & GONZALES
>
> Vivian L. Rapposelli, Esquire
> DE Bar No. 3204
> 916 N. Union Street, Suite 2
> Wilmington, DE  19805
> (302) 652-8711
> Attorneys for Plaintiff

Dated:  May 8, 2006