UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

RAMON VILLANUEAVA-BAZALDUA,

      Plaintiff

v.                                    **CA 1:06-cv-00185-GMS**

TRUGREEN LIMITED PARTNERSHIP,
and TRUGREEN, INC., d/b/a TRUGREEN
CHEMLAWN, fn1

      Defendants.

_____/

## JOINT STATUS REPORT

Pursuant to the Court's Order of October 18, 2006, the parties submit the following Joint

Status Report in anticipation of the conference to be held on November 1, 2006:

      **1.**    **Jurisdiction and Service:**

      **A. Plaintiff:**  Plaintiff believes that the Court has subject matter jurisdiction over Plaintiff's

claims, that all parties are subject to the Court's jurisdiction, and that all parties have been served.

Plaintiff believes that Defendants' comments below go to the merits of the claim and not to the

Court's jurisdiction.

      **B. Defendants:**  Defendant does not agree that all named parties should be parties to this

action; rather, only TruGreen Limited Partnership should be a named Defendant, as it alone was the

employer for Mr. Villanueva and the H-2B workers he seeks to represent.  Further, Defendant

believes that it is unclear whether the Court has jurisdiction over Mr. Villanueva or any putative

---

1  Defendants contend that the correct legal name of the first defendant is TruGreen Limited Partnership and that
    TruGreen Inc was not Plaintiff's employer and is not a proper party to this action.  Defendant contends that
    TruGreen, Inc. Does not do business as (d/b/a) TruGreen Chemlawn and that TruGreen Limited partnership
    does do business as (d/b/a) TruGreen Chemlawn.

class member he seeks to represent given that each individual may or may not be able to return to the United States at a later date and, further, to the extent that the claims asserted are, at best, highly individualized state law breach of contract and related claims that do not otherwise meet the appropriate diversity jurisdiction threshold.

2.    **Substance of Action:**

**Plaintiff's Statement**:  Plaintiff alleges violations of the Fair Labor Standards Act (FLSA), breach of contract, fraud, and breach of the duty of good faith and fair dealing.   Plaintiff's FLSA claim for unpaid minimum wages and overtime is brought on behalf of himself and other similarly situated foreign workers who received temporary H-2B visas to work for TruGreen.   Plaintiff alleges that the visa and transportation costs incurred by H-2B workers in getting from Mexico to TruGreen's work places in the United States operated as *de facto* wage deductions that brought their wages below the level required by the Fair Labor Standards Act (FLSA).  *See Arriaga v. Fla. Pacific Farms,* 305 F.3d 1228 (11th Cir. 2002) (holding that visa and transportation charges incurred by foreign workers in getting to employment in U.S. operate as FLSA wage deductions).  Plaintiff also contends that the Defendants method of calculating overtime violated the FLSA.

Plaintiff's breach of contract, fraud and breach of good faith and fair dealing claims are brought on behalf of a Rule 23(b)(3) class of H-2B workers employed by Defendants.  These claims allege that Defendants failed to pay H-2B workers in compliance with the fixed hourly rate and overtime rates promised by Defendants to the U.S. Government in its application for H-2B visas and promised to H-2B workers when they were hired in Mexico.   Instead, when workers arrived at TruGreen's offices in the United States they were paid by a totally different system of pay (commonly known as a "Chinese overtime system") that resulted in far lower pay than had been promised.  TruGreen's wage promises to the U.S. Government are contractually enforceable by visa

workers. *See, e.g., Frederick County Fruit Growers v. Martin,* 968 F.2d 1265, 1268 (D.C. Cir. 1992).

**Defendant's Statement:** As set forth in more detail in Defendant's submissions in support of its Opposition to Plaintiff's Expedited Motion to Conditionally Certify A FLSA Collective Action, this case is, at best, a highly individualized contract-based claim that is not appropriate for class or collective treatment. Contrary to Plaintiff's repeated reference to a single, non-binding Eleventh Circuit decision as to H-2A workers (not the H-2B workers Plaintiff seeks to represent), there is no statute, regulation, or court decision that requires an employer to bear any expenses for H-2B workers, either in a direct or *de facto* manner. Moreover, and as was made even clearer by Mr. Villanueva's deposition testimony, the expenses incurred in connection with his H-2B employment are not "primarily for the benefit of" Defendant as alleged in the Complaint.

In addition, as to all of the claims, Plaintiff is not similarly situated to the other H-2B workers he seeks to join in this action and, therefore, class and/or collective treatment would be improper as to each of the claims. Contrary to the allegations in the Complaint, Mr. Villanueva did not bear the expense of his return trip to Mexico following his decision to leave Defendant's employ in the middle of the season, and he received unconditional amounts of money at the discretion of his Branch Manager that could have been used for various incidental costs relating to his employment. As to his contract-based claims, Mr. Villanueva conceded that he knowingly and willingly accepted his Branch Manager's offer to be compensated using a commission- and bonus-based compensation plan once he arrived in the United States, and there is no basis for his overtime claim. These highly individualized distinctions, premised in large part on the exercise of independent discretion among Branch Managers, serves only to further demonstrate how class and/or collective treatment of the claims alleged would be improper as a matter of law. As a final

3

matter, given his steadfast refusal to answer any questions regarding his post-TruGreen employment in the United States (if any), Defendant does not believe that Plaintiff can adequately represent the interests of others and, therefore, cannot serve as a named plaintiff in any class or collective action in any event.

**3.    Identification Of Issues:**  The parties disagree whether this case should be certified for either class and/or collective action treatment.  The parties also disagree as to whether or not TruGreen has violated any statute or other law as to its H-2B workers.  The parties also disagree with respect to damages.

**4.    Narrowing of Issues:**

a.    Plaintiff's motion for conditional certification of an FLSA class and his motion for certification of a Rule 23 class with respect to his other claims (which will be filed as soon as preliminary discovery on class issues is completed) will determine the scope of this action.

b.    Based on the information available to date, and depending on the Court's decision regarding class and collective treatment, it is possible that Defendant will file a motion for summary judgment, in whole or in part, as to Mr. Villanueva's claims.

c.    Plaintiff believes that if this action is treated as an FLSA collective action or Rule 23 class action, bifurcating this action into a liability phase and a damages phase would be an efficient way to narrow the issues.  Specifically, Plaintiff believes that many, if not all, of the liability issues, may be resolved by summary judgment which, depending how they are resolved, could narrow or eliminate the need for damages discovery and/or increase the likelihood of settlement on the damages issues.  Defendant is unable to assess the efficiency of bifurcation at this time given the pending decision on Plaintiff's motion for conditional certification and anticipated motion pursuant to Rule 23.

4

5.    **Relief:**  Plaintiff seeks unpaid minimum wages and overtime, an equal amount of liquidated damages, and attorneys fees on behalf of similarly situated H-2B workers employed by TruGreen and compensatory and punitive damages for Defendant's other violations.  The exact amount of these damages cannot be calculated without further discovery but generally will be based on the difference between the value of the contract terms offered to H-2B workers and the amounts they received.  Defendant believes that there has been no violation of law as to Mr. Villanueva or any H-2B worker, and further believes that, according to Mr. Villanueva's testimony, there has not been any violation regarding his overtime or any contract-based damages incurred by him.  As set forth in Defendant's Initial Disclosures, TruGreen reserves the right to seek attorneys' fees and expenses as permitted by law should it prevail in this action.

6 & 7.    **Amendment of Pleadings and Joinder of Parties:**  The parties shall file all amended or supplemental pleadings and shall join additional parties on or before 30 days after the conclusion of any class notice period.  In the event that notice is not issued, amended or supplemental pleadings shall be filed and additional parties joined within 45 days after the motion for notice is denied.

8.    **Discovery:**

a.    The parties have exchanged initial disclosures as required by Fed. R. Civ. P 26(a)(2)(B).

b.    Defendant has responded to 32 Requests for Admission, 32 Interrogatories, and 40 Requests for Production of Documents, and has provided and continues to provide follow-up regarding the same.

c.    Mr. Villanueva was deposed on October 5, 2006.

d.    The deposition of TruGreen's Human Resources Manager, James Vacchiano, is

scheduled for November 7, 2006. Plaintiff anticipates taking the depositions of other individual employees of TruGreen, including Michael Matejik, and other individuals identified in Defendant's Initial Disclosures. Plaintiff also anticipates taking the 30(b)(6) depositions of Defendants, and Defendants' agents Great Lakes Labor and LLS International, Inc., who assisted Defendant in obtaining visas and recruiting Mexican workers.

e.      Defendant cannot identify any further discovery until a ruling on the motions regarding class and collective treatment. If Plaintiff's motion is granted, Defendant reasonably anticipates that it would take depositions of all opt-in plaintiffs because, as demonstrated by Mr. Villanueva's deposition, that method of discovery has proven to be a productive source of relevant information.

f.      In the event that this Court certifies this case as an FLSA collective action, Plaintiff believes that Defendant's discovery of opt-in class members should be limited to no more than ten depositions or sets of interrogatories because the liability issues are common to all class members. *See* Fed. R. Civ. P. 30(a)(2) (limiting discovery to 10 depositions). Defendant believes it is entitled to take depositions of all opt-in plaintiffs in this matter.

g.      Plaintiff proposes (and Defendant does not disagree) that, rather than setting discovery deadlines at this time, having the parties confer and propose a discovery plan after the Court rules on whether this case will proceed as an FLSA collective action and/or a Rule 23(b)(3) class action.

h.      In the event that the Court certifies this case as an FLSA collective action and/or class action, the parties agree that Plaintiff shall file his designation of experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) relating to those experts within 180 days of the close of any class notice period. Defendants shall file their designation of experts and

6

shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) relating to those experts within 60 days after Plaintiff serves his expert reports. All designations of rebuttal experts shall be filed within 30 days of receipt of the report of the opposing expert.

In the event that the Court does not treat this case as an FLSA collective action and/or class action, the parties disagree regarding the timing of expert reports. Plaintiff proposes filing his report within 180 days after the denial of all class motions with Defendants' report to follow in 30 days. Defendants propose that Plaintiff file his expert reports within 60 days with Defendants' to follow 30 days thereafter.

     i.     The parties believe that all fact discovery on the liability phase of this case can be completed within 270 days after the close of any class notice period. In the event that the Court denies Plaintiff's motions for FLSA collective action and Rule 23 class treatment, the parties disagree. Plaintiff believes that all discovery on the liability phase of the case can be completed within 180 days. Defendant does not believe that additional discovery will be necessary, but in any event, believes such discovery can be concluded within 60 days of the denial of Plaintiff's class and/or collective action motions.

     j.     All dispositive motions with respect to liability shall be filed no later than 45 days after the close of discovery.

**9.**     **Estimated Trial Length:** At this stage, it is too early to estimate the number of days required for trial.

**10.**     **Jury Trial Demand:** Neither party has demanded a jury trial.

**11.**     **Settlement:** The parties believe that any settlement discussions prior to the Court's ruling on Plaintiff's motion for class and/or collective action treatment are premature.

**12.**     **Other Matters:** None known.

13.     **Plaintiff's Motion to Conditionally Certify FLSA Collective Action:** On October

20, 2006, Defendants filed a motion for leave to file a supplemental brief.  Plaintiffs do not oppose

that motion as long as they are afforded an opportunity to respond.  Defendants do not oppose that

request.  With that briefing the Motion for Conditional Certification will be ready for submission.

14.     **Statement of counsel:** Undersigned counsel for the parties, through their signatures,

certify that they have conferred about each of the above matters.


s/ Edward Tuddenham                                         s/ Beth Henke by Edward Tuddenham
_____                          _____by permission_____
Vivian L. Rapposelli                                        Michael P. Kelly
Rapposelli, Castro & Gonzalez                               McCarter & English
1300 Grant Ave, Suite 100                                   Citizen's Bank Building
Wilmington, Delaware 19806                                  919 N. Market St.  18th Floor
Tel: 302-652-8711                                           Wilmington, Delaware 19801

Edward Tuddenham                                            Sarah E. Bouchard
153 Upland Rd.                                              Morgan Lewis & Bockius LLP
Cambridge, Mass. 02140                                      1701 Market St.
Tel: 617-576-2182                                           Philadelphia, Pa. 19103
                                                            Tel: 215-963-5077

ATTORNEYS FOR PLAINTIFF
                                                            ATTORNEYS FOR DEFENDANTS

8

CERTIFICATE OF SERVICE

I certify that on this 26thday of October, 2006, I served the foregoing document on Defendants by e-mailing it to the Defendant's attorneys as follows:

Michael P. Kelly          Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St.  18th Floor
Wilmington, Delaware 19801

Michael Banks          sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St.
Philadelphia, Pa. 19103

                                        S/ Vivian Rapposelli


                                        _____
                                        Vivian Rapposelli

9