IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA,      )
individually and on behalf of others      )
similarly situated,      )
                                                          )
                    Plaintiff,      )
                                                          )
         v.      )          C.A. No. 06-185 (GMS)
                                                          )
TRUGREEN LIMITED PARTNERS,      )
AND TRUGREEN, INC.      )
                                                          )
                    Defendants.      )

## <u>MEMORANDUM</u>

### I.        INTRODUCTION

Plaintiff Ramon Villanueva-Bazaldua filed the above-captioned action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), breach of contract, fraud, and breach of the duty of good faith and fair dealing.  Mr. Villanueva-Bazaldua's FLSA claim is brought on behalf of himself and all other similarly situated workers employed by Defendants TruGreen Limited Partners and TruGreen, Inc. (collectively, "TruGreen").  On April 28, 2006, Mr. Villanueva-Bazaldua filed a motion to conditionally certify a FLSA collective action and to facilitate notice under 29 U.S.C. § 216(b).  (D.I. 14.)  On the same date, TruGreen filed a motion for expedited limited discovery directed to the plaintiff.  (D.I. 13.)  In the fall of 2006, the parties embarked upon initial discovery, which included the taking of Mr. Ramon Villanueva-Bazaldua's deposition.   (D.I. 24 - 32.)   For the reasons discussed below, the motion for conditional certification will be denied.  The court will also deny the pending motion for limited discovery as moot.

II.    BACKGROUND

TruGreen is a lawn and landscaping company that employs non-immigrant temporary workers for seasonal work in the United States pursuant to the federal government's H-2B visa program.  (D.I. 8 ¶ 12, Answer.)  Mr. Villanueva-Bazaldua alleges that TruGreen recruited him in Mexico with a promise of $11.34 per hour and an overtime rate of $17.01 per hour.  (D.I. 1 ¶ 17, Complaint.)   In order to work for TruGreen, Mr. Villanueva-Bazaldua alleges that he incurred various expenses obtaining his H-2B visa, and traveling to and from the United States. These expenses included the cost of obtaining a Mexican passport, a $100 visa application fee, a $100 visa issuance fee, a $6 border crossing fee, a $155 administrative fee paid to TruGreen's agent for processing the visa paperwork, and transportation expenses from the point of recruitment to the place of work in the United States.  (*Id*. at ¶ 19.)   According to Mr. Villanueva-Bazaldua, he and other H-2B workers employed by TruGreen between 2003-2006, relied on the promises made to them in Mexico and incurred similar visa, processing and transportation expenses in order to get to and from the United States to work for TruGreen.  (*Id*. at ¶ 20-21.)  Mr. Villanueva-Bazaldua argues that the expenses he and other H-2B incurred operated as *de facto* deductions from the first and last weeks of their wages, causing them to earn less than the wages required by the FLSA.  (*Id*. at ¶ 25-26.)

In support of his motion for conditional certification, Mr. Villanueva-Bazaldua relies on on the Eleventh Circuit decision in *Arriaga v. Florida Pacific Farms*, 305 F.3d 1228 (11th Cir. 2002), for the proposition that visa and transportation costs incurred by foreign visa workers are *de facto* wage deductions from the workers' first and last weeks' wages for purposes of the FLSA.  (D.I. 14 at 3.)  Mr. Villanueva-Bazaldua represents that since all of TruGreen's H-2B

workers present the same claim that the FLSA requires reimbursement of those costs up to the mandated FLSA wage level, conditional certification of a FLSA collective action is appropriate.

In response to Mr. Villanueva-Bazaldua's allegations and motion for certification, TruGreen admits that TruGreen Limited Partnership employs and has employed foreign nationals as temporary non-immigrant non-agricultural workers, and calculates the regular and overtime rates of pay in accordance with the FLSA and all applicable regulations. (D.I. 8 ¶ 30, Answer.) TruGreen denies that it is liable to Mr. Villanueva-Bazaldua, and submits that class certification would be inappropriate. TruGreen argues that no statute, regulation or decision requires it to bear the visa and transportation expenses for its H-2B workers. (D.I. 18 at 2.) TruGreen also contends that Mr. Villanueva-Bazaldua is not similarly situated to the other H-2B workers he seeks to join in this action. (D.I. 18 at 3.) Through declarations, TruGreen submits that TruGreen provided Mr. Villanueva-Bazaldua transportation back to Mexico, and that "certain H-2B workers did receive compensation for various incidentals arising from their temporary employment." (*Id.*)

By his motion, Mr. Villanueva-Bazaldua requests an order: (1) conditionally certifying this case as a Section 216(b) collective action on behalf of all H-2B workers employed by TruGreen Limited Partnership at any time during 2003, 2004, 2005, or 2006; (2) requiring TruGreen to provide Mr. Villanueva-Bazaldua, in computer readable form, all addresses, telephone numbers and social security numbers for the putative class members; (3) authorizing the issuance of a notice to putative class members; and (4) giving the putative members of the class six months from the date that notice issued to opt-in to this action.

III.    LEGAL STANDARDS

Class actions under the FLSA are governed by 29 U.S.C. § 216(b).  Section 216(b) of the

FLSA provides in relevant part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated*. No employee shall be a party plaintiff to any such action *unless he gives his consent* in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. § 216(b) (1998) (emphasis added).  The term "similarly situated" is not defined in

the FLSA.  Neither the Third Circuit nor the Supreme Court provides guidance on how the

"similarly situated" requirement of § 216(b) should be applied, but district courts in the Third

Circuit have developed a two-stage test.  *Morisky v. Public Serv. Elec. & Gas Co*., 111 F. Supp.

2d 493 (D.N.J. 2000).  The first stage is the notice stage.  At this stage, the court determines

whether notice should be given to potential class members.  *Id*. at 497.  Courts generally

examine the pleadings and affidavits of the parties to decide whether notice is appropriate.

*Aquilino v. The Home Depot, Inc.*, No. 04-4100, 2006 WL 2583563 at *1 (D.N.J. September 07,

2006); see *generally Wright & Miller*, § 1807, "Collective Actions Under the FLSA" (2006

Update).

Courts differ in the level of proof required at the first stage.  Some courts have found that

"substantial allegations that the putative class members were together the victims of a single

decision, policy or plan" are sufficient; others have required some "factual showing" that the

"similarly situated" requirement is satisfied.  *Morisky v. Public Serv. Elec. & Gas Co*., 111 F.

Supp. 2d 493, 497 (D.N.J. 2000); *Bosley v. Chubb Corp.*, No. 04-4598, 2005 WL 1334565 at *3

(E.D. Pa. June 3, 2005).  At the second stage, after the court is more informed through discovery, the court makes a decision to decertify, or make final certification.  *Id*.

District courts in other circuits have adopted an intermediate approach to the "similarly situated" inquiry when the parties voluntarily engage in discovery prior to a decision on conditional certification.  *See Thiessen v. Gen. Elec. Capital Corp*., 996 F. Supp. 1071, 1081 (D. Kan. 1998); *Campbell v. Amana Co., LP*, No. C99-75, 2001 WL 34152094 at *3 (N.D. Iowa Jan. 4, 2001).  In light of the procedural posture of this case, this court will join its colleagues who require some factual showing that the similarly-situated requirement is satisfied.

IV.    DISCUSSION

A.    Dearth of Undisputed Evidence

The court finds very little support in the record that other H-2B workers are similarly situated to the plaintiff.  Indeed, the only "evidence" that other TruGreen workers incurred—without reimbursement—any of the expenses alleged is the terse declaration of Mr. Villanueva-Bazaldua.  He submits no other affidavits or exhibits to serve as evidence that other potential class members exist, despite his claim that he had conversations with other workers who incurred expenses for which they were not reimbursed.  (D.I. 16 at 14, Villanueva Decl.)

In *Armstrong v. Weichert Realtors*, a district judge in this circuit, in deciding whether to certify a collective action at the notice stage, remarked that "[t]o make a meaningful decision about whether certain people are similarly situated, this Court must have, as a factual foundation, information about who is in the potential class and the basis for inferring that the potential members are similarly situated.  *Armstrong v. Weichert Realtors,* No. 05-3120, 2006 WL 1455781, at *2 (D.N.J. May 19, 2006).  Despite the relatively low burden of providing a "modest factual showing," the court in *Armstrong* found that the plaintiff's one-page declaration was

insufficient evidence for it to certify the collective action. The declaration left the court without a basis to conclude: 1) the plaintiff had actual and specific knowledge of other workers that shared his complaint; 2) the alleged conduct of the plaintiff's office could be attributed to other offices of his employer; and 3) the plaintiff's employer had a company policy as alleged. In denying the certification, the court recognized that "[r]equiring a Plaintiff to make a modest factual showing that others have suffered the same injury works to prevent class action fishing expeditions." *Id*. *See also Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989) ("[C]lass actions serve important goals but also present opportunities for abuse[.]").

Here, the court is faced with at least the same limited record in support of class certification, in addition to evidence that would militate against class treatment. More specifically, TruGreen submits that TruGreen branches reimburse H-2B workers differently for incidental expenses. (D.I. 18-2 at 3, Vacchiano Decl. ¶ 4; D.I. 18-3 at 3, Matejik Decl. ¶ 3.) Further, whether Mr. Villanueva-Bazaldua actually paid for his trip back to Mexico, as he alleged in his complaint, and a claim he purports to be representative of the entire putative class (D.I. 1, Compl. ¶ 21), is disputed. TruGreen contends that it provided a one-way plane ticket to Mr. Villanueva-Bazaldua for his return trip to Mexico. (D.I. 18-3 at 3, Matejik Decl. ¶ 3.) Although Mr. Villanueva-Bazaldua acknowledged having received this ticket in his deposition, he claims that he paid cash to TruGreen to cover other travel expenses. (D.I. 35-4 at 18-19, Villanueva Tr.) Mr. Villanueva-Bazaldua also admitted that TruGreen gave him $150 in cash upon his arrival in Delaware. (D.I. 35-5 at 5-6, Villanueva Tr.)

Like in *Armstrong*, Mr. Villanueva-Bazaldua's declaration, alone, doesn't provide the court with a sufficient, factual showing to support conditional class certification. *See, e.g., Smith v. Sovereign Bancorp*., No. 03-2420, 2003 WL 22701017 (E.D. Pa. Nov. 13, 2003 2003)

(holding that plaintiffs failed to make basic factual showing that the proposed recipients of opt-in notices were similarly situated to the named plaintiffs), *citing Dybach v. Florida, Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) ("Before determining to exercise [its] power [to approve notice to potential plaintiffs], the district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' . . . ."), and *Mueller v. CBS*, 201 F.R.D. 425, 428 (W.D. Pa. 2001) (requiring plaintiff to provide "a sufficient factual basis on which a reasonable inference could be made" that potential plaintiffs are similarly situated). *See also Bosley v. Chubb Corp.*, No. 04-4598, 2005 WL 1334565 (E.D. Pa. June 3, 2005) (denying conditional certification where there were three plaintiffs but motion was only supported by one affidavit). Mr. Villanueva-Bazaldua's declaration also fails to demonstrate that his experience at TruGreen's Wilmington, Delaware office is attributable to TruGreen nationally, and that TruGreen has a policy regarding compensation of H-2B workers for their visa and travel expenses. Further, the court finds that the developed record raises questions as to whether Mr. Villanueva-Bazaldua fits within the ambit of his proposed class definition in light of the compensation TruGreen did provide to him.

      B.     Differences in Putative Class Members

Class treatment is appropriate when the "issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982). If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable. *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001) (affirming the denial of Rule 23 class certification in a securities case in which individual

issues regarding economic losses from the manner in which their trades were transacted predominated over issues common to the class).[1]

Mr. Villanueva-Bazaldua, the putative class representative, expressly acknowledges that there will be factual differences among class members, but argues that those differences are merely variations in damages, which should not defeat conditional class certification. (D.I. 20 at 7-8) (*citing Brown v. Moneytree Mortgage Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004) ("[I]t is well established that individual questions with respect to damages will not defeat class certification . . . unless that issue creates a conflict which goes to the heart of the lawsuit.")). The court acknowledges the legal precedent but disagrees with the application in this case. Here, whether a putative class member received full reimbursement, partial reimbursement or no reimbursement at all, based on specific promises made, or the specific TruGreen office at which they were employed, goes to the heart of the claim, and the "similarly situated" inquiry. Indeed, the differences in the experiences of individual TruGreen workers will dictate whether any one individual worker fits within the proposed class.

Even if it were undisputed that every TruGreen H-2B worker incurred the visa and travel expenses the plaintiff alleged, the court cannot reasonably rely on Mr. Villanueva-Bazaldua's representation that none of the other workers were ever reimbursed, where his declaration provides nothing more than an unsupported conclusory assertion. Mr. Villanueva-Bazaldua himself received a $150 payment before commencing work in Delaware, and a plane ticket for his return to Mexico. (D.I. 35-5 at 5-6, Villanueva Tr.; D.I. 35-4 at 18-19, Villanueva Tr.) In

---

[1]The court recognizes that a FLSA class action differs from the more common Rule 23, Fed. R. Civ. P., class action in that Rule 23 requires class members who do not wish to be bound by the action to "opt-out" and a section 216(b) class action requires the potential members of the putative class to "opt-in" in order to participate in the action. "The various inquiries concerning a Rule 23 class, however, while not controlling or even required to be considered, are instructive and lend useful guidance in considering the similarly situated requirement of a section 216(b) class." *Lusardi v. Xerox Corp*., 118 F.R.D. 351, 358-9 n. 18 (D.N.J. 1987).

light of Mr. Villanueva-Bazaldua's deposition testimony and the evidence TruGreen provides, via declarations of its representatives, the court concludes that the potential diversity of experiences of putative class members makes conditional certification ill-advised. Whether individual H-2B workers were reimbursed for expenses they incurred is an essential element of the cause of action, requiring individual treatment.[2] As such, this case represents exactly the type of circumstances that the Third Circuit in *Newton* deemed unsuitable for class treatment. *See Newton*, 259 F.3d at 172.

        C.     Legal Allegations

      Mr. Villanueva-Bazaldua describes this case as one that is "identical to the claim" in *Arriaga*. (D.I. 14 at 3.) The court disagrees. First, the district court in *Arriaga* decided the legal issue on an agreed statement of undisputed facts. *Arriaga*, 305 F.3d at 1232. Second, *Arriaga* involved the H-2A program, which stems from a different set of regulations and obligations for the employer. *See* 8 U.S.C. § 1188(c)(3)(B)(i). The legislative history may indeed play a role in what Congress intended for the different sets of H-2 workers, but the resolution of that legal question is not ripe for adjudication at this juncture. Although a decision on the merits is not appropriate on a motion for conditional certification, the court is concerned about subjecting TruGreen to nationwide discovery and this court with the management of an opt-in class action, on a yet-to-be established legal premise. *See Newton*, 259 F.3d at 166 (requiring a "thorough examination of the factual ***and legal allegations***" and recognizing that "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question") (emphasis added).

---

[2]This difference also distinguishes this case from *Javier Rivera v. Brickman Group, Ltd.*, No. 05-1518 (E.D. Pa. Dec. 22, 2005). In *Brickman*, the court adopted the Report and Recommendation of the Magistrate, who found that the H-2B workers incurred the alleged visa and travel expenses, ***and*** had not been reimbursed by the defendant Brickman—facts to which Brickman admitted in its opposition to conditional class certification. (D.I. 16-3 at 7.)

The court finds the plaintiff's reliance on the Eleventh Circuit decision in *Arriaga* overreaches. In *Arriaga*, the Court's conclusion that the employer's failure to account for certain expenses incurred by the agricultural workers in their wages operated as unlawful, *de facto* deductions was logical because the employer had obligations to H-2A workers in this regard under Department of Labor (DoL) regulations in the first instance. *Id.* at 1246-7. At this time, the court is not persuaded that *Arriaga* should be extended to the H-2B program. In the absence of an H-2B regulation that provides the legal obligation for the violations alleged or an authoritative case[3] extending the *Arriaga* holding to H-2B workers, the court is even more reluctant to conditionally certify a class under the circumstances of this case.

V.    CONCLUSION

Given the dearth of evidence presented by the plaintiff to show that certification of a collective action is appropriate in this matter, as well as the tenuous legal foundation upon which the collective action is based, this court is unwilling to expose the defendants to the burdens and costs necessarily imposed by the discovery process. The plaintiff's motion for class certification is denied. The defendant's motion for expedited discovery is moot.


Dated:  March 19, 2007                    /s/ Gregory M. Sleet
                                          UNITED STATES DISTRICT JUDGE

---

[3]Mr. Villanueva-Bazaldua cites to *Brock v. Glassboro Serv. Assn.*, 1987 WL 25334 at *5 - *6 (D.N.J. 1987), *aff'd sub nom McLaughlin v. Glassboro Serv. Assn.*, 841 F.2d 1119 (3d Cir. 1988), as another court to have interpreted the FLSA in the same way as *Arriaga*. The Eleventh Circuit, however, distinguishes *Glassboro*, stating "[N]either [Glassboro case] provides guidance to us in our consideration of the issues here because both totally defer to opinion letters, which is inappropriate under [Supreme Court precedent]." Although the Third Circuit affirmed the district court's decision, the Court of Appeals did not opine on its substance. *See McLaughlin v. Glassboro Serv. Assn.*, 841 F.2d 1119 (3d Cir. 1988). Further, the district court's decision in *Glassboro* was on plaintiff's application to hold the defendant in contempt. As such, the Third Circuit's summary affirmance, in a non-precedential table opinion is not instructive on the legal question at issue here.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA,           )
individually and on behalf of others  )
similarly situated,                   )
                                      )
                Plaintiff,            )
                                      )
        v.                            )        C.A. No. 06-185 (GMS)
                                      )
TRUGREEN LIMITED PARTNERS,            )
AND TRUGREEN, INC.                    )
                                      )
                Defendants.           )

## **ORDER**

For the reasons stated in the memorandum of this same date, IT IS HEREBY ORDERED that:

1.  The plaintiff's motion for conditional class certification (D.I. 14) is DENIED.

2.  The defendant's motion for expedited discovery (D.I. 13) is DENIED as moot.

Dated:  March 19, 2007                /s/ Gregory M. Sleet
                                      UNITED STATES DISTRICT JUDGE