IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

    Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

    Defendants.

CA 1:06-cv-00185 (GMS)

Class Action

**PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES**

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd
Cambridge, MA 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

1

Now comes Plaintiff Ramon Villanueva, and moves this Court, pursuant to Rule 37(a), for an order compelling Defendants to respond to the following discovery requests which are necessary for the preparation of Plaintiff's Rule 23(b)(3) class certification motion:

Requests for Admission 1, 2, 3, 4, 5, 6, 7, 30, 31, 32 [Appendix 4-13];

Interrogatories 7, 9, 21, 31 [Appendix 15-24]; and,

Requests for Production 10, 11, 15, 16, 18, 39 and 40 [Appendix 27-37].

Copies of these discovery requests and TruGreen's responses appear in Plaintiff's appendix to this motion. In support of this motion, Plaintiff would show the Court as follows:

1. On August 29, 2006, Plaintiffs served Requests for Admission, Interrogatories, and Requests for Production on Defendants related to Plaintiff's class allegations.

2. On September 28, 2006, Defendants served written responses to Plaintiff's discovery requests. These responses interposed three objections to the discovery requests listed above:

A. Defendants objected to providing any discovery relating to the alleged Rule 23(b)(3) class allegations or the FLSA collective action allegations in the complaint. Defendants limited their answers to Plaintiff or, in a few instances, to the Newport, Delaware branch where Plaintiff worked for TruGreen.[1] *See* Objections to Admission 1, 2, 3, 4, 5, 6, 7, 30, 31, 32; Objection to Interrogatory 7, 9, 31; Objection to Request for Production 10, 11, 15, 16, 18, 39.

---

[1] Specifically, Defendants interposed the following objection to discovery requests related to the putative class members: "The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions is premature and beyond the scope of permissible discovery at this time."

B. Defendants objected to each of the discovery requests "to the extent that it relates to a time period other than 2004, the only year in which Plaintiff was employed by TruGreen." (i.e. Defendants objected to information regarding 2003, 2005 and 2006 H-2B workers). *See* Objections to Admissions 1, 2, 3, 4; Objections to Interrogatories 7, 9, 31; Objections to Requests for Production 10, 11, 15, 16, 18, 39.

C. Defendants objected to producing documents in the possession of Great Lakes Labor, L.L.C., and LLS-International, who acted as TruGreen's agents for purposes of applying for H-2B visas and processing those visas at the U.S. Consulate in Monterrey, Mexico.[2] *See* Objections to Requests 10, 11, 15, 16, 18.

3. In addition to the above objections, Defendants objected to Interrogatory 21, which sought the facts supporting Defendants' affirmative defense of good faith. Defendants objected "on the grounds that to answer this Interrogatory necessarily would require Defendants to divulge information and/or legal theory and strategy developed in anticipation of and/or in the course of the defense of the instant action."

4. In an effort to try to resolve these objections and avoid a motion to compel, counsel for Plaintiff and Defendants have engaged in lengthy correspondence. As a result of that correspondence, Defendants produced some documents relevant to the class and some supplemental answers to interrogatories. Defendants produced some documents relevant to 2003, 2005, and 2006, and some documents from its agents Great Lakes Labor, L.L.C., and LLS

---

[2] Defendants' objection stated, "Defendants object to this [discovery request] to the extent it is directed at a third-party." In response to Request for Production 18, Defendants expanded on this stating: "Defendants also object to the use of the phrase "agents" which is not defined herein, to the extent that Plaintiff suggests that TruGreen had an agency relationship with a third party, as that phrase is legally defined (modified only by contract), and Defendants do not

3

that were responsive to Requests for Production 11, 15, 16, and 18.

5. Defendants continue to refuse to provide answers or complete answers to the following discovery requests which are critical to Plaintiff's class certification motion:

>Requests for Admission 1, 2, 3, 4, 5, 6, 7, 30, 31, 32;

>Interrogatories 7, 9, 21, 31; and,

>Requests for Production 10, 11, 15, 16, 18, 39 and 40.

6. As set forth in the memorandum of law filed herewith, Defendants' objections are without merit and Plaintiff is entitled to the discovery requested.

>Respectfully submitted,

>/s/ Vivian Rapposelli

>Vivian L. Rapposelli
>DE Bar No. 3204
>Rapposelli & Gonzales
>1300 Grant Ave., Suite 100
>Wilmington, DE 19806
>Tel: 302-652-8711

>Edward Tuddenham
>Tx Bar No. 20282300
>153 Upland Rd.
>Cambridge, MA 02140
>Tel: 617-576-2182

>ATTORNEYS FOR PLAINTIFF

---

concede in answering this Request that any such agency relationship exists."

CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiff attempted to resolve the discovery disputes set forth in this motion by letter of October 2, 2006, November 1, November 8, November 16, November 17, December 6, 2006 and April 9, 2007 to counsel for Defendants. Defendants responded by letters of October 20, November 8, November 14, November 17, November 27, 2006. The parties were unable to reach agreement on the matters set forth in this motion.

/s/ Vivian L. Rapposelli

Vivian L. Rapposelli

CERTIFICATE OF SERVICE

I certify that on this 20th day of April 2007, I served the foregoing document on Defendants by e-mailing it to the Defendants' attorneys as follows:

Michael P. Kelly      Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St., 18th Floor
Wilmington, DE 19801

Michael Banks      sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St.
Philadelphia, PA 19103      /s/ Vivian L. Rapposelli

Vivian L. Rapposelli

5