IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

    Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

    Defendants.

CA 1:06-cv-00185 (GMS)

Class Action

## PLAINTIFF'S BRIEF IN SUPPORT OF
## MOTION TO COMPEL DISCOVERY RESPONSES

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd.
Cambridge, MA 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

1

Now comes Plaintiff Ramon Villanueva, and files this memorandum of law in support of his motion to compel discovery responses.

### A. Statement of the Case

Plaintiff Ramon Villanueva-Bazaldua is a Mexican National who, along with other foreign workers, worked as a landscape laborer for Defendant TruGreen Limited Partners d/b/a TruGreen Chemlawn (hereafter referred to as "TruGreen"). Each year since at least 2003, TruGreen obtained permission to import Mexican workers on a temporary basis pursuant to the federal government's H-2B visa program, codified at 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Plaintiff alleges four causes of action: (1) violation of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA); (2) breach of contract; (3) fraud; and (4) breach of the covenant of good faith and fair dealing. The FLSA claim is brought as a 29 U.S.C §216(b) collective action on behalf of "all H-2B workers employed by TruGreen between 2003 and 2006." The other claims are brought as a Rule 23(b)(3) class action on behalf of the same class. Plaintiff is conducting discovery in preparation for filing his motion to certify the other claims in this action as Rule 23 class claims.

### B. Discovery Requests At Issue

The instant motion seeks to compel TruGreen to provide complete answers to the following discovery requests:

Requests for Admissions: 1, 2, 3, 5, 6, 7, 30, 31, and 32 [Appendix 4-13];

Interrogatories: 7, 9, 21, 31 [Appendix 15-24]; and

Requests for Production: 10, 11, 15, 16, 18, 39 and 40 [Appendix 27-37].

Copies of these discovery requests and Defendants' responses are included in Plaintiff's Appendix to this motion as indicated above. As explained below, these discovery requests seek information regarding the visa and transportation expenses at issue in this action, the "bonuses" paid by TruGreen managers, the terms and conditions of employment offered to the putative class members, and regarding two of TruGreen's affirmative defenses. These discovery requests are relevant to establishing the existence of common questions among the class members. Defendants asserted three blanket objections to these requests. To avoid unnecessary repetition, Plaintiff will first address TruGreen's three objections then discuss the details of each of the individual discovery requests.

## ARGUMENT

## I. DEFENDANTS' THREE OBJECTIONS ARE WITHOUT MERIT

### A. Plaintiff Is Entitled To Discovery To Prepare His Class Certification Motion

Defendants' initial objection to Plaintiff's discovery requests states:

> The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions is premature and beyond the scope of permissible discovery at this time.

This objection is without legal basis. The Federal Rules allow a party to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of

a party." Fed. R. Civ. P. 26(b)(1). That obviously includes matters relevant to class allegations so that a plaintiff may prepare his motion for class certification. *See East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 405-06 (1977) (some discovery is clearly desirable before there is a decision on class certification); *Oppenheimer Fund, Inc. V. Sanders*, 437 U.S. 340, 351 n. 13 (1978) (discovery "has often been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, including numerosity, common questions, and adequacy of representation."); *In re. ML-Lee Acquisition Fund Securities Litigation*, 149 F.R.D. 506 (D.Del 1993) (granting motion to compel pre-certification discovery relevant to Rule 23(a)(4)); *N.O.W. v. Sperry Rand Corp*, 88 F.R.D. 272, 277 (D.Conn. 1980) (class discovery "must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet [the requirements of Rule 23]"); *Plummer v. Chicago Journeyman Plumbers' Local*, 77 F.R.D. 399, 403 (N.D. Ill. 1977) ("Clearly the question whether the plaintiffs should be permitted to proceed as a class is relevant to the subject matter of this litigation and thus a proper subject of discovery.") As the Court noted in *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962 (2nd Cir 1978):

> Failure to allow discovery, where there are substantial factual
> issues relevant to certification of the class, makes it impossible for
> the party seeking discovery to make an adequate presentation
> either in its memoranda of law or at the hearing on the motion if
> one is so held.

*Id.* at 966.

For all of the foregoing reasons, Defendants objection to providing discovery

related to the class allegations is without merit.

### B. TruGreen's Objection To Discovery Related To The Years 2003, 2005 and 2006 Is Without Merit

Defendants' second blanket objection to Plaintiff's discovery requests stated:

> Defendant further objects to this [discovery request] to the extent that it relates to a time period other than 2004, the only year in which Plaintiff was employed by TruGreen."

This objection is simply a variation on Defendants' general refusal to respond to class discovery and it is similarly lacking in merit. There is no requirement in Rule 23, or anywhere else, that says a class representative in an employment action can only represent class members employed at the same time the representative was. To the contrary, the law is clear that a named plaintiff can represent as broad a class as he wants, including class members employed before and after the named plaintiff, as long as the requirements of Rule 23 are met. *See, e.g., Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3rd Cir. 1974) *cert. denied* 421 U.S. 1011 (1975) (former employees were adequate representatives of past and present employees); *Molthan v. Temple Univ.*, 88 F.R.D. 368, (E.D. Pa 1979)(same); *Franks v. O'Connor Corp.*, 1993 WL 76212 AT * 7 Fn 2 (E.D. Pa. 1993) (past and present employees may properly be included in same class); *Rivera v. Brickman,* CA No. 05-1518 at 8 (E.D. Pa. Report and Recommendation Nov. 10, 2005) (D.I. 16 at A-89) *approved by* Order of Dec. 22, 2005 (D.I. 16 at A-102) (approving inclusion of 2005 H-2B landscape workers in FLSA collective action over defendant's objection that named plaintiffs only worked in 2004); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004) (certifying FLSA collective action of all workers employed during the three years preceding the filing of the complaint even

though the named plaintiff only worked for about seven weeks). *Champneys v Ferguson Enterp., Inc*, 2003 WL 1562219 at *5-6 (S.D. Ind. 2003) (rejecting defendant's argument that class must be defined to coincide with the time period that the named plaintiff worked and rejecting argument that, because named plaintiff did not work for predecessor company, class could not contain members who worked for that company). The above cases make clear that neither Rule 23 classes nor FLSA collective actions should be arbitrarily limited in scope by the specific dates that the representative was employed. To the contrary, if the common legal and factual issues which bind the class together remain the same over several years, and, if there are no conflicts between the class members employed at different points in time, the class can encompass all such members. Plaintiff's complaint alleges that all H-2B workers employed in 2003, 2004, 2005 and 2006 were victims of Defendants' 'bait and switch' recruitment tactics. Plaintiff is clearly entitled to conduct discovery in order to support those allegations in his motion for class certification. TruGreen seems to recognize that this objection is not well taken as it has produced many documents relating to the 2003-2006 period. The problem is that it has not produced many of the relevant documents. For example, TruGreen has yet to provide Plaintiff with a complete set of the visa applications filed between 2003 and 2006. *See* footnote 3, *infra* at 10.

### C. Defendants' Objection To Providing Discovery In The Possession Of Its Agents Is Without Merit.

TruGreen objected to producing documents in the possession of Great Lakes Labor, LLC, and LLS-International, who acted as TruGreen's agents for purposes of applying for H-2B visas and processing those visas at the U.S. Consulate in Monterrey,

6

Mexico:

> Defendants object to this [discovery request] to the extent it is directed at a third-party."

As with TruGreen's other objections, this objection is without merit and is simply designed to prevent Plaintiff from gathering the evidence necessary for his motion for class certification.

Great Lakes Labor and LLS-International are clearly TruGreen's agents for purposes of applying for visas. See Appendix 39-40 (TruGreen Application for Alien Employment Certification listing Great Lakes Labor as "Agent"); Appendix 41 (Letter dated February 23, 2006 from J. Vacchiano, TruGreen, to U.S. Consulate designating LLS as TruGreen's agent); Appendix 42 (Letter dated October 15, 2003 from D. Forbes, TruGreen Human Resources Manager, to American Consulate, Monterrey, Mexico "authoriz[ing] Great Lakes Labor and its employees and LLS-International and its employees to act as my agent for purposes of processing visas at the American Consulate in Monterrey, Mexico").

Inasmuch as Great Lakes Labor and LLS were acting as TruGreen's agents, TruGreen clearly has the power to control documents in the possession of these agents. *Rosie D. v. Romney*, 256 F.Supp.2d 115, 119 (D. Mass. 2003) (control over documents "may be established by the existence of a principal-agent relationship"); *McKesson Corp V. Islamic Republic of Iran*, 185 F.R.D. 70, 78 (D.D.C. 1999). Accordingly, Plaintiffs are entitled to documents responsive to the discovery requests listed above in the possession of TruGreen's agents Great Lakes Labor and LLS-Mexico.

Having disposed of TruGreen's blanket objections, Plaintiff will now turn to the

7

specific discovery requests at issue.

## II. PLAINTIFF'S DISCOVERY REQUESTS ARE RELEVANT TO HIS CLASS CERTIFICATION MOTION AND DO NOT POSE A SUBSTANTIAL BURDEN ON DEFENDANT

### A. Admissions 1, 2, 3, 4, 5, 6 & 7; Interrogatories 7, 9

These discovery requests seek information regarding the expenses H-2B workers incurred in coming to the United States and reimbursement of those expenses, if any, made by TruGreen. Admission 1 asks TruGreen to admit that all of its H-2B workers incurred the same expenses getting to the United States and returning to Mexico; Admissions 2, 3, 4, and 5 ask TruGreen to admit that it did not advance, pay for, or reimburse those expenses on behalf of any H-2B worker, and Admissions 7 and 9 ask TruGreen to admit that it did not take those expenses into account in determining whether its H-2B workers earned the minimum wage. Interrogatories 7 and 9 seek an explanation if any of Admissions 1, 2, 3, 6 or 7 are denied. These admissions and the related interrogatories are clearly relevant to the question of whether Plaintiff's allegations about these expenses and TruGreen's failure to reimburse them present questions common to the class. There is nothing burdensome about answering the admissions or, if they are denied, explaining the basis for the denial. Accordingly, Plaintiff is clearly entitled to answers to these admissions.

### B. Interrogatory 31 and Request for Production 10

TruGreen has argued that its branch managers paid "bonuses" to workers upon arrival and that these payments may have offset the disputed visa and travel expenses, rendering Plaintiff's claim atypical, *see* D.I. 18 at Ex. A at 3 (Affidavit of James

Vacchiano). To address this issue, Plaintiff served Interrogatory 31 which asks for specific information about the amounts of the "bonuses" that were paid to H-2B workers. He also sought to obtain "documents discussing, paying for, advancing, or reimbursing" H-2B workers visa, passport, and transportation costs through Request for Production 10[1]. Plainly if TruGreen is going to argue that H-2B workers do not present common questions because of the "bonuses" paid by its branch managers, Plaintiff is entitled to discovery concerning those bonuses. Given the fact that there are fewer than 500 class members and the fact that the "bonuses" were one-time payments uniform within a branch office, there is nothing burdensome about providing this discovery.

### C. Request for Production 11, 15, 16, 18, 39

Plaintiff contends that he and other H-2B workers were not paid at the wage rate set forth in TruGreen's visa applications nor were they paid at the rate offered to H-2B workers in Mexico. In order to establish that this is, indeed, a question common to the class and to help establish the number of class members affected by this violation, Plaintiff requested copies of documents related to TruGreen's visa applications and correspondence with government agencies related to those applications (Requests 11, 15, 16, 17, 18), as well as disclosure documents provided to workers (Request 39). TruGreen has produced some of these documents,[2] but continues to refuse to produce the bulk of

---

[1] The request for production is broader than this but Plaintiff's motion to compel is limited to this aspect of the request.

[2] Defendants have produced some documents relating to 2003, 2004, 2005 and 2006, including some documents in the possession of Great Lakes Labor LLC, and LLS International, entities that assisted TruGreen with its visa applications. However the documents produced are incomplete and only partially respond to the requests for

them. For example, TruGreen has produced none of the DOL visa application forms (Form ETA-750) for 2003 and many of those relating to subsequent years have also not been produced.[3]

Plaintiff seeks a variety of other documents provided to the government from which the promised terms of work can arise, including correspondence with state employment service offices, petitions to the U.S. Department of Labor (form ETA-750), petitions to the Immigration Service (form I-129) as well as Department of State documents (DS 156). *See Salazar v. Presidio Valley Farmers Association*, 765 F.2d 1334, 1343 (5th Cir. 1985) (holding terms appearing in INS petition or DOL petition were

---

production. The discovery requests were served August 28 and Defendants have had ample time to produce the requested documents.

[3] The following is a list of the TruGreen Offices indicating the years for which the visa applications have not been produced

| Office | Years |
|---|---|
| Newport, DE | 2003, 2005 |
| Warminster, PA | 2003 |
| Gaithersburg, MD | 2003, 2004, 2005 |
| Sterling, VA | 2003 |
| Richmond, VA | 2005, 2006 |
| Thorofare, NJ | 2003, 2004 |
| Randolph, NJ | 2003, 2006 |
| S. Plainfield, NJ, | 2003, 2004, 2005, 2006 |
| Farmingdale, NJ | 2003, 2004, 2005, 2006 |
| Upper Saddle River, NJ | 2003, 2004, 2005 and 2006 |
| Plymouth, MA (Boston East) | 2006 |
| Franklin, MA (Boston West) | 2006 |
| Westerville, OH (Columbus N) | 2003 |
| Maple Grove, MN | 2003 |
| Westerbrook, ME (Portland) | 2006 |
| Rocky Hill, CT | 2006 |
| Yaphank, NY | 2003, 2004, 2006 |
| Fishers, IN | 2003 |

contractually enforceable). Obtaining these documents is clearly relevant to Plaintiff's claim that the actual wages paid of H-2B workers did not comport with the contractual promises made to DOL, the Bureau of Citizenship and Immigration Service (CIS), and the workers. These requests can hardly be described as burdensome inasmuch as all of the documents are clearly described and relate to the narrow issue of Defendants' visa applications.

### C. Admissions 30, 31, 32

As part of his effort to establish that TruGreen's H-2B workers were paid in a manner different from the payment terms described to the workers in Mexico, Plaintiff promulgated Admissions 30, 31, and 32. Those admissions asked TruGreen to admit that neither of its agents who were involved in the recruitment of H-2B workers, LLS and Great Lakes Labor, disclosed to H-2B workers the "specialist compensation plan" (described on document RV-0008), that was used to pay Plaintiff and other H-2B workers. These admissions are relevant to establishing the common factual circumstances of the class, an element of Plaintiff's class certification burden. Plaintiff should not have to travel to Mexico to depose these individuals if an admission will suffice to provide the needed evidence.

### D. Interrogatory 21 and Request For Production 40

These discovery requests relate to Defendants' affirmative defenses. Defendants' third affirmative defense claims that TruGreen acted in good faith. Accordingly Plaintiff's Interrogatory No. 21 asks for the "facts and application of law to fact upon which you rely in alleging your third affirmative defense." Defendants' sixth affirmative

defense states that "Defendant TruGreen, Inc. is not a proper party to this action." In light of that defense, Plaintiff sent Request for Production 40 which seek documents "relating to or concerning TruGreen's sixth affirmative defense, including documents evidencing the legal relationship between TruGreen, Inc. and TruGreen Limited Partnership." Plainly Plaintiff is entitled to discovery concerning Defendants' affirmative defenses even apart from his class allegations. However, it is especially important for his class motion to be able to determine whether these defenses raise any individual questions.

Defendant's objection to Interrogatory 21, that the answer "would require Defendants to divulge information and/or legal theory and strategy developed in anticipation of and/or in the course of the defense of the instant action" is not a valid objection. The whole purpose of contention interrogatories like number 21 is to discover the facts and legal theories that support an affirmative defense. That is what discovery is for. As for Request for Production 40, Defendants offered no specific objection, they simply did not produce the requested documents. Accordingly Plaintiff is entitled to a response to these discovery requests.

## CONCLUSION

For all of the foregoing reasons, Defendants' objections to the following discovery requests at issue are without merit: Requests for Admissions: 1, 2, 3, 5, 6, 7, 30, 31, and 32; Interrogatories: 7, 9, 21, and 31; and Requests for Production: 10, 15, 16, 18, 39 and 40. Defendants should be Ordered to provide Plaintiff complete answers to these requests including complete information relating to all years 2003 through 2006 and

information in the possession of Defendants' agents Great Lakes Labor and LLS.

Respectfully submitted,

/s/ Vivian L. Rapposelli
_____
Vivian L. Rapposelli
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd
Cambridge, MA 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

      I certify that on this 20th day of April 2007, I served the foregoing document on Defendants by e-mailing it to the Defendants' attorneys as follows:

Michael P. Kelly      Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St., 18th Floor
Wilmington, DE 19801

Michael Banks      sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St.
Philadelphia, PA 19103      /s/ Vivian L. Rapposelli

                                        Vivian L. Rapposelli