IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

        CA 1:06-cv-00185-GMS

     Plaintiff

        Class Action

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

     Defendants.

---

PLAINTIFF'S APPENDIX
TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Vivian L. Rapposelli
DE. Bar No.: 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, Delaware 19806
Tel: 302-652-8711

Edward Tuddenham
Tx Bar No. 20282300
153 Upland Rd.
Cambridge, Mass 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

1

# TABLE OF CONTENTS

REQUESTS FOR ADMISSION AND RESPONSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-4

    Admission 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-4

    Admission 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-6

    Admission 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-7

    Admission 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-8

    Admission 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-9

    Admission 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-9

    Admission 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-10

    Admission 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-12

    Admission 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-12

    Admission 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-13

INTERROGATORIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-15

    Interrogatory 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-18

    Interrogatory 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-20

    Interrogatory 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-22

    Interrogatory 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-24

REQUESTS FOR PRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-27

    Request 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-30

    Request 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-31

    Request 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-33

    Request 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-34

Request 18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-35

Request 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-37

Request 40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-37

TruGreen visa petition dated 10.30.03. . . . . . . . . . . . . . . . . . . . . . . . . . A-39

Letter dated 2.23.06 from J. Vacchiano, TruGreen to U.S. Consulate. . . . . . . . . . . . . . . . . . A-41

Letter dates 10.15.03 from D. Forbes, TruGreen to U.S. Consulate . . . . . . . . . . . . . . . . . . . A-42

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TRUGREEN LIMITED PARTNERS[1] and, TRUGREEN, INC.[2], d/b/a TRUGREEN CHEMLAWN[3], | ) ) ) ) |
| Defendant. | ) ) |

Civil Action No.: 06-185 (GMS)

### DEFENDANTS' RESPONSES TO
### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendants TruGreen Limited Partnership, d/b/a TruGreen Chemlawn, as well as

TruGreen, Inc. (hereinafter "Defendants" or "TruGreen"), by their attorneys, for their objections

and answers to Plaintiff's First Request for Admissions, state as follows:

**REQUEST NO. 1.**    TruGreen H-2B workers incurred the following expenses in
coming to work for TruGreen Limited Partners in each of the years 2003, 2004, 2005 and 2006:

    a. $100 H-2B visa application fee;
    b. $100 H-2B visa issuance fee;
    c. $6 I-94 fee paid at port of entry;
    d. $155 administrative fee paid to LLS;
    e. Transportation from the H-2B worker's permanent home, or if different, from the
         place of recruitment in Mexico, to the U.S. consulate where his visa was issued;
    f. Transportation from the point where the H-2B visa was issued to the work place in the
         United States;

---

[1]    The correct legal name is TruGreen Limited Partnership.

[2]    TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this action.

[3]    TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

    g. Costs of overnight accommodations incurred between the worker's home and the
        worker's work place in the United States;

    h. Costs of obtaining a Mexican passport and photographs for the visa;

    i. Cost of uniform(s) worn during work.

(Admit or deny separately for each item and for each year unless the answer is the same for all
items or all years.)

**RESPONSE:**

    *Defendants object to this Request for Admission No. 1 on the grounds that it is*

*overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of*

*admissible evidence concerning matters currently at issue in this case. The Court has neither*

*certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the*

*only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on*

*claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of*

*others in different states and regions is premature and beyond the scope of permissible discovery*

*at this time. Defendants further object to this Request for Admission No. 1 on the grounds that it*

*calls for speculation and on the grounds that it is overly broad in temporal scope given that*

*Plaintiff worked for TruGreen only in 2004.*

    *Subject to and without waiver of the foregoing objections, Defendants deny that Plaintiff*

*incurred any costs or expenses for uniforms worn during work, as Defendants supplied and*

*cleaned (and continue to supply and clean) uniforms at no cost to every employee in the field,*

*including Plaintiff. Defendants admit that the costs described in subsections (a) through (c)*

*refer to current H-2B visa-related fees established by the federal government for purposes of*

*obtaining an H-2B visa and that the fees described in subsection (d) are established by LLS*

*International ("LLS") in connection with its assistance to individuals, including Plaintiff, who*

*use LLS's services to obtain employment in the United States. To the best of Defendants'*

*knowledge, information, and belief, Plaintiff, or someone on his behalf, incurred the costs*

*described in 1(a) through (d). Defendants are unaware whether or to what extent Plaintiff*

*incurred costs of transportation and/or accommodation or costs of a Mexican passport and/or*

*photographs, and, therefore, those assertions are denied.*

**REQUEST NO. 2.**    TruGreen Limited Partnership did not pay for any portion of the following costs on behalf of your H-2B workers in 2003, 2004, 2005 and 2006:

a. $100 H-2B visa application fee;
b. $100 H-2B visa issuance fee;
c. $6 I-94 fee paid at port of entry;
d. $155 administrative fee paid to LLS;
e. Transportation from the H-2B worker's permanent home, or if different, from the place of recruitment in Mexico, to the U.S. consulate where his visa was issued;
f. Transportation from the point where the H-2B visa was issued to the work place in the United States;
g. Costs of overnight accommodations incurred between the worker's home and the worker's work place in the United States;
h. Costs of obtaining a Mexican passport and photographs for the visa;
i. Cost of uniform(s) worn during work.

(Admit or deny separately for each item and for each year unless the answer is the same for all items or all years.)

**RESPONSE:**

*Defendants object to this Request for Admission No. 2 on the grounds that it is*

*overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of*

*admissible evidence concerning matters currently at issue in this case. The Court has neither*

*certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the*

*only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on*

*claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of*

*others in different states and regions is premature and beyond the scope of permissible discovery*

*at this time. Defendants further object to this Request for Admission No. 2 on the grounds that it*

*is overly broad in temporal scope given that Plaintiff worked for TruGreen only in 2004.*

*Subject to and without waiver of the foregoing objections, Defendants deny that TruGreen did not pay for Plaintiff's uniform costs; rather, TruGreen supplied and cleaned uniforms at no cost to any employee in the field, including Plaintiff. Defendants admit that TruGreen did not pay for any costs Plaintiff might have incurred in connection with obtaining his H-2B visa and/or traveling to the United States from his residence in Mexico, but TruGreen denies that it had any legal obligation to do so.*

**REQUEST NO. 3.**    TruGreen Limited Partnership did not advance or reimburse any portion of the following costs on behalf of your H-2B workers in 2003, 2004, 2005 and 2006:

    a. $100 H-2B visa application fee;
    b. $100 H-2B visa issuance fee;
    c. $6 I-94 fee paid at port of entry;
    d. $155 administrative fee paid to LLS;
    e. Transportation from the H-2B worker's permanent home, or if different, from the place of recruitment in Mexico, to the U.S. consulate where his visa was issued;
    f. Transportation from the point where the H-2B visa was issued to the work place in the United States;
    g. Costs of overnight accommodations incurred between the worker's home and the worker's work place in the United States;
    h. Costs of obtaining a Mexican passport and photographs for the visa;
    i. Cost of uniform(s) worn during work.

(Admit or deny separately for each item and for each year unless the answer is the same for all items or all years.)

**RESPONSE:**

*Defendants object to this Request for Admission No. 3 on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions is premature and beyond the scope of permissible discovery*

*at this time. Defendants further object to this Request for Admission No. 3 on the grounds that it*

*is overly broad in temporal scope given that Plaintiff worked for TruGreen only in 2004.*

*Subject to and without waiver of the foregoing objections, Request No. 3 is denied.*

*TruGreen supplied and cleaned uniforms at no cost to any employee in the field, including*

*Plaintiff. Further, Plaintiff's Branch Manager provided Plaintiff and all other H-2B workers*

*arriving in Wilmington in March 2004 a monetary advance that was not repaid to TruGreen and*

*that Plaintiff was free to use as he deemed appropriate. TruGreen further denies that it had any*

*legal obligation to advance or reimburse Plaintiff any costs incurred in obtaining his H-2B visa*

*and/or traveling to the United States.*

**REQUEST NO. 4.**    TruGreen did not pay for the costs of return transportation to
Mexico for any of its 2003, 2004, or 2005 H-2B workers who voluntarily left their jobs either
prior to, or at the end of, the work period specified in the ETA-750. (Admit or deny separately
for each year unless the answer is the same for all years.)

**RESPONSE:**

*Defendants object to this Request for Admission No. 4 on the grounds that it is*

*overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of*

*admissible evidence concerning matters currently at issue in this case. The Court has neither*

*certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the*

*only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on*

*claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of*

*others in different states and regions is premature and beyond the scope of permissible discovery*

*at this time. Defendants further object to this Request for Admission No. 4 on the grounds that it*

*is overly broad in temporal scope given that Plaintiff worked for TruGreen only in 2004.*

*Subject to and without waiver of the foregoing objections, Request for Admission No. 4 is*

*denied. To the contrary, TruGreen paid for Plaintiff's one-way return air transportation from*

*Wilmington (via Philadelphia) to the Leon-Guanajuato Del Bajio Airport on or about July 11,*

*2004. TruGreen further denies that it had any legal obligation to do so.*

**REQUEST NO. 5.**    TruGreen has not offered to pay any of its 2006 H-2B workers who complete the work term specified in the ETA-750, or who voluntarily leave prior to that time, the costs of their return transportation to Mexico.

## RESPONSE:

*Defendants object to this Request for Admission No. 5 on the grounds that it is*

*overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of*

*admissible evidence concerning matters currently at issue in this case.  The Court has neither*

*certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the*

*only claims presently at issue herein are those asserted by Plaintiff.  Consequently, discovery on*

*claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of*

*others in different states and regions is premature and beyond the scope of permissible discovery*

*at this time.*

*Subject to and without waiver of the foregoing objections, Defendants deny this Request*

*for Admission No. 5 as stated.  TruGreen is not obligated by law to pay any of its H-2B workers*

*for the costs of their return from the United States if such employee leaves voluntarily or*

*completes the work term specified in ETA-750 and, therefore, TruGreen does not have a specific*

*policy or practice providing for such reimbursement.  Such decisions are left to the discretion of*

*the Branch Manager.*

**REQUEST NO. 6.**    TruGreen did not take into account any of the expenses listed in Admission 1(a)-(i) in determining whether its H-2B workers earned at least the minimum wage during their first work week and, if applicable, the proper amount of overtime during that work week. (Admit or deny separately for each item and for each of the years 2003, 2004, 2005 and 2006 unless the answer is the same for all items or all years.)

**RESPONSE:**

*Defendants object to this Request for Admission No. 6 on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions is premature and beyond the scope of permissible discovery at this time.*

*Subject to and without waiver of the foregoing objections, and subject to the clarification that neither Plaintiff nor any employee in the field incurred any costs for uniforms, Request for Admission No. 6 is admitted as to Plaintiff. TruGreen does not have any legal obligation to consider such costs in its calculation of Plaintiff's minimum wage. Plaintiff did not work in excess of forty (40) hours in his first workweek with TruGreen and, therefore, was not entitled to overtime at that time.*

**REQUEST NO. 7.**    TruGreen Limited Partnership did not take into account the cost of return transportation to Mexico paid by its H-2B workers in determining whether it paid its H-2B workers at least the minimum wage during their last work week and, if applicable, the proper amount of overtime during that work week. (Admit or deny separately for each item and for each of the years 2003, 2004, and 2005 unless the answer is the same for all items or all years.)

**RESPONSE:**

*Defendants object to this Request for Admission No. 7 on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on*

*claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of*

*others in different states and regions is premature and beyond the scope of permissible discovery*

*at this time.*

*Subject to and without waiver of the foregoing objections, Request for Admission No. 7 is*

*denied as stated as to Plaintiff. TruGreen paid for Plaintiff's return transportation from*

*Wilmington to Mexico without seeking or expecting any contribution from Plaintiff, and,*

*therefore, Plaintiff did not incur any such costs. TruGreen further denies that it was legally*

*obligated to pay for such expenses.*

**REQUEST NO. 8.**    The expenses listed in request for admission 1(a)-(i) were "primarily for the benefit or convenience of the employer" as that term is used in 29 C.F.R. § 531.32. (Admit or deny separately for each item of expense unless the answer is the same for all items.)

**RESPONSE:**

*Defendants object to this Request for Admission No. 8 on the grounds that it is*

*overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of*

*admissible evidence concerning matters currently at issue in this case. The Court has neither*

*certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the*

*only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on*

*claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of*

*others in different states and regions is premature and beyond the scope of permissible discovery*

*at this time.*

*Subject to and without waiver of the foregoing objections, Defendants admit only that the*

*uniform costs and expenses referenced in Request for Admission No. 1(i) were "primarily for the*

*benefit or convenience of the employer" as that term is used in 29 C.F.R. § 531.32. The*

*remainder of Request for Admission No. 8 is denied. To the contrary, to the extent such expenses*

*or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions is premature and beyond the scope of permissible discovery at this time.*

*Subject to and without waiver of the foregoing objections, Request for Admission No. 29 is denied as to Plaintiff. At the time of his recruitment, Plaintiff had not yet been identified as a Specialist and, therefore, TruGreen would not have had any reason to assume that he would be compensated using a fluctuating workweek and/or a Specialist's compensation plan.*

**REQUEST NO. 30.** Jeff West and LLS did not disclose to TruGreen H-2B workers, including Plaintiff, prior to their entering the U.S. in 2003, 2004, 2005, and 2006 that they would be paid using the overtime methodology set forth on document RV-0008 attached hereto.

**RESPONSE:**

*Defendants object to this Request for Admission No. 30 on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions across the country is premature and beyond the scope of permissible discovery at this time. Defendants further object to this Request for Admission to the extent it is directed at a third-party and, therefore, requires Defendants to speculate.*

*Subject to and without waiver of the foregoing objections, Defendants specifically incorporate the Response to Request for Admission No. 29 as though fully set forth herein.*

**REQUEST NO. 31.** Great Lakes Labor LLC did not disclose to TruGreen H-2B workers, including Plaintiff, prior to their entering the U.S. in 2003, 2004, 2005, and 2006 that they would be paid using the overtime methodology set forth on document RV-0008 attached hereto.

**RESPONSE:**

Defendants object to this Request for Admission No. 31 on the grounds that it is

overbroad and not reasonably calculated to lead to the discovery of admissible evidence

concerning matters currently at issue in this case.   The Court has neither certified this case as a

class nor ordered a Court-facilitated notice of a collective action, and the only claims presently

at issue herein are those asserted by Plaintiff.  Consequently, discovery on claims Plaintiff may

or may not be permitted to pursue in the future on behalf of hundreds of others  in different states

and regions across the country is premature and beyond the scope of permissible discovery at

this time. Defendants further object to this Request for Admission to the extent it is directed at a

third-party and, therefore, requires Defendants to speculate.

Subject to and without waiver of the foregoing objections, Defendants specifically

incorporate the Response to Request for Admission No. 29 as though fully set forth herein.

**REQUEST NO. 32.**   Tracy Drues did not disclose to TruGreen H-2B workers, including
Plaintiff, prior to their entering the U.S. in 2003, 2004, 2005, and 2006, that they would be paid
using the overtime methodology set forth on document RV-0008 attached hereto.

**RESPONSE:**

Defendants object to this Request for Admission No. 32 on the grounds that it is

overbroad and not reasonably calculated to lead to the discovery of admissible evidence

concerning matters currently at issue in this case.   The Court has neither certified this case as a

class nor ordered a Court-facilitated notice of a collective action, and the only claims presently

at issue herein are those asserted by Plaintiff.  Consequently, discovery on claims Plaintiff may

or may not be permitted to pursue in the future on behalf of hundreds of others  in different states

and regions across the country is premature and beyond the scope of permissible discovery at

this time. Defendants further object to this Request for Admission to the extent it is directed at a

third-party and, therefore, requires Defendants to speculate.

*Subject to and without waiver of the foregoing objections, Defendants specifically incorporate the Response to Request for Admission No. 29 as though fully set forth herein.*

McCARTER & ENGLISH, LLP

Michael P. Kelly (DE Bar ID #2295)
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801
(302) 984-6301

*Admitted Pro Hac Vice*
Michael L. Banks (PA I.D. #35052)
Sarah E. Bouchard (PA I.D. #77088)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5387/5077

Dated: September 28, 2006                Attorneys for TruGreen

Motion to Compel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA,                )
individually and on behalf of others      )
similarly situated,                       )
                                          )
          Plaintiff,                      )    Civil Action No.:  06-185 (GMS)
                                          )
     v.                                   )
                                          )
TRUGREEN LIMITED PARTNERS[1] and,         )
TRUGREEN, INC.[2], d/b/a TRUGREEN         )
CHEMLAWN[3],                              )
                                          )
          Defendant.                      )

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Defendants TruGreen Limited Partnership, d/b/a TruGreen Chemlawn, as well as

TruGreen, Inc. (hereinafter or "Defendants" or "TruGreen"), by their attorneys, in response to

Plaintiff's Interrogatories to Defendant, state as follows:

### DEFINITIONS

As used herein:

1.    "Burdensome" means that the request requires an unduly burdensome search for

information or documents that are of little value or no value to this lawsuit, so that any value

derived from production is far outweighed by the incumbent burden required to produce the

document.

---

[1]    The correct legal name is TruGreen Limited Partnership.

[2]    TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this
action.

[3]    TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited
Partnership does do business as (d/b/a) TruGreen Chemlawn.

ME1\5873140.1

2.    "Overbroad" means that the request seeks information that is not relevant to any present or potential issues in this litigation.

3.    "Vague" means that the request is drafted in such a way that it does not convey, with reasonable clarity, what is requested of TruGreen, with the effect that TruGreen is required to guess the intended meaning of Plaintiff's request.

## GENERAL OBJECTIONS

1.    **Relevance.**  Defendants object to each Interrogatory to the extent that it seeks information or documents that are not relevant to the subject matter or issues involved in this action or information or documents not reasonably calculated to lead to the discovery of admissible evidence.

2.    **Overbroad and unduly burdensome.**  Defendants object to each Interrogatory to the extent that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    **Privilege.**  Defendants object to each Interrogatory to the extent that it calls for disclosure of information that is protected by the attorney/client privilege or work product privilege or both.  Defendants also object to each Interrogatory to the extent it calls for disclosure of information prepared in anticipation of litigation or trial preparation material.

4.    **Vague.**  Defendants object to each Interrogatory to the extent that it is ambiguous and too vague to adequately apprise Defendants of what information is being sought or permit Defendants to furnish such information with reasonable effort.

5.    **Accessibility.**  Defendants object to each Interrogatory to the extent that Plaintiff seeks information already in Plaintiff's possession, or which is as accessible to Plaintiff as well as Defendants.

MEI\5873140.1

6.    **Confidential and proprietary/sensitive business information.** Defendants object to each Interrogatory to the extent that Plaintiff seeks disclosure of confidential, proprietary, and/or sensitive business information, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law. To the extent that this objection has been stated, Defendants will not disclose any such information without the execution of an appropriate Confidentiality Stipulation and/or Protective Order.

7.    **Speculative.** Defendants object to each Interrogatory to the extent that it calls for Defendants to speculate in order to respond.

8.    **Argumentative.** Defendants object to each Interrogatory to the extent that it uses argumentative terms or otherwise implies facts which Defendants deny.

9.    **Redundant.** Defendants object to each Interrogatory to the extent that it is repetitive of a prior or subsequent Interrogatory or other discovery request, and it is neither practical nor feasible to answer such an Interrogatory or discovery request again.

10.    **Elaboration on documents.** Defendants object to each Interrogatory to the extent that it calls for an elaboration on documents, statements, and/or facts which otherwise speak for themselves.

## RESPONSES TO INTERROGATORIES

1.    Please state the address of each TruGreen office, branch, or location where TruGreen Limited Partnership employed H-2B workers in 2003, 2004, 2005, or 2006, indicate the number of H-2B workers employed in each such office, branch or location in each of those years, and identify the supervisor in charge of H-2B workers in each such office, branch or location in each of those years.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 6, and 8. Defendants specifically object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning*

*as requested by Great Lakes Labor. To the best of Defendants' knowledge, information, and*

*belief, Great Lakes Labor and/or LLS provided all information required by law to H-2B*

*applicants and employees, including Plaintiff.*

6.    State whether you explained or disclosed the following matters to Great Lakes
LLC, Tracy Drus, Jeff West and/or LLS: (1) TruGreen's method of calculating overtime for H-
2B workers, and (2) TruGreen's commission payment system. If the answer is yes to either or
both, state to whom the disclosure was made, when and to whom it was made, and describe in
detail what was disclosed.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, and 9. Defendants*

*further specifically object to this Interrogatory on the grounds that it is overbroad, unduly*

*burdensome, and not reasonably calculated to lead to the discovery of admissible evidence*

*concerning matters currently at issue in this case. The Court has neither certified this case as a*

*class nor ordered a Court-facilitated notice of a collective action, and the only claims presently*

*at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may*

*or may not be permitted to pursue in the future on behalf of other individuals in different states*

*and regions is premature and beyond the scope of permissible discovery at this time. Defendant*

*further objects to this Interrogatory to the extent it seeks information other than for the year*

*2004, the only year in which Plaintiff was employed by TruGreen, and other than for the position*

*of Specialist, which is the position held by Plaintiff during his employment with TruGreen.*

*Subject to and without waiver of the foregoing, see Defendants' Response to Request for*

*Admission Nos. 26 through 32. Jim Vacchiano's discussions regarding TruGreen's Specialist's*

*commission payment system were part of his discussion with Ms. Drus regarding TruGreen's*

*compensation plans specifically referenced in the cited Responses to Requests for Admission.*

7.    If you did not admit Admission No. 1, No. 2, or No. 3 with respect to any item of
expense in any year, state the factual basis for your response, including whether the item of
expense was paid for, advanced, or reimbursed for all of your H-2B workers or only some of

Motion to Compel

MEI\5873140.1

them. If the admissions are denied with respect to only some of your H-2B workers, identify the H-2B workers with respect to whom you deny the admission and indicate what determined whether a worker was the beneficiary of such a payment, advance, or reimbursement.

**RESPONSE:**

Defendants specifically incorporate General Objection Nos. 1, 2, 4, 5, 6, 8, and 9.

Defendants further specifically object to this Interrogatory on the grounds that it is overbroad,

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence concerning matters currently at issue in this case. The Court has neither certified this

case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims

presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims

Plaintiff may or may not be permitted to pursue in the future on behalf of other individuals in

different states and regions is premature and beyond the scope of permissible discovery at this

time. Defendants further object to this Interrogatory to the extent it seeks information other than

for the year 2004, the only year in which Plaintiff was employed by TruGreen. Information

regarding Plaintiff's expenses and amounts advanced/paid for/reimbursed to him is equally

accessible to Plaintiff.

Subject to and without waiver of the foregoing, see Defendants' Responses to Request for

Admission Nos. 1-3, which set forth information responsive to this Interrogatory as to Plaintiff.

8.      Describe in detail TruGreen's policy or practice with respect to paying return transportation costs for TruGreen H-2B workers. If the policy or practice varied from year to year describe the policy and practice in each of the years 2003, 204, 2005 and 2006.

**RESPONSE:**

Defendants specifically incorporate General Objection Nos. 1, 2, 4, 5, 8, and 9. This

Interrogatory improperly assumes that TruGreen has such a policy or practice. Defendants

further specifically object to this Interrogatory on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

Motion to Compel

*concerning matters currently at issue in this case. The Court has neither certified this case as a*

*class nor ordered a Court-facilitated notice of a collective action, and the only claims presently*

*at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may*

*or may not be permitted to pursue in the future on behalf of other individuals in different states*

*and regions is premature and beyond the scope of permissible discovery at this time. Defendants*

*further object to this Interrogatory to the extent it seeks information other than for the year 2004,*

*the only year in which Plaintiff was employed by TruGreen. Information regarding TruGreen's*

*payment for Plaintiff's return transportation costs is equally accessible to Plaintiff.*

*Subject to and without waiver of the foregoing objections, see Defendants' Response to*

*Request for Admission No. 4 and the credit card statement produced by TruGreen at TRU0006,*

*which evidences Plaintiff's return transportation from Wilmington (via Philadelphia) to Mexico*

*at TruGreen's expense. The decision whether to pay for or reimburse such return transportation*

*costs for an employee is made at the discretion of the Branch Manager.*

9.    If you denied any portions of Admission No. 6 or 7, state which expenses you
took into consideration in determining compliance with the FLSA and how those expenses were
taken into consideration. If such expenses were taken into account only for some of your H-2B
workers but not others, identify the H-2B workers for whom the expense(s) were taken into
account, and indicate what determined whether such expenses were or were not taken into
account.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, 5, 6, 8, and 9.*

*Defendants further specifically object to this Interrogatory on the grounds that it is overbroad,*

*unduly burdensome, and not reasonably calculated to lead to the discovery of admissible*

*evidence concerning matters currently at issue in this case. The Court has neither certified this*

*case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims*

*presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims*

ME1\5873140.1

*Plaintiff may or may not be permitted to pursue in the future on behalf of other individuals in*

*different states and regions is premature and beyond the scope of permissible discovery at this*

*time. Defendant further objects to this Interrogatory to the extent it seeks information other than*

*for the year 2004, the only year in which Plaintiff was employed by TruGreen.*

*Subject to and without waiver of the foregoing, see Responses to Requests for Admission*

*Nos. 6 and 7, which set forth information responsive to this Interrogatory as to Plaintiff.*

10.     If you denied Admission No. 8 with respect to any of the expenses listed in Admission 1(a)-(i) describe the facts and application of law to fact that you rely upon in denying that admission.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 2, 3, and 4. Defendants*

*specifically object to this Interrogatory on the grounds that to answer this Interrogatory*

*necessarily would require Defendants to divulge information and/or legal theory and strategy*

*developed in anticipation of and/or in the course of the defense of the instant action.*

11.     State all facts and application to fact that you rely upon in asserting your second affirmative defense.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 2, 3, and 4. Defendants*

*specifically object to this Interrogatory on the grounds that to answer this Interrogatory*

*necessarily would require Defendants to divulge information and/or legal theory and strategy*

*developed in anticipation of and/or in the course of the defense of the instant action.*

12.     Please identify each person who may have direct or indirect knowledge or

discoverable information relating to the allegations in the pending lawsuit or your defenses to

that lawsuit and state briefly the nature of the knowledge or discoverable information had by

each such person.

ME1\5873140.1

*or may not be permitted to pursue in the future on behalf of other individuals in different states*

*and regions is premature and beyond the scope of permissible discovery at this time.*

*Subject to and without waiver of the foregoing objections, and pursuant to Rule 33(d) of*

*the Federal Rules of Civil Procedure, Defendants will produce Plaintiff's payroll records from*

*which the answer to this Interrogatory can be ascertained by Plaintiff just as easily as by*

*Defendants.*

20.    Please identify each person from whom you have secured or taken a statement in connection with the pending lawsuit or any factual matter related thereto.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 3, 4, and 10. Defendants*

*specifically object to this Interrogatory on the grounds that to answer this Interrogatory would*

*disclose documents and other material obtained and/or prepared at the direction of counsel in*

*anticipation of litigation and, therefore, is protected from disclosure by the work product*

*doctrine.*

*Subject to and without waiver of the foregoing objections, Defendants refer to the*

*memorandum from Michael Matejik (produced at TRU0026); memorandum from Mike Matejik*

*to Jim Vacchiano dated 3/30/2006 (produced at TRU0047-48); memorandum from Lisa McHugh*

*to Jim Vacchiano dated 3/30/2006 (produced at TRU0049); and the declarations submitted by*

*James Vacchiano and Mr. Matejik in connection with Defendants' Opposition to Plaintiff's*

*Expedited Motion to Conditionally Certify a FLSA Collective Action & Reply in Further Support*

*of Its Motion for Expedited Discovery.*

21.    State all facts and the application of law to facts upon which you rely in alleging in your third affirmative defense that "TruGreen at all times acted in good faith and had reasonable grounds for believing that its alleged acts and omissions were not a violation of the law."

**RESPONSE:**

MEI\5873140.1

*Defendants specifically incorporate General Objection Nos. 2, 3, and 4. Defendants specifically object to this Interrogatory on the grounds that to answer this Interrogatory necessarily would require Defendants to divulge information and/or legal theory and strategy developed in anticipation of and/or in the course of the defense of the instant action.*

22.    State all facts and the application of law to facts upon which you rely in asserting your 5th affirmative defense.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 2, 3, and 4. Defendants specifically object to this Interrogatory on the grounds that to answer this Interrogatory necessarily would require Defendants to divulge information and/or legal theory and strategy developed in anticipation of and/or in the course of the defense of the instant action.*

23.    If you denied Admission number 22, state the factual basis for denying the admission. Your answer should describe the method(s) of overtime used to calculate overtime payments for your H-2B workers, and identify by job description, office location, and year which of your H-2B or domestic landscape workers were paid using each such method of calculation.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 6, 8, and 9. Defendant specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of other individuals in different states and regions is premature and beyond the scope of permissible discovery at this time.*

*speculate. TruGreen is without sufficient knowledge, information or belief as to the contractual*

*agreements, if any, between Great Lakes Labor and LLS.*

30.   Describe the circumstances that led to the termination of Plaintiff's employment by Defendant in July 2004 including whether you contend that Plaintiff left voluntarily.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 2, 4, 5, and 10.  Subject to*

*and without waiver of the foregoing objections, TruGreen responds that Plaintiff voluntarily*

*terminated his employment with TruGreen and that Plaintiff has information responsive to this*

*Interrogatory.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, additional*

*information responsive this Interrogatory can be ascertained by Plaintiff just as easily as by*

*Defendants from the documents produced at TRU0026, TRU0047-48, and TRU0049.*

31.   Describe all "additional compensation" provided to H-2B workers by branch managers in 2003, 2004, 2005 and 2006.  Your answer should identify the worker who received the compensation, the amount provided, the date of payment, and the purpose of the "additional compensation."  The term "additional compensation" has the same meaning in this interrogatory as in paragraph 4 of the affidavit of James Vacchiano attached as Exhibit A to your opposition to Plaintiff's motion to conditionally certify this as an FLSA collective action.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, and 6.  Defendants*

*specifically object to this Interrogatory on the grounds that it is overbroad, unduly burdensome,*

*and not reasonably calculated to lead to the discovery of admissible evidence concerning*

*matters currently at issue in this case.  The Court has neither certified this case as a class nor*

*ordered a Court-facilitated notice of a collective action, and the only claims presently at issue*

*herein are those asserted by Plaintiff.  Consequently, discovery on claims Plaintiff may or may*

*not be permitted to pursue in the future on behalf of other individuals in different states and*

*regions is premature and beyond the scope of permissible discovery at this time.  Defendant*

ME1\5873140.1

*further objects to this Interrogatory to the extent it seeks information other than for the year*

*2004, the only year in which Plaintiff was employed by TruGreen.*

*Subject to and without waiver of the foregoing, Plaintiff and the other H-2B workers*

*employed at the Wilmington branch in 2004 received $150 at the discretion of Branch Manager*

*Mike Matejik upon their arrival for use at the individual's discretion. TruGreen did not ask for,*

*expect, or seek repayment of this money from any individual, including Plaintiff. See*

*Declaration of Michael Matejik, submitted in connection with Defendants' Opposition to*

*Plaintiff's Expedited Motion to Conditionally Certify a FLSA Collective Action and Reply in*

*Further Support of Its Motion for Expedited Discovery, at ¶ 3.*

    32.    Describe in detail any arrangements TruGreen made to transport TruGreen H-2B to job sites in the United States or to assist H-2B workers to locate such transportation. Your answer should identify the person(s) or entity(ies) who arranged for or assisted with transportation (whether independent entities or TruGreen employees). Your answer should also describe the terms of any fees or costs paid by TruGreen for such transport or for arranging for transportation.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, 5, and 7. It is*

*unclear to what "transport" Plaintiff is referring, and responsive information relating to*

*Plaintiff's transport (of any kind) to and within the United States during his employment with*

*TruGreen is just as readily available from him. To the extent that Plaintiff is seeking additional*

*information regarding his transportation from Mexico to the United States, TruGreen did*

*provide such transportation and, therefore, this Interrogatory requires TruGreen to speculate.*

*To the best of Defendants' knowledge, information, and belief, Great Lakes Labor worked with*

*LLS to provide transportation to H-2B workers from Mexico to the United States. To the extent*

*that Plaintiff is seeking additional information regarding his transportation while in Wilmington,*

*Delaware, Branch Manager Mike Matejik obtained bus passes for all H-2B workers to enable*

ME1\5873140.1

*them to get to and from work. The $60 deduction from Plaintiff's wages was intended to defray*

*the cost of the bus passes, along with Plaintiff's rent, phone, cable, and utilities.*

McCARTER & ENGLISH, LLP

_____

Michael P. Kelly (DE Bar ID #2295)
McCarter & English
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE 19801
(302) 984-6301

*Admitted Pro Hac Vice*
Michael L. Banks (PA I.D. #35052)
Sarah E. Bouchard (PA I.D. #77088)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5387/5077

Dated: September 28, 2006          Attorneys for TruGreen

ME1\5873140.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA,<br>individually and on behalf of others<br>similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>TRUGREEN LIMITED PARTNERS[1] and,<br>TRUGREEN, INC.[2], d/b/a TRUGREEN<br>CHEMLAWN[3],<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 06-185 (GMS) |

### DEFENDANTS' RESPONSES TO
### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants TruGreen Limited Partnership, d/b/a TruGreen Chemlawn, as well as

TruGreen, Inc. (hereinafter or "Defendants" or "TruGreen"), by their attorneys, in response to

Plaintiff's Request for Production of Documents to Defendant, state as follows:

### DEFINITIONS

As used herein:

1.     "Burdensome" means that the Request requires an unduly burdensome search for

documents that are of little value or no value to this lawsuit, so that any value derived from

production is far outweighed by the incumbent burden required to produce the document.

---

[1]    The correct legal name is TruGreen Limited Partnership.

[2]    TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this
action.

[3]    TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited
Partnership does do business as (d/b/a) TruGreen Chemlawn.

2.    "Overbroad" means that the Request seeks documents or information that is not relevant to any present or potential issues in this litigation.

3.    "Vague" means that the Request is drafted in such a way that it does not convey, with reasonable clarity, what is requested of TruGreen, with the effect that TruGreen is required to guess the intended meaning of Plaintiff's Request.

## GENERAL OBJECTIONS

1.    **Relevance.** Defendants object to each Request to the extent that it seeks information or documents that are not relevant to the subject matter or issues involved in this action or information or documents not reasonably calculated to lead to the discovery of admissible evidence.

2.    **Overbroad and unduly burdensome.** Defendants object to each Request to the extent that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    **Privilege.** Defendants object to each Request to the extent that it calls for disclosure of information that is protected by the attorney/client privilege or work product privilege or both. Defendants also object to each Request to the extent it calls for disclosure of information prepared in anticipation of litigation or trial preparation material.

4.    **Vague.** Defendants object to each Request to the extent that it is ambiguous and too vague to adequately apprise Defendants of what information is being sought or permit Defendants to furnish such information with reasonable effort.

5.    **Accessibility.** Defendants object to each Request to the extent that Plaintiff seeks documents or information already in Plaintiff's possession or which is as accessible to Plaintiff as well as Defendants.

5873153v1

6.   **Confidential and proprietary/sensitive business information.**  Defendants object to each Request to the extent that Plaintiff seeks disclosure of confidential, proprietary, and/or sensitive business documents or information, and assert each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.  To the extent that this objection has been stated, Defendants will not disclose any such documents or information without the execution of an appropriate Confidentiality Stipulation and/or Protective Order.

7.   **Argumentative.**  Defendants object to each Request to the extent that it uses argumentative terms or otherwise implies facts which Defendants deny.

8.   **Redundant.**  Defendants object to each Request to the extent that it is repetitive of a prior or subsequent Request or other discovery request, and it is neither practical nor feasible to answer such a Request or discovery request again.

## SPECIFIC RESPONSES & OBJECTIONS

1.   All employment records and personnel files of Plaintiff including, but not limited to, documents reflecting the terms of work, hours worked, amounts produced, amounts paid, deductions, authorizations for deductions, reimbursements, advances, loans, and repayments of loans or advances.  This request also includes all contracts, disclosure statements, visa documents, and wage receipts provided to Plaintiff and all documents related to the termination of Plaintiff's employment.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 5 and 7.  Defendants specifically object to this Request to the extent it assumes that Plaintiff ever was required to repay any loan and/or advance to TruGreen and to the extent it assumes that Plaintiff did not voluntarily terminate his employment with TruGreen.*

*Subject to and without waiver of the foregoing objections, responsive documents in TruGreen's possession, custody, and control have been and/or will be produced.*

5873153v1

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, 6, and 8. Defendants*

*specifically object to this Request on the grounds that it is overbroad, unduly burdensome, and*

*not reasonably calculated to lead to the discovery of admissible evidence concerning matters*

*currently at issue in this case. The Court has neither certified this case as a class nor ordered a*

*Court-facilitated notice of a collective action, and the only claims presently at issue herein are*

*those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be*

*permitted to pursue in the future on behalf of hundreds of others in different states and regions is*

*premature and beyond the scope of permissible discovery at this time. Defendants further object*

*to this Request to the extent that it relates to a time period other than 2004, the only year in*

*which Plaintiff was employed by TruGreen. Defendants further object to this Request to the*

*extent that it assumes that such policies and/or procedures exist.*

*Subject to and without waiver of the foregoing objections, to the extent such documents*

*exist, they have been and/or will be produced as applicable to Plaintiff.*

10.    All documents relating to the costs of reimbursement, visas, passports, and
transportation and subsistence expenses incurred by H-2B workers in traveling from Mexico to
employment with TruGreen or returning from such employment to Mexico, including, but not
limited to, all documents discussing, paying for, advancing or reimbursing such costs. This
request includes all documents with any references to such costs in communications to or from
U.S. Consular offices.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, 6, and 8. Defendants*

*specifically object to this Request on the grounds that it is overbroad, unduly burdensome, and*

*not reasonably calculated to lead to the discovery of admissible evidence concerning matters*

*currently at issue in this case. The Court has neither certified this case as a class nor ordered a*

*Court-facilitated notice of a collective action, and the only claims presently at issue herein are*

*those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be*

*permitted to pursue in the future on behalf of hundreds of others in different states and regions is*

*premature and beyond the scope of permissible discovery at this time. Defendants further object*

*to this Request to the extent that it relates to a time period other than 2004, the only year in*

*which Plaintiff was employed by TruGreen. Defendants further object to this Request on the*

*grounds that it is directed at third-parties, including Plaintiff.*

*Subject to and without waiver of the foregoing objections, TruGreen does not have any*

*responsive documents in its possession, custody or control. By way of further response, Plaintiff*

*did not incur any return transportation costs. See also Defendants' Responses to Request for*

*Admission No. 1, which is specifically incorporated as though set forth in full herein.*

11.    All documents relating to TruGreen's efforts to obtain H-2B visas for workers to be employed in 2003, 2004, 2005 and 2006 inclusive including all applications for alien employment certification filed by TruGreen or on TruGreen's behalf. This request includes, but is not limited to: ETA-750 forms, CIS/INS I-129 and I-797, Department of State Form DS-156 and DS-157, or similar forms and all attachments thereto; clearance order and supporting documents; correspondence with the U.S. Department of Labor, State Employment Security Departments, U.S. Department of State, the U.S. Consulates, U.S. Immigration and Naturalization Service, and U.S. Department of Homeland Security. This request includes, any documents received from or required to be submitted to representatives of the American Consulate General in Monterrey, Mexico or other consular locations such as: (1) H2 A/B Visa Program – American Consulate General Monterrey Company Agreement; (2) Application for Participation and/or Continued Participation in the H2 Visa Procession Program, Monterrey with accompanying documents; (3) Letter of Authorization of agent/representative; (4) List of Applications for H2 Visa Processing; (4) Information Package for H2A/B Visas at the American Consulate General Monterrey; (5) other similar or related documents.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, and 8. Defendants*

*specifically object to this Request on the grounds that it is overbroad, unduly burdensome, and*

*not reasonably calculated to lead to the discovery of admissible evidence concerning matters*

*currently at issue in this case. The Court has neither certified this case as a class nor ordered a*

*Court-facilitated notice of a collective action, and the only claims presently at issue herein are*



*those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be*

*permitted to pursue in the future on behalf of hundreds of others in different states and regions is*

*premature and beyond the scope of permissible discovery at this time. Defendants further object*

*to this Request to the extent that it relates to a time period other than 2004, the only year in*

*which Plaintiff was employed by TruGreen. Defendants further object to this Request on the*

*grounds that it is directed at third-parties.*

*Subject to and without waiver of the foregoing objections, responsive documents in*

*TruGreen's possession, custody, and control as to Plaintiff have been and/or will be produced.*

12.     All documents reflecting contracts or agreements with any person or entity that assisted with the filing H-2B applications on behalf of TruGreen in 2003, 2004, 2005 and 2006, including any contract addenda, or modifications to such contract or agreement, documents containing explanations or discussion of the terms of any such contract or agreement and all documents reflecting payments made under such contracts.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 6, and 8. Defendants*

*further object to this Interrogatory as irrelevant and overbroad to the extent it seeks information*

*for any year other than 2004, the only year in which Plaintiff was employed by TruGreen.*

*Defendants further object to this Request to the extent it is directed at a third-party.*

*Subject to and without waiver of the foregoing, Defendants specifically incorporate the*

*Response to Interrogatory No. 28 as though set forth in full herein.*

13.     All documents reflecting contracts and agreements with any person or entity that assisted with the processing of visas for, contacting, interviewing, recruiting and/or transporting of TruGreen H-2B workers in 2003, 2004, 2005, or 2006, including any contract addenda, modifications, and documents containing explanations or discussion of the terms of any such contract or agreement and all documents reflecting payments made under such contracts.

**RESPONSE:**

*Defendants specifically incorporate the Response to Request No. 12 as though set forth in*

*full herein.*

5873153v1

14.    All documents reflecting contracts and agreements with Great Lakes Labor LLC, Tracy Drus, LLS, or Jeffrey West, including any contract addenda, modifications, and documents containing explanations or discussion of the terms of any such contract or agreement and all documents reflecting payments made under such contracts.

**RESPONSE:**

*Defendants specifically incorporate the Response to Request No. 12 as though set forth in full herein. By way of further response, TruGreen does not have any contractual relationship with LLS and/or Jeffrey West.*

15.    All documents relating to or concerning any person or entity who assisted in filing H-2B applications on behalf of TruGreen on 2003, 2004, 2005, and 2006 including, but not limited to, correspondence, notes of conversations relating to any such person or entity, e-mail communications, documents reflecting payments to such person or entity, forms ETA-750, CIS / INS I-129, Department of State Form DS-156 and DS-157, or other applications for or, on behalf of, H-2B workers.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, 6, and 8. Defendants specifically object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions is premature and beyond the scope of permissible discovery at this time. Defendants further object to this Interrogatory as irrelevant and overbroad to the extent it seeks information for any year other than 2004, the only year in which Plaintiff was employed by TruGreen. Defendants also object to this Request to the extent it is directed at a third-party.*

*Subject to and without waiver of the foregoing objections, Defendants specifically incorporate the Response to Request No. 12 as though set forth in full herein.*



5873153v1

16.    All documents relating to or concerning any person or entity who assisted with the processing of visas for, contacting, interviewing, recruiting, or transporting TruGreen workers in 2003, 2004, 2005 or 2006, including, but not limited to, correspondence, notes of conversations relating to any such person or entity, e-mail communications, documents reflecting payments to such person or entity, forms ETA-750, CIS / INS I-129, Department of State Form DS-156 and DS-157, or other applications for or, on behalf of, H-2B workers.

**RESPONSE:**

*Defendants specifically incorporate the Response to Interrogatory No. 15 as though set forth in full herein.*

17.    All documents related to TruGreen's efforts to locate, recruit, and hire H-2B workers during 20003, 2004, 2005 and 2006.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, 6, and 8. Defendants specifically object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions is premature and beyond the scope of permissible discovery at this time. Defendants further object to this Interrogatory as irrelevant and overbroad to the extent it seeks information for any year other than 2004, the only year in which Plaintiff was employed by TruGreen. Defendants also object to this Request to the extent it is directed at a third-party.*

*Subject to and without waiver of the foregoing objections, see documents produced in Response to Interrogatory No. 28.*

18.    All documents reflecting communications between TruGreen or any agent or attorney acting on TruGreen's behalf and any of the following entities relating to H-2B workers employed by TruGreen in 2003, 2004, 2005 or 2006:

U.S. Department of Labor,

State Employment Security Department,

U.S. Department of State,

U.S. Consulate in Monterrey, Mexico,

U.S. Consulate in other location which processed H-2B workers for employment with TruGreen or on TruGreen's behalf.

U.S. Immigration and Naturalization Service,

U.S. Department of Homeland Security,

Federal, State, or Local officials of the Republic of Mexico.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 3, 4, 6, 7, and 8.*

*Defendants specifically object to this Request on the grounds that it is overbroad, unduly*

*burdensome, and not reasonably calculated to lead to the discovery of admissible evidence*

*concerning matters currently at issue in this case.   The Court has neither certified this case as a*

*class nor ordered a Court-facilitated notice of a collective action, and the only claims presently*

*at issue herein are those asserted by Plaintiff.  Consequently, discovery on claims Plaintiff may*

*or may not be permitted to pursue in the future on behalf of hundreds of others in different states*

*and regions is premature and beyond the scope of permissible discovery at this time.  Defendants*

*further object to this Request to the extent that it relates to a time period other than 2004, the*

*only year in which Plaintiff was employed by TruGreen.  Defendants also object to the use of the*

*phrase "agents," which is not defined herein, to the extent that Plaintiff suggests that TruGreen*

*had an agency relationship with any third-party, as that phrase is legally defined (modified only*

*by contract), and Defendants do not concede by answering this Request that any such agency*

*relationship exists. Defendants further object to this Request to the extent it is directed at a*

*third-party.*

*Subject to and without waiver of the foregoing objections, responsive documents as to*

*Plaintiff in TruGreen's possession, custody, and control have been and/or will be produced.*

19.    All documents concerning or relating to TruGreen's third affirmative defense,
including documents which Defendants allege gave them reasonable grounds to believe their acts
or omissions were not in violation of the FLSA.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 2, 3, and 4. Defendants*

*specifically object to this Request on the grounds that to answer this Request necessarily would*

*require Defendants to divulge information and/or legal theory and strategy developed in*

*anticipation of and/or in the course of the defense of the instant action.*

20.    All advertisements, flyers, brochures, informational pamphlets or other
documents provided to TruGreen describing in while or in part the services provided by Great
Lakes Labor LLC or LLS, the H-2B program, location or recruitment of workers, legal
requirements applicable to the H-2B program, the FLSA, *Arriaga v. Florida Pacific Farms*, 305
F.3d 1228 (11th Cir. 2002), and/or compliance with the FLSA.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 3, 4, 6, 7, and 8.*

*Defendants further object to this Request to the extent it seeks information for years other than*

*2004, the only year in which Plaintiff was employed by TruGreen. Defendants specifically object*

*to this Request on the grounds that to answer this Request necessarily would require Defendants*

*to divulge information and/or legal theory and strategy developed in anticipation of and/or in the*

*course of the defense of the instant action.*

*Subject to and without waiver of the foregoing objections, see Defendants' Response to*

*Interrogatory No. 28. See also Defendants' Response to Interrogatory No. 17, which is*

*specifically incorporated as though set forth in full herein.*

5873153v1

require Defendants to divulge information and/or legal theory and strategy developed in anticipation of and/or in the course of the defense of the instant action.

Subject to and without waiver of the foregoing objections, Defendant is not aware of any non-privileged responsive documents that exist in the ordinary course of business.

39.    All documents provided to TruGreen H-2B workers regarding work with TruGreen the following year, including documents listing procedures and contacts for returning workers.

**RESPONSE:**

Defendants specifically incorporate General Objection Nos. 1, 2, 4, and 7. Defendants specifically object to this Request on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of hundreds of others in different states and regions is premature and beyond the scope of permissible discovery at this time.

Subject to and without waiver of the foregoing objections, no responsive documents exist as to Plaintiff.

40.    All documents relating to or concerning TruGreen's sixth affirmative defense including documents evidencing the legal relationship between TruGreen, Inc. and TruGreen Limited Partnership.

**RESPONSE:**

Defendants specifically incorporate General Objection Nos. 1, 2, 3, 4, and 6. Subject to and without waiver of the foregoing objections, see Plaintiff's employment and personnel-related documents produced.

McCARTER & ENGLISH, LLP

Michael P. Kelly (DE Bar ID #2295)
Citizens Bank Building
919 N. Market Street, 18th Floor
Wilmington, DE  19801
(302) 984-6301

*Admitted Pro Hac Vice*
Michael L. Banks (PA I.D. #35052)
Sarah E. Bouchard (PA I.D. #77088)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5387/5077

Dated:  September 28, 2006          Attorneys for TruGreen

OMB Approval No. 44-R1301

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

## APPLICATION
## FOR
## ALIEN EMPLOYMENT CERTIFICATION

**IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM**

PRINT legibly in ink or use a typewriter. If you need more space to answer questions in this form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.

To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001).

**PART A. OFFER OF EMPLOYMENT**

1. Name of Alien    (Family name in capital letter, First, Middle, Maiden)

(10) Unnamed H-2B Workers/Aliens

| 2. Present Address of Alien    (Number, Street, City and Town, State ZIP code or Province, Country) | 3. Type of Visa (If in U.S.) |
|---|---|
| N/A | N/A |

The following information is submitted as an offer of employment.

| 4. Name of Employer    (Full name of Organization) | 5. Telephone |
|---|---|
| TruGreen Chemlawn | 301-840-8090 |

6. Address    (Number, Street, City and Town, State ZIP code)

18910 Woodfield Rd.
Gaithersburg, MD 20879

7. Address Where Alien Will Work    (If different from item 6)

Montgomery County

| 8. Nature of Employer's Business Activity | 9. Name of Job Title | 10. Total Hours Per Week | | 11. Work Schedule | 12. Rate of Pay | |
|---|---|---|---|---|---|---|
| | | a. Basic | b. Overtime | (Hourly) | a. Basic | b. Overtime |
| lawn maintenance | lawn care applicator | 40 | 0 | 7:00 a.m. 3:00 p.m. | $ 10.00 per hour | $ 15.00 per hour |

13. Describe Fully the Job to be Performed    (Duties)

Apply pesticides, herbicides, fungicides, or insecticides to lawns using sprayers, seeders, spreaders, aerators. Entry level position.

| 14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactorily the job duties described in item 13 above. | | | | 15. Other Special Requirements |
|---|---|---|---|---|
| EDU-CATION (Enter number of years) | Grade School | High School | College | NONE |
| | 0 | 0 | 0 | College Degree Required    (specify) N/A |
| | | | | Major Field of Study N/A |
| TRAIN-ING | No. Yrs. 0 | No. Mos. 0 | Type of Training N/A | |
| EXPERI-ENCE | Job Offered Yrs. 0 Mos. 0 | Related Occupation Number Yrs. 0 Mos. 0 | Related Occupation    (specify) N/A | |

16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor    ► Field Manager

17. Number of Employees Alien Will Supervise    0

◄ ENDORSEMENTS    (Make no entry in section - for Government use only)

Date Forms Received

| L.O. 10/27/03 | S.O. 10/27/03 |
|---|---|
| R.O. 1/13/04 | N.O. |
| Ind. Code 0789 | Occ. Code 408.684-010 |

0340 1542

Replaces MA 7-50A, B and C (Apr. 1970 edition) which is obsolete.

ETA 750 (Oct. 1979)

| 18. COMPLETE ITEMS ONLY IF JOB IS TEMPORARY | | | 19. IF JOB IS UNIONIZED (Complete) | | |
|---|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | a. Number of Local | b. Name of Local | |
| | From | To | | | |
| 10 | 2/24/2004 | 11/30/2004 | | c. City and State | |

**20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS  (Complete for Private Household ONLY)**

| a. Description of Residence | | b. No. Persons residing at Place of Employment | | | | c. Will free board and private room not shared with any-one be provided? | ("X" one) |
|---|---|---|---|---|---|---|---|
| ("X" one) | Number of Rooms | Adults | Children | | Ages | | ☐ YES ☐ NO |
| ☐ House | | | BOYS | | | | |
| ☐ Apartment | | | GIRLS | | | | |

**21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS. (Specify Sources of Recruitment by Name)**

- Newspaper/Classified Ads
- Employee Referrals
These efforts have all been unsuccessful in recruiting U.S. workers.

**22.** Applications require various types of documentation.  Please read Part II of the instructions to assure that appropriate supporting documentation is included with your application.

**23. EMPLOYER CERTIFICATIONS**

By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly, or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:

(1) Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

(2) At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

**24. DECLARATIONS**

DECLARATION OF EMPLOYER ➤ Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct.

| SIGNATURE *James A. Vacchiano* | DATE 10/22/2003 |
|---|---|
| NAME (Type or Print) James A. Vacchiano | TITLE Region People Services Manager |

AUTHORIZATION OF AGENT OF EMPLOYER ➤ I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent.

| SIGNATURE OF EMPLOYER *James A. Vacchiano* | DATE 10/22/2003 |
|---|---|
| NAME OF AGENT (Type or Print) Great Lakes Labor | ADDRESS OF AGENT (Number, Street, City, State, ZIP code) PO Box 646 Pinckney, MI 48169 |

James A. Vacchiano
Region People Services Manager
New Jersey Region - Lawn Care
Mid-Atlantic Regions - Lawn and LandCare

875 Kings Highway
Woodbury, NJ 08096
Phone: 856-251-9425
Fax: 856-853-0047

Date: 2/23/2006

I, JAMES A VACCHIANO , have read the Consulate Monterrey H2 Visa Processing Guidelines and agree to abide by them. I, or (LLS Mexico S de RL de CV) will be designated to process my employees at the Consulate in Monterrey for EAC-06-067-52598 and for TRUGREEN CHEMLAWN.

The information for the owner is:

Name: JAMES A. VACCHIANO

U.S. Citizen?    X Yes  ☐ No                    DOB: 02/04/56

Company Name: TRUGREEN CHEMLAWN        If no, Resident alien card #  :N/A

Address: 875 Kings Hwy, Woodbury NJ 08096        FEIN: 36-3734669

Email: n/a

Tel: 856-251-9425                    Fax: 856-853-0947

The information for the above-designated agent/representative is:

Name: LLS Mexico S de RL de CV/ Lic. Salvador Morales

Mexican Citizen?    X Yes  No        DOB: May 8, 1978

Company Name: LLS Mexico S de RL de CV    If yes, CURP or voter's card number  1983062861248

Address: Melchor Ocampo #427 pte. Zona Centro, Monterrey, Mexico    RFC: LME000216QW6

Email: Salvador@llsint.com

Tel: 80 40 75 75 / 83 40 01 60                Fax: 80 40 75 76

Processed H2 visas at any US Embassy/Consulate before?  X Yes  ☐ No

If yes, please provide the following information:

| Countries | Company Name(s) Used | Dates |
|---|---|---|
| Mexico | TRUGREEN CHEMLAWN | |
| | | 2005 |

## AUTHORIZATION

I authorize only one agent, (LLS Mexico S de RL CV), to act as my agent/representative for the purposes of processing visas at the Consulate in Monterrey. This person is to be paid:

X  By each applicant. The proposed fee is $165.00

This authorization is valid until explicitly revoked by notifying the H2 Visa Section.

Signature: X James A. Vacchiano

Title: REGION PEOPLE SERVICES MANAGER            Date: 2/23/2006

(Fax to the Consulate– Fax: 011-5281-8340-3183)

A-41

Motion to Compel

TRU00530

**TruGreen ChemLawn**
**TruGreen LandCare**

Denise Forbes
*Regional People Services Manager - NE & NY*

635 Manley Street
West Bridgewater, MA 02379
Ph: (508) 587-4662 Ext. 45
Fax: (508) 587-9847

To:        American Consulate
            Monterrey, Mexico

From:    TruGreen - Chemlawn
            Company name

Date:    10|15|03

Re:        Letter of Authorization

    I authorize Great Lakes Labor and its employees and LLS International and its employees to act as my agent for purposes of processing visas at the American Consulate in Monterrey, Mexico. This Letter of Authorization is valid until explicitly revoked by notifying the Consulate of said revocation.

Sincerely,

Signature:

Name:    Denise F. Forbes
Title:    Regional Human Resources Manager

Date:    10|15|03

A-42

Motion to Compel



TRU0092

CERTIFICATE OF SERVICE

I certify that on this  20th day of April 2007, I served the foregoing document on Defendants by e-mailing it to the Defendants' attorneys as follows:

Michael P. Kelly            Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St., 18th Floor
Wilmington, DE 19801


Michael Banks          sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St.
Philadelphia, PA  19103                    /s/ Vivian L. Rapposelli
                                        _____

                                        Vivian L. Rapposelli

1