IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

    Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

    Defendants.

CA 1:06-cv-00185-GMS

Class Action

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR RECONSIDERATION
OF MOTION TO CONDITIONALLY CERTIFY AN
FLSA COLLECTIVE ACTION
OR ALTERNATIVELY
AMENDED MOTION FOR CONDITIONAL CERTIFICATION

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd.
Cambridge, MA 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

Now comes Plaintiff Ramon Villanueva and files this reply brief in support of his motion for reconsideration of his request to conditionally certify this action as an FLSA collective action and issue notice of the action to Defendants' other H-2B workers.

The most significant thing about Defendants' brief in opposition to Plaintiff's motion for reconsideration is the fact that it does not deny any of the facts on which Plaintiff's motion is based. In his motion for reconsideration, Plaintiff sets forth documentary and testimonial evidence which established the following facts:

1. TruGreen employed at least the following numbers of H-2B workers:
   2003: 65
   2004: 83
   2005: 83
   2006: 115
   Total: 346[1]

2. All of those H-2B workers incurred a minimum of $561 in visa and transportation expenses getting to TruGreen's offices to work ($571 in 2006).

3. Assuming, as the court must at the conditional certification stage, that Plaintiff is correct that the $561 in visa-related expenses operated as *de facto* wage deductions, these H-2B workers would have had to earn a minimum of $767 during their first work week to avoid an FLSA violation.

4. TruGreen had no policy to reimburse the visa-related expenses because it *claims it did not know what they were*. It did, however, provide discretionary "bonuses" to some workers on arrival.

5. The maximum "bonus" provided by any TruGreen branch was $250.

6. Even assuming that all of TruGreen's H-2B workers received the maximum $250 bonus, the vast majority of them could not have earned the minimum wage at the wage rates offered to workers in Mexico, no matter how many hours they worked during the first work week. The remaining ones may also have suffered a

---

[1] The total number of individual workers may be somewhat lower because some workers may have worked in more than one year.

minimum wage violation, but Defendant has refused to respond to discovery that would resolve the question.[2]

In its opposition, TruGreen does not deny these facts, let alone submit evidence contesting them. Its failure to do so is telling since it would have taken little effort to dispute them if there were a basis for doing so. TruGreen kept its payroll records for its H-2B workers in computerized form. If any H-2B worker earned more than $767 in wages and bonuses during the first work week, TruGreen could easily have presented the affidavit of a payroll clerk attesting to that fact. That it did not do so leaves Plaintiff's evidence that the class members are similarly situated entirely unrebutted. Those unrebutted facts are more than sufficient to satisfy the modest showing required for conditional certification and issuance of notice.[3]

Instead of addressing Plaintiff's evidence, TruGreen simply repeats its argument that the discretionary bonuses it paid may have allowed some H-2B workers to earn minimum wage. But the <u>only</u> evidence TruGreen has ever submitted on that issue is the affidavit of James Vacchiano, which merely says that bonuses were paid. DI 19 Ex. A. In its March 19 Order denying conditional certification, the Court found that affidavit sufficient in light of the limited evidence presented by Plaintiff. But Plaintiff has now presented much more detailed evidence

---

[2] TruGreen has refused to respond to Plaintiff's interrogatory 31 and request for production 31 which sought to determine amount of bonuses paid by each branch. These discovery requests are the subject of a motion to compel being filed along with this brief.

[3] The fact that Plaintiff has not yet proven that all H-2B workers suffered a minimum wage violation is no reason to deny conditional certification and notice to the vast majority of workers who clearly did suffer such a violation according to the unrebutted evidence submitted by Plaintiff. A plaintiff cannot be expected to prove all aspects of his case at the conditional certification stage. See *Goldman v. Radioshack Corp.*, 2006 WL 21250571 at * 8 (E.D. Pa. 2003) (granting conditional certification despite questions raised by defendant that the plaintiff and some class members may be exempt from minimum wage).

demonstrating that the amount of the bonuses was insufficient to eliminate the alleged minimum wage violation for most, if not all, workers. Defendants' failure to address that evidence makes clear that there is no factual basis for the argument that the bonuses offset the alleged FLSA violations.[4]

The hypothetical involving a worker earning $843 in the first work week referenced in TruGreen's initial opposition brief, DI 18 at 9, and referenced again in TruGreen's brief in opposition to reconsideration, DI 49 at 8, was just that – a "hypothetical" pulled out of thin air. Unlike Plaintiff's calculations which are based on documentary evidence, TruGreen makes no effort to justify its "hypothetical" with evidence. It may as well have said that 'a worker who earned $10,000 during his first work week would not have experienced a minimum wage violation.' The statement may be true, but absent some affidavit indicating that H-2B workers actually earned that amount, it is irrelevant to the instant motion.[5]

TruGreen also repeats its legal arguments on the merits of Plaintiff's claim. Those arguments cannot be considered at this stage. But by repeating them TruGreen once again

---

[4] TruGreen's assertion that some workers were paid by a method different from what was offered in Mexico is irrelevant and similarly unsupported. It is the total earnings in the first work week, not the method of payment, that determines the FLSA violation. TruGreen does not claim, let alone submit any evidence, that those paid by a different method were paid more in the first work week than was offered to them in Mexico. As noted above, it would have been an easy matter for TruGreen to produce such evidence if it existed.

[5] While Plaintiff believes the evidence he has submitted is more that sufficient to meet the standard for conditional certification, if the Court still has doubts, it should grant Plaintiff's motion to compel answers to his discovery requests about the bonus money paid to H-2B workers. Plaintiff's motion to compel is filed herewith. Defendant should not be allowed to object to discovery and then seek to defeat certification on the grounds that Plaintiff doesn't have the information contained in the requested discovery.

underlines the fact that Plaintiff's FLSA claim is, essentially, a legal claim turning on the proper interpretation of the FLSA and TruGreen's preemption arguments based on the Immigration and Nationality Act. Once those legal issues are resolved, the question of which H-2B workers are owed how much is simply a matter of examining TruGreen's payroll records. It makes far more sense to resolve those legal claims through one collective action, than through hundreds of individual actions in courts in multiple states.

The cases cited by Defendants in support of their opposition to reconsideration are easily distinguished from this case. *Moeck v. Gray Supply Corp.*, 2006 WL 42368 (D.N.J. 2006), *West v. Border Foods, Inc.*, 2006 WL 1892527 (D. Minn. 2006), and *Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497709 (E.D. La. 2004), are all cases involving allegations that employees were required to work "off the clock" by their supervisors. Such claims are often too individualized for collective treatment because the violations result from the actions of individual supervisors rather than company-wide policy. Moreover, proof that work "off the clock" actually occurred will often necessitate individual testimony from each worker. Here, by contrast, the expenses at issue were incurred by all H-2B workers, TruGreen admits that it did not reimburse those expenses or take them into account in calculating compliance with minimum wage regulations since it did not know how much they were, and proof of damages requires nothing more than an analysis of TruGreen's payroll and "bonus" records. No testimony from individual workers is needed at all.

TruGreen also cites a recent decision in *Lemus Guerrero v. Brickman Group, LLC*, 2007 WL 922420 (W.D. Mich. 2007), which denied collective action treatment for a claim similar to this one. TruGreen fails to mention, however, that the *Guerrero* Court certified the same FLSA

claim as a Rule 23(b)(3) class action covering the period 1999 through 2005:

> Plaintiffs argue that the Application for Alien Certification included a certification that "the job opportunity's terms, conditions and occupational environment are not in contrary [sic] to Federal, State, and Local Law." It appears to the court that if Plaintiffs establish that this certification includes an agreement to comply with the FLSA, the agreement would be enforceable as to the years 1999-2005. Further the costs associated with travel from Mexico to Michigan are common to all members of the proposed class regardless of which specific years the workers had to travel. The named Plaintiffs can thus stand in the shoes of workers who incurred these same costs and suffered the same alleged harm between 1999 and 2005. The court determines that Plaintiffs have met the requirements of commonality and typicality.

*Id* at * 7. The court then goes on to certify a Rule 23(b)(3) class on that FLSA claim. Since the requirements of Rule 23 certification are generally regarded as more stringent than the requirements for collective action treatment, *see Heagney v. European American Bank*, 122 F.R.D. 125, 127 n. 2 (E.D.N.Y 1988), this case supports Plaintiff's argument for conditional certification rather than undercutting it.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to reconsider certification of an FLSA collective action should be granted.

Respectfully submitted,

/s/ Vivian L. Rapposelli

---

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd.
Cambridge, MA 02140
617-576-2182

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that on this 20th day of April 2007, I served the foregoing document on Defendants by mailing it first class mail and e-mailing it to the Defendant's attorneys as follows:

Michael P. Kelly      Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St., 18th Floor
Wilmington, DE 19801

Michael Banks      sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St
Philadelphia, PA 19103

/s/ Edward Tuddenham

_____
Edward Tuddenham