IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

       Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

       Defendants

CA 1:06-cv-00185-GMS

Class Action

---

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## A FIRST AMENDED COMPLAINT

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd.
Cambridge, MA 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

NOW COMES Plaintiff and moves this Court, pursuant to Fed. R. Civ. P. 15 and 20, for leave to file a first amended complaint, a copy of which is attached hereto as Exhibit A. In support of this motion, Plaintiff would show the Court as follows:

1. Plaintiff seeks leave to amend his complaint to add James Vacchiano as a defendant, to add promissory estoppel and unjust enrichment claims against Defendant TruGreen Limited Partnership, and to add claims under the Federal Racketeer Influenced and Corrupt Organizations Act (RICO) against Defendants TruGreen Limited Partnership and Vacchiano. Plaintiff also seeks to amend his complaint to reflect that the correct name of Defendant TruGreen Limited Partners is TruGreen Limited Partnership.

2. All of the additional causes of action arise out of the same transaction and occurrence as Plaintiff's existing claims and they are brought on behalf of the same class – i.e. all H-2B workers employed by Defendant TruGreen Limited Partnership, LLC between 2003 and 2006.

3. Plaintiff's motion to amend will cause no undue prejudice to Defendants. To the contrary, the parties previously agreed in their joint status report filed October 26, 2006, DI 39, that the parties would have 45 days after a ruling on Plaintiff's motion to issue notice to an FLSA class to file amended or supplemental pleadings. That motion was denied on March 19, 2007. DI 44. (A motion to reconsider is pending. DI 45). This motion to add parties and claims is brought well within the agreed 45-day time limit. Accordingly, this motion to amend is timely.

4. In further support of this motion, Plaintiff would refer the Court to his brief in support of this motion filed herewith.

5. The interests of justice will be served by granting this motion.

Respectfully submitted,

/s/ Vivian L. Rapposelli

_____

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave. Suite 100
Wilmington, Delaware 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd.
Cambridge, Mass 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that on April 30, 2007, Edward Tuddenham, counsel for Plaintiffs, conferred with Beth Henke, counsel for Defendants, regarding this motion and counsel for Defendants indicated that they were opposed to this motion.

/s/ Vivian L. Rapposelli

_____

Vivian L. Rapposelli

## CERTIFICATE OF SERVICE

I certify that on this 30th day of April, 2007, I served the foregoing document on Defendants by e-mailing it to the Defendant's attorneys as follows:

Michael P. Kelly          Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St. 18th Floor
Wilmington, Delaware 19801

Michael Banks          sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St.
Philadelphia, Pa. 19103

/s/ Vivian L. Rapposelli

_____

Vivian Rapposelli

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

        Plaintiff

v

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

        Defendants

CA 1:06-cv-00185-GMS

Class Action

---

**ORDER**

CAME ON to be heard Plaintiff's motion for leave to file a first amended complaint. The

Court having considered the briefs of counsel and the record in this case is of the opinion the motion

should be granted. It is therefore,

ORDERED that the Clerk shall file the First Amended Complaint attached to Plaintiff's

motion and that service of the complaint previously made shall stand as service of the First Amended

Complaint upon Defendants TruGreen Limited Partnership and TruGreen Inc

Done this _____ day of _____ 2007.

GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

       Plaintiff,

v.                                                                  CA1:06-CV-00185-GMS

TRUGREEN LIMITED PARTNERS,
TRUGREEN, INC. and JAMES VACCHIANO,

       Defendants

_____/

## FIRST AMENDED COMPLAINT

1.     Plaintiff Ramon Villanueva brings this action to recover damages for injuries

inflicted by Defendants TruGreen Limited Partnership ("TruGreen LP") and James Vacchiano

Defendant TruGreen, Inc. is sued in its capacity as general partner of TruGreen Limited Partnership

As set forth below, Defendants TruGreen LP and Vacchiano devised and carried out a criminal

scheme to defraud the U.S. Government and deprive vulnerable foreign workers of their lawful

wages.

2.     Plaintiff brings this action under the Federal Racketeer Influenced and Corrupt

Organizations Act (RICO) to recover damages for the injuries suffered by Plaintiff and other H-2B

workers as a direct result of Defendant TruGreen LP's and Vacchiano's criminal racketeering

activities. Plaintiff also seeks relief for himself and other H-2B workers for violations of the Fair

Labor Standards Act, 29 U.S.C. §201 et seq., breach of contract, fraud, promissory estoppel, and

1

breach of the duty of good faith and fair dealing.

## JURISDICTION

3.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to

28 U.S.C. § 1331 (federal question), 18 USC § 1962 (RICO), and 29 U.S.C. §216(b) (FLSA)

4.      This Court has federal question jurisdiction over Plaintiff's state law claims and

supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all of Plaintiff's state law claims

## VENUE

5.      Venue is proper pursuant to 28 U.S.C. §1391(b) as a substantial part of the events

giving rise to this action occurred within this district and Defendants are located, reside, or do

business in this district   Venue is also proper pursuant to 18 U.S.C §§ 1965(a) and (b)

## PARTIES

6       Plaintiff Ramon Villanueva-Bazaldua is a resident of the Republic of Mexico

7       Defendant TruGreen Limited Partnership ("Trugreen LP") is a limited partnership

organized under the laws of the State of Delaware   Defendant TruGreen LP was referred to in

Plaintiff's original complaint as TruGreen Limited Partners.  Based on Defendant TruGreen LP's

representation to the Court that its correct name is TruGreen Limited Partnership, Plaintiff has

corrected the name in this amended complaint.   TruGreen LP may be served with process through

its registered agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange St.,

Wilmington, Delaware 19801.

8       Defendant TruGreen, Inc. is a corporation organized under the laws of the State of

Delaware. It is sued in its capacity as general partner of TruGreen Limited Partnership liable for the

debts of the limited partnership   It may be served with process through its registered agent,

2

Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware19801.

9. Defendant James Vacchiano is Director of Human Resources for the Northeast Division of TruGreen Companies, a group of companies owned and operated by Service Master The TruGreen Companies include Defendant TruGreen LP as well as TruGreen LandCare.

### CLASS/COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings his FLSA claims individually and as a collective action on behalf of a class defined as "all H-2B workers employed by Defendant TruGreen Limited Partnership at any time between 2003 and 2006." Collective action treatment is appropriate because all members of the class are similarly situated with respect to Defendant TruGreen LP's policy or practice of not taking into account the visa, processing, and transportation expenses incurred by H-2B workers in determining whether such workers received the wages required by the FLSA. Plaintiff's consent to sue form was attached to his original complaint.

11. Plaintiff brings his RICO, breach of contract, unjust enrichment, promissory estoppel and fraud claims on behalf of himself and a class defined as "all H-2B workers employed by Defendant TruGreen Limited Partnership at any time between 2003 and 2006."

12. The classes defined in paragraphs 10 and 11 are so numerous that joinder of all members is impracticable. There are questions of law and fact common to the class; the claims of the named plaintiff are typical of the claims of the class; and the named plaintiff will fairly and adequately protect the interests of the class. Certification of the class pursuant to Rule 23(b)(3) is appropriate because the questions of law and fact common to the class predominate over any questions affecting only individual members of the class. A class action is superior to other available

3

methods for the fair and efficient adjudication of the controversy in that the individual members of

the class have no interest in controlling the prosecution of separate actions; on information and

belief, no other litigation has been commenced by the members of the class; it is desirable and more

efficient to concentrate the litigation of these claims in one forum; and, no difficulties are likely to

be encountered in the management of the class action

## FACTS

13.    At all times relevant herein, Defendant TruGreen LP was a business entity engaged

in interstate commerce  It  provided landscaping services to customers in Delaware, Maryland,

Pennsylvania, New Jersey, Virginia, and other states and operated as an 'enterprise engaged in

commerce' as that phrase is defined in the FLSA, 29 U S C  § 203(s).

14.    On information and belief, since at least 2003 Defendant TruGreen LP has engaged

in a scheme to reduce its labor costs by fraudulently obtaining permission from the government to

employ easily exploitable H-2B workers and by illegally underpaying such workers.  This scheme

was operated and managed on behalf of TruGreen LP by Defendant James Vacchiano

15.    The H-2B program enables employers to hire foreign workers to come to the U S. to

perform temporary nonagricultural labor if qualified U S  workers capable of performing such

services or labor are not available.

16.    Visas issued under the H-2B program are made out to both the sponsoring employer

and to the prospective worker  The worker is bound to the sponsoring employer; if the employer

terminates the employment relationship, the employer also terminates the H-2B workers' legal status

in the United States. H-2B workers are particularly vulnerable to exploitation by their sponsoring

employers because they know that their sponsoring employers have the power to control their

4

immigration status.

17    To qualify for the H-2B program, an employer must submit an Application for Alien Employment Certification, Form ETA-750, to the U.S. Department of Labor (DOL) and the appropriate State Workforce Agency    A single application may seek multiple visas as long as all of the workers are to perform the same job at the same wage rate in the same geographic area. If workers are to perform different jobs, receive different wages, or work in different geographic areas, separate applications must be filed.

18.    DOL evaluates the ETA-750 to ensure that the offered work terms will not adversely affect similarly situated U.S. workers and to determine whether U.S. workers are available to fill the jobs described on the form. Among other things, an employer must promise to pay at least the prevailing wage set for the job in the geographic area where the job is to be performed. If the work terms are approved by DOL, the employer must advertise for U.S. workers at the approved work terms. If sufficient U.S. workers cannot be found to accept the job through these recruitment efforts, DOL issues a "labor certification" certifying the need for the employment of the requested aliens.

19.    An employer who receives DOL labor certification then submits the certification to the Bureau of Citizenship and Immigration Services (CIS) along with a petition for a non-immigrant worker visa on form I-129    CIS makes the final decision whether to grant the employer's visa application, weighing a number of factors including the local labor information provided the state labor agency and the DOL certification.

20.    If the Form I-129 is approved by the CIS, the employer sends notice of the approval to the U.S. Consulate in the country where the foreign workers selected by the employer reside. The employer communicates to the Consulate the names of the foreign workers that it wants to receive

5

its visas  Department of State (DOS) employees at the Consulate interview the workers and if they

are eligible, issues H-2B visas to them to work for the petitioning employer

    21.    The process for obtaining H-2B workers is complicated, requiring coordination of

state and federal agencies as well as contact with workers and the U.S. consulate in a foreign country

In the case of Defendant TruGreen LP, which filed applications in several different States each year,

more than one state agency was involved.  Upon information and belief, the likelihood of a company

obtaining H-2B visas without such professional assistance is small.

    22    Each year since at least 2003, Defendant TruGreen LP sought to participate in the H-

2B program to reduce its labor costs. Defendant Vacchiano operated and managed the visa

application process on behalf of TruGreen LP described below

    23    Realizing the complicated nature of the visa application process, TruGreen LP

contracted with Great Lakes Labor LLC to assist it with its H-2B visa applications and with the

recruitment of the foreign workers

    24.    Great Lakes Labor LLC is a business entity engaged in interstate commerce  On

information and belief, it is owned and operated by Tracy Drus and maintains it principal office in

Pinckney, Michigan

    25.    Each year from 2003 through 2006, Defendant TruGreen LP, with the assistance of

Great Lakes Labor LLC, prepared and submitted numerous form ETA-750 applications for alien

employment certification to State Workforce Agencies and DOL  These forms were submitted by

mail, fax, and/or common interstate carrier.  Separate forms were submitted for each locale where

Defendant TruGreen LP sought to use foreign workers  On information and belief Defendant

TruGreen LP filed more than seven such applications each year between 2003 and 2006. Many, if

6

not all, of these forms were signed by Defendant Vacchiano.

26. The ETA-750s submitted by TruGreen LP offered, *inter alia*: (1) straight hourly wage rates and overtime; (2) a guarantee that the worker would be paid at least the prevailing wage applicable to the job at the time the work commenced; (3) terms and conditions of work in compliance with Federal, State and local law; and (4) term employment generally running from the early spring until November 30.

27. On information and belief TruGreen LP's ETA-750 forms misrepresented the number of workers that TruGreen LP needed, the jobs that would be performed by workers, the method of pay and hourly rates that would be paid, and the period for which workers would be employed.

28. At the time the forms were submitted to State Workforce Agencies and DOL, TruGreen LP, Vacchiano, and Great Lakes Labor knew, or should have known, that TruGreen LP had fewer job openings than stated on the ETA-750s, that workers would be employed in occupations different from those described on the ETA-750 forms, that workers would be paid lower wages than listed on the forms, and that workers would not be employed for the full term set forth on the ETA-750.

29. For example, on or about October 30, 2003, Great Lakes Labor, on behalf of TruGreen LP, submitted a form ETA-750 for TruGreen LP's Newport, Delaware branch office Plaintiff's visa was approved pursuant to this ETA-750. The ETA-750 sought 14 workers to be employed in Delaware during 2004. The form offered pay at a rate of $10/hour and $15/hour overtime and stated that the term of employment would run from March 1, 2004 through November 30, 2004. Although Defendant Vacchiano signed this form under penalty of perjury, on information

and belief, TruGreen LP did not have that many job openings in Newport, intended to pay workers using a "Specialist's Pay Plan" that resulted in lower hourly earnings than promised in the ETA-750, and did not intend to employ H-2B workers for the full term. The Specialist Pay Plan paid workers a fixed salary regardless of the number of hours they worked rather than a straight hourly wage as promised in the ETA-750.

     30     On information and belief, in order to secure approval of visas at a lower wage rate than required by law TruGreen LP, with the assistance of Great Lakes Labor, misrepresented to State Workforce Agencies and/or DOL the prevailing wages applicable to TruGreen LP's jobs and/or the information used to determine the applicable prevailing wages. These fraudulent representations were submitted to State Workforce Agencies and/or DOL by telephone, fax, mail and/or common interstate carrier.

     31.     For example, as part of the process of obtaining approval for 2004 ETA-750 for Newport, Delaware, TruGreen LP, with the assistance of Great Lakes Labor, represented that the job code used to determine the prevailing wage for the Newport jobs was code 408 684 010 and/or that the prevailing wage applicable to the job at the time the application was filed was no more than $10/hour. In fact, the applicable job code was 408 864.014 or the equivalent and the prevailing wage for the job at the time TruGreen's ETA-750 was filed was $11.94/hour.

     32.     State Workforce Agencies and DOL reasonably relied on the representations made by TruGreen LP and Great Lakes Labor in approving lower prevailing wage rates for TruGreen LPs visa applications than should have been applied to those applications.

     33.     On information and belief, TruGreen LP, Vacchiano, and Great Lakes Labor knew that the statements in TruGreen LP's visa applications, including the statements relating to the

prevailing wage rates, were fraudulent and conspired together to submit those applications to the State Workforce Agencies and DOL.

34.     As part of the process of obtaining labor certification from DOL, Defendant TruGreen LP, with the assistance of Great Lakes Labor, caused advertisements for the jobs described in the ETA-750s (including the fraudulent terms of work) to be placed in newspapers and reported the results of those recruitment efforts to the State employment service agency for each area in which Defendant TruGreen LP sought to employ foreign workers. The communications related to these advertisements were made by telephone, fax, mail, wire and/or common interstate carrier.

35      On information and belief TruGreen LP, Vacchiano, and Great Lakes Labor knew, or should have known, that the advertisements described in paragraph 34 were fraudulent and conspired together to place those advertisements.

36.     Defendant TruGreen LP 's communications with Great Lakes Labor regarding the preparation and filing of each year's form ETA-750s and supporting materials associated with those applications were carried out by telephone, fax, mail, wire, and/or common interstate carrier.

37.     Defendant TruGreen LP and Great Lake Labor's communications with DOL and State employment service agencies regarding its H-2B applications were carried out by telephone, fax, mail, wire and/or common interstate carrier

38      In reasonable reliance upon the representations in Defendant TruGreen LP's ETA-750 forms and supporting material, DOL granted Defendant TruGreen LP's labor certification applications for 2003, 2004, 2005 and 2006. Those certifications were communicated by mail and/or common interstate carrier to Defendant TruGreen LP and Great Lakes Labor

39      Each year from 2003 through 2006, Defendant TruGreen LP, with the assistance of

9

Great Lakes Labor, then submitted I-129 petitions, including the ETA-750s, to CIS by mail, fax or commercial interstate carrier. One or more such I-129 petitions were filed for each approved form ETA-750.

40.     On information and belief Defendant TruGreen LP's I-129 petitions contained the same misrepresentations regarding the number of jobs, job duties, length of the job opportunity and the wage rates to be paid as were contained in the applications to DOL.

41.     On information and belief, TruGreen LP, Vacchiano and Great Lakes Labor were aware of the fraudulent representations in the I-129 petitions and conspired together to submit the fraudulent petitions to CIS

42.     CIS reasonably relied upon the misrepresentations in Defendant TruGreen LP's I-129 petitions in granting TruGreen LP permission to employ H-2B workers in Delaware, Pennsylvania, New Jersey, Maryland, Virginia and other states in each year 2003 through 2006.

43.     Upon information and belief, the expertise provided by Great Lakes Labor was critical to Defendant TruGreen LP's success in obtaining DOL and CIS approval of H-2B visas in each of the years 2003 through 2006.

44.     Each year, Great Lakes Labor engaged the services of LLS International S. de R.L de C.V. (LLS), to assist with contacting and recruiting workers in Mexico to accept Defendant TruGreen LP's H-2B visas and to assist with the processing of those workers through the consulate in Monterrey, Mexico.

45.     LLS is a Mexican corporation engaged in the business of assisting U.S. employers with locating, recruiting and processing Mexican workers to work under H-2B visas  On information and belief, LLS is owned and controlled by Jeffrey West.

10

46.    In each of the years 2003, 2004, 2005, and 2006, Great Lakes Labor, acting on behalf of TruGreen LP, communicated to LLS work terms to be offered to H-2B workers recruited for Defendant TruGreen LP. On information and belief, these work terms, which were set forth in written disclosure forms, fraudulently offered fixed hourly and overtime rates as well as term employment for specified periods of time. On information and belief, TruGreen LP expected H-2B workers to rely on the terms of work offered in these disclosure forms and to act upon them by coming to work for TruGreen LP

47    For example, LLS contacted Plaintiff on behalf of Defendant TruGreen LP in February 2004. In order to induce Plaintiff to accept an H-2B visa with Defendant TruGreen LP, LLS, acting on instructions from Great Lakes Labor and Defendant TruGreen LP, provided Plaintiff with a disclosure form that fraudulently represented that he would be paid $11 34 per hour and $17 01 per hour overtime, would receive commissions, and that he would be employed for the term March 16, 2004 through November 15, 2004. The disclosure forms LLS presented to Plaintiff also indicated that he could not leave his employment during that period of time without the permission of Defendant TruGreen LP and that, in the event he did leave his employment, he would be reported to CIS, his visa would be canceled and he would forfeit the possibility of returning to work the following year under the H-2B program

48    On information and belief, Defendant TruGreen LP, Vacchiano and Great Lakes Labor knew, or should have known, that the terms of work set forth in the disclosure documents provided to H-2B workers in Mexico misrepresented the actual terms of work that would be provided to workers when they commenced work for TruGreen LP.

49    Communications between Defendant TruGreen LP, Great Lakes Labor, and LLS

11

regarding the terms of work to be offered to H-2B workers, including Plaintiff, were conducted by wire, mail, commercial interstate carrier, and/or fax.

50    Each H-2B worker employed by Defendant TruGreen LP during the relevant time period, including Plaintiff, entered into a contract of employment with TruGreen LP by signing the disclosure forms provided to him by LLS. The terms of work set forth in Defendants' ETA-750 and I-129 visa petitions as well as all terms of work required by law to be provided to H-2B workers were incorporated into these contracts as a matter of law.

51    After signing the disclosure forms, and in reasonable reliance upon the promises contained therein, H-2B workers, including Plaintiff, incurred various costs in order to get their visas and travel to the United States to begin working for Defendant TruGreen. These costs included, but were not limited to, the cost of a Mexican Passport, a visa application fee of $100, a visa issuance fee of $100, $155 in administrative expenses charged by LLS for assisting with the preparation and presentation of the worker's visa application, a $6 border crossing fee paid to CIS, and approximately $200 in transportation costs from the place of recruitment to Monterrey and from Monterrey to the job site in the United States.

52    All of the costs described in paragraph 51 were "primarily for the benefit and convenience" of Defendant TruGreen LP as those that phrase is used in 29 C.F.R. §531.3(d)(1).

53    Upon arrival in Delaware, Plaintiff regularly worked more than 40 hours per week. TruGreen LP refused to pay him in compliance with the disclosures accepted by Plaintiff in Mexico. Instead, TruGreen LP coerced Plaintiff into working under the "specialist compensation plan" scheme described above in paragraph 29. As a result of this method of pay, Plaintiff earned less than the hourly rates that Defendant TruGreen LP represented to DOL and CIS would be paid to H-2B

12

workers employed in Delaware and less than the hourly rates that were promised to Plaintiff in Mexico when he accepted the job.

54     On information and belief, the terms and conditions of work, including the wage rates, provided to other H-2B workers employed by Defendant TruGreen LP in the years 2003-2006 were different from, and less advantageous than, the terms and conditions of work promised by Defendant TruGreen LP in its applications to DOL and CIS and those set forth in the disclosure forms signed by the workers in Mexico.

55     When Plaintiff complained about the wages he was paid, Defendant TruGreen LP made clear that it would not pay him in compliance with the offer made to him in Mexico.

56     Defendant TruGreen LP constructively discharged Plaintiff from his job prior to the end of the term of work offered to him by refusing to pay him in compliance with the promises made to Plaintiff in Mexico.

57.    On information and belief, Defendant TruGreen LP routinely discharged or constructively discharged H-2B workers prior to the end of their work terms.

58.    Plaintiff had to pay a portion of his return transportation to Mexico and, on information and belief, other H-2B workers employed by Defendant TruGreen LP in 2003, 2004, 2005 and 2006 paid for their own return transportation to Mexico.

59.    The return transportation expenses outlined in paragraph 58 were primarily for the benefit and convenience of Defendant TruGreen LP.

60.    As a matter of practice or policy uniformly applied to all of its H-2B workers, Defendant TruGreen LP did not take into account the expenses set forth in paragraphs 51 in determining whether its H-B workers received the wages required by the Fair Labor Standards Act

13

during the first work week.

61      As a matter of practice or policy uniformly applied to all of its H-2B workers, Defendant TruGreen LP did not take into account the expenses set forth in paragraph 58 in determining whether its H-2B workers received the wages required by the Fair Labor Standards Act during the worker's last week of work.

62.     The expenses outlined in paragraph 51 operated as *de facto* deductions from the first week's wages of Plaintiff and other H-2B workers causing them to earn less than the wages required by the Fair Labor Standards Act.

63.     The expenses outlined in paragraph 58 operated as *de facto* deductions from the last week's wages of Plaintiff and other H-2B workers causing them to earn less than the wages required by the Fair Labor Standards Act

64      Defendant TruGreen LP's violations of the Fair Labor Standards Act were willful.

## FIRST CAUSE OF ACTION

65.     Plaintiff incorporates by reference the facts set forth in paragraphs 1-64 as if fully set forth at this point.

66.     The above facts constitute violations of the Fair Labor Standards Act, 29 U.S.C. §§206 and 207, by Defendant TruGreen LP for which Plaintiff and similarly situated H-2B workers are entitled to relief pursuant to 29 U.S.C. §216(b)

## SECOND CAUSE OF ACTION

67.     Plaintiff incorporates by reference the facts set forth in paragraphs 1-64 as if fully set forth at this point

68.     The above facts constitute breach of contract by Defendant TruGreen LP for which

14

Plaintiff and other H-2B workers are entitled to relief

## THIRD CAUSE OF ACTION

69.    Plaintiff incorporates by reference the facts set forth in paragraphs 1-64 as if fully set forth at this point

70.    The above facts constitute fraud by Defendant TruGreen LP for which Plaintiff and other H-2B workers are entitled to relief.

## FOURTH CAUSE OF ACTION

71.    Plaintiff incorporates by reference the facts set forth in paragraphs 1-64 as if fully set forth at this point.

72    The above facts constitute violations of the covenant of good faith and fair dealing by Defendant TruGreen LP for which Plaintiff and other H-2B workers are entitled to relief.

## FIFTH CAUSE OF ACTION

73    Plaintiff incorporates by reference the facts set forth in paragraphs 1-64 as if fully set forth at this point.

74.    In the event that the work terms set forth in and/or incorporated in the disclosure forms signed by Plaintiff and other H-2B workers in Mexico are not contractually enforceable, Plaintiff and other H-2B workers performed the work they agreed to perform, Defendant TruGreen LP was enriched thereby and Plaintiff and other H-2B workers were impoverished in that they did not receive the terms promised in exchange for their work  There was no justification for TruGreen LP's failure to comply with the terms of work promised.

75.    The above facts constitute unjust enrichment of TruGreen LP for which Plaintiff and other H-2B workers are entitled to damages.

15

## SIXTH CAUSE OF ACTION

76. Plaintiff incorporates by reference the facts set forth in paragraphs 1-64 as if fully set forth at this point

77. In the event the promises made in and/or incorporated in the disclosure forms signed by Plaintiff and other H-2B workers are not contractually enforceable, they are enforceable under the doctrine of promissory estoppel and Plaintiff and other H-2B workers are entitled to damages for Defendant TruGreen LP's failure to comply with those promises.

## SEVENTH CAUSE OF ACTION
### (RICO violations by TruGreen LP)

78. Plaintiff incorporates by reference the facts set forth in paragraphs 1-64 as if fully set forth at this point.

RICO Defendant

79. At all times relevant herein Defendant TruGreen LP operated as a legal entity capable of holding a legal or beneficial interest in property and therefore was a "person" as defined by RICO, 18 U S C. § 1961(3)

RICO Enterprise

80. Defendant TruGreen LP was associated with an "association-in-fact" enterprise consisting of TruGreen LP and Great Lakes Labor. Alternatively the enterprise consisted of those entities and the TruGreen Companies This group of entities, although not a legal entity, was associated in fact and therefore an "enterprise" as defined in RICO, 18 U S C. §1961(a)(4)

81. The legitimate purpose of the enterprise was to staff Defendant TruGreen LP with H-2B workers and profit from that staffing.

16

82.    The enterprise has an ascertainable decision-making structure with the Defendant TruGreen LP and the TruGreen Companies providing the information used to file the visa applications and Great Lakes Labor determining the wage rates to offer, directing and managing the visa application process, and directing the recruitment of H-2B workers in association with LLS, the recruiter in Mexico. Great Lakes Labor provided critical knowledge of ways to manipulate the visa application process and helped to legitimize TruGreen LP's visa applications all of which was necessary for the fraudulent scheme to succeed. As explained above, Defendant TruGreen LP could not successfully conduct its criminal worker exploitation scheme without the association-in-fact with Great Lakes Labor that formed the enterprise.

83.    This association-in-fact enterprise was engaged in interstate and foreign commerce and/or its activities affected interstate commerce. Among other things the association-in-fact utilized interstate mails to communicate with government agencies and provided workers for the business operations of TruGreen LP which affected interstate commerce.

84.    Defendant TruGreen LP operated and managed the enterprise through a pattern of racketeering activity in violation of RICO, 18 U.S.C. § 1962(c).

Predicate Racketeering Acts

85.    Defendant TruGreen LP knowingly and wilfully devised a scheme to defraud State Workforce Agencies, DOL, CIS and DOS for the purpose of depriving Plaintiff and other H-2B workers of the wages required by state and federal law and the contractual commitments made to workers in Mexico.

86.    In order to carry out this criminal worker exploitation scheme, Defendant TruGreen LP knowingly and willfully committed predicate racketeering offenses under RICO §1961(a)(B)

17

including mail fraud in violation of 18 U S C § 1341, wire fraud in violation of 18 U S C §1343 and fraud in obtaining and using visas in violation of 18 U S C §1546

87    As described above, Defendant TruGreen LP knowingly used the mails, telephone, common interstate carriers, and fax to communicate with Great Lakes Labor, State Workforce Agencies, DOL, CIS and DOS with the specific intent of executing and furthering this fraudulent scheme, in violation of 18 U S.C §§1341 and 1343

88    It was reasonably foreseeable to Defendant TruGreen LP that, in the course of carrying out its worker exploitation scheme, Great Lakes Labor and LLS would use the mails, telephone, interstate common carrier, and fax to communicate with each other and to secure the approval of Defendant TruGreen LP's fraudulent H-2B visa applications by DOL, CIS and DOS in violation of 18 U S C §§ 1341 and 1343  These communications furthered Defendant TruGreen LP's criminal worker exploitation scheme

89    Upon information and belief, State Workforce Agencies, DOL, CIS and DOS justifiably relied on the fraudulent labor certifications and I-129 petitions submitted by the enterprise on behalf of TruGreen LP and in giving their approval of Defendant TruGreen LP's applications to employ H-2B workers.

90    Defendant TruGreen LP, Tracy Drus and Great Lakes Labor knowingly and repeatedly made false statements under penalty of perjury in visa applications and other documents required by the immigration laws and knowingly presented such applications and documents in violation of 18 U.S.C §1546(a)

91    Defendant TruGreen LP obtained and made use of H-2B visas knowing them to have been procured by means of the false statements and fraud in violation of 18 U S C § 1546(a)

18

Pattern of Racketeering Activity

92    The predicate acts of criminal racketeering activity described above constitute a "pattern of racketeering activity" as defined by RICO, 18 U.S.C. § 1961(5). As described above, Defendant TruGreen LP, with the assistance of and in conspiracy with Great Lakes Labor, committed numerous acts of mail and wire fraud with respect to each fraudulent visa application filed between 2003 and 2006 and committed visa fraud with respect to hundreds of visas over at least a four year period.

93.    The predicate acts of criminal racketeering activity described above were related in at least the following ways: They had common perpetrators, i.e. Defendant Vacchiano, TruGreen LP and Great Lakes Labor. They each involved the same victims or group of victims, namely H-2B workers as well as State and Federal Government agencies. They each had the same purpose (and result) of benefitting Defendant TruGreen LP and Great Lakes Labor. And they were interrelated in that without the acts of mail, wire, and visa fraud, Defendant TruGreen LP would not have been able to exploit Plaintiff and other H-2B workers and deprive them of their lawful wages.

94.    Such acts of racketeering activity have been part of the Defendant TruGreen LP's regular way of doing business through the enterprise described above since at least 2003, implying a threat of continued criminal activity.

95.    The above facts establish that Defendant TruGreen LP violated RICO, 18 U.S.C. § 1962 (c), by associating with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity, including repeated acts of mail fraud, wire fraud, and visa document fraud in violation of RICO, 18 U.S.C. § 1962(c).

19

96. As a direct, intended and foreseeable result of the Defendant TruGreen LP's violations of RICO, through the conspiracy and criminal worker exploitation scheme described above, Plaintiff and other H-2B workers have suffered injury to their property, including the right to be paid contractual and lawful wages for their work.

97 The criminal acts of mail fraud, wire fraud, and visa fraud committed by Defendant TruGreen LP were directly related to and were substantial factors in causing injury to Plaintiff and other H-2B workers.

98 Plaintiff and other H-2B workers are entitled to relief, including treble damages and attorneys fees pursuant to RICO, 18 U.S.C. §1964(c).

EIGHTH CAUSE OF ACTION
(18 U.S.C. §1962(d) violation by TruGreen LP)

99. Plaintiff incorporates by reference the facts set forth in paragraphs 1-98 as if fully set forth at this point.

100. Defendant TruGreen LP and Great Lakes Labor conspired together to commit the RICO predicate acts described above in violation of RICO, 18 U.S.C. § 1962(d).

101 As a direct, intended and foreseeable result of Defendant TruGreen LP's violation of RICO, 18 U.S.C. §§1962(c) and (d), Plaintiff and other H-2B workers have suffered injury to their property, including the right to be paid contractual and lawful wages for their work.

102 The criminal acts of mail fraud, wire fraud, and visa document fraud committed by Defendant TruGreen LP were directly related to and were substantial factors in causing injury to Plaintiff and other H-2B workers.

103. Plaintiff and other H-2B workers are entitled to relief, including treble damages and

20

attorneys fees pursuant to RICO, 18 U S C. §1964(c).

### NINTH CAUSE OF ACTION
### (18 U S.C §1962(c) by James Vacchiano)

RICO Defendant

104    Plaintiff incorporates by reference the facts set forth in paragraphs 1-103 as if fully set forth at this point

105.    At all times relevant herein Defendant James Vacchiano was an individual capable of holding a legal or beneficial interest in property and therefore was a "person" as defined by RICO, 18 U.S.C. § 1961(3).

RICO Enterprise

106.    Defendant James Vacchiano was associated with an "association-in-fact" enterprise as defined by 18 U.S.C §1961(4) consisting of TruGreen LP and Great Lakes Labor

107    Alternatively James Vacchiano was associated with an "enterprise" as defined by 18 U S.C. §1961(4) consisting of TruGreen LP.

108.    Defendant James Vacchiano operated and managed the enterprises described in paragraphs 106 and 107 through a pattern of racketeering activity in violation of RICO, 18 U S.C. § 1962(c).

Predicate Racketeering Acts

109    Defendant Vacchiano knowingly and wilfully devised a scheme to defraud DOL, CIS and DOS for the purpose of depriving Plaintiff and other H-2B workers of the wages required by state and federal law and the contractual commitments made to workers in Mexico

110    In order to perpetrate this criminal worker exploitation scheme, Defendant Vacchiano

21

knowingly and willfully committed predicate racketeering offenses under RICO §1961(a)(B) including mail fraud in violation of 18 U S C. § 1341, wire fraud in violation of 18 U.S.C. §1343 and fraud in obtaining and using visas in violation of 18 U S C. §1546.

111.    As described above, Defendant Vacchiano knowingly used the mails, telephone, common interstate carriers, and fax to communicate with Great Lakes Labor, LLS, state employment service offices,  DOL, CIS and DOS with the specific intent of executing and furthering the worker exploitation scheme, in violation of 18 U S C. §§1341 and 1343.

112.    It was reasonably foreseeable to Defendant Vacchiano that, in the course of carrying out the worker exploitation scheme, TruGreen LP, Great Lakes Labor and LLS, would use the mails, telephone, interstate common carrier, and fax to communicate with each other and to secure DOL, CIS, and DOS' approval of Defendant TruGreen LP's fraudulent H-2B visa applications in violation of 18 U.S.C §§ 1341 and 1343. These communications furthered Defendant Vacchiano's criminal worker exploitation scheme.

113.    Upon information and belief, Defendant Vacchiano and Great Lakes Labor knowingly and repeatedly made false statements under penalty of perjury in visa applications and other documents required by the immigration laws and knowingly presented such applications and documents in violation of 18 U S C. §1546(a)

114.    Upon information and belief, DOL, CIS and DOS justifiably relied on the fraudulent ETA-750 and I-129 forms signed and/or approved by Defendant Vacchiano in giving their approval to TruGreen LP's applications to employ H-2B workers.

115.    As described above, Defendant Vacchiano obtained and made use of H-2B visas knowing them to have been procured by means of the false statements and fraud in violation of 18

U.S.C. § 1546(a).

Pattern of Racketeering Activity

116    The predicate acts of criminal racketeering activity described above constitute a "pattern of racketeering activity" as defined by RICO, 18 U.S.C. § 1961(5)   As described above, Defendant Vacchiano, with the assistance of and in conspiracy with Great Lakes Labor, repeatedly committed the predicate acts of visa fraud involving hundreds of visas over at least a four year period   In addition, Defendant Vacchiano, with the assistance of Great Lakes Labor, repeatedly engaged in acts of mail and wire fraud to further the fraud upon the government and H-2B workers from 2003 through the present

117.    The predicate acts of criminal racketeering activity described above were related in at least the following ways: They had common perpetrators, i.e. Defendants Vacchiano on behalf of TruGreen LP and Great Lakes Labor   They each involved the same victims or group of victims, namely H-2B workers as well as the U.S. Government   They each had the same purpose (and result) of benefitting Vacchiano, TruGreen LP and Great Lakes Labor at the expense of H-2B workers   And they were interrelated in that without the acts of mail fraud, wire fraud, and document fraud in visas, Defendant Vacchiano would not have been able to exploit Plaintiff and other H-2B workers and deprive them of their lawful wages.

118.    Such acts of racketeering activity have been part of the Defendant Vacchiano's regular way of conducting the business of  Defendant TruGreen LP and the business of the enterprise-in-fact described in paragraph 106 above since at least 2003, implying a threat of continued criminal activity.

119.    As described above, Defendant Vacchiano violated RICO, 18 U.S.C § 1962 (c) by

23

associating with an enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity, including repeated acts of mail fraud, wire fraud, and visa document fraud in violation of RICO, 18 U.S.C. § 1962(c).

120.    As a direct, intended and foreseeable result of the Defendant Vacchiano's violations of RICO, through the conspiracy and criminal worker exploitation scheme described above, Plaintiff and other H-2B workers have suffered injury to their property, including the right to be paid contractual and lawful wages for their work.

121    The criminal acts of mail fraud, wire fraud, and document fraud committed by Defendant Vacchiano were directly related to and were substantial factors in causing injury to Plaintiff and other H-2B workers.

122    Plaintiff and other H-2B workers are entitled to relief, including treble damages and attorneys fees pursuant to RICO, 18 USC §1962(d)

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.  Allow Plaintiff to pursue his FLSA claims as a collective action and authorize Plaintiff to issue notice of the right to opt-into this action to all similarly situated H-2B workers;

b.  Certify Plaintiffs RICO, breach of contract, fraud, unjust enrichment, and promissory estoppel claims as a Rule 23(b)(3) class action on behalf of H-2B workers employed by Defendant TruGreen LP during the period 2003 through 2006;

c.  Award Plaintiff and other H-2B workers employed by Defendant TruGreen LP treble compensatory damages for Defendant TruGreen's and Vacchiano's violations of RICO;

d. Award Plaintiff and similarly situated H-2B workers their unpaid minimum wages, regular wages and overtime as well as an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff and other H-2B workers compensatory damages for Defendant TruGreen LP's breach of contract; promissory estoppel; and unjust enrichment;

f. Award Plaintiff and other H-2B workers compensatory and punitive damages for Defendant TruGreen LP's fraud;

g. Award Plaintiff compensatory damages for Defendant TruGreen LP's violation of the covenant of good faith and fair dealing;

h. Award Plaintiff his costs and reasonable attorneys fees;

i. Award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Vivian L. Rapposelli

_____

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, Delaware 19806
Tel: 302-652-8711

Edward Tuddenham
Tx Bar No. 20282300
153 Upland Rd.
Cambridge, Mass. 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that on this 30th day of April, 2007, I served the foregoing document on Defendants by mailing it first class mail and by e-mailing it to the Defendant's attorneys as follows:

Michael P. Kelly          Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St. 18th Floor
Wilmington, Delaware 19801

Michael Banks          sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St
Philadelphia, Pa. 19103                    /s/ Vivian L. Rapposelli

                                            _____
                                            Vivian L. Rapposelli