IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

    Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

    Defendants

CA 1:06-cv-00185-GMS

Class Action

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE
A FIRST AMENDED COMPLAINT**

Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd.
Cambridge, MA 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

1

Plaintiff files this brief in support of his motion for leave to file a first amended complaint. The amendment seeks to add James Vacchiano as a defendant, to add unjust enrichment and promissory estoppel claims against TruGreen Limited Partnership, and to add claims under the Federal Racketeer Influenced and Corrupt Organizations Act (RICO) against Defendants TruGreen Limited Partnership and Vacchiano. Plaintiff also seeks to amend to reflect that the correct name of Defendant TruGreen Limited Partners is TruGreen Limited Partnership.

I. STATEMENT OF CASE

Plaintiff Ramon Villanueva-Bazaldua is a Mexican National who, along with other foreign workers, was employed as a landscape laborer by Defendant TruGreen Limited Partnership d/b/a TruGreen Chemlawn. Plaintiff's original complaint alleges four causes of action: (1) violation of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA); (2) breach of contract; (3) fraud; and (4) breach of the covenant of good faith and fair dealing. Plaintiff's FLSA claim is brought as a 29 U.S.C. §216(b) collective action on behalf of all similarly situated H-2B workers employed by TruGreen Limited Partnership, LLC between 2003 and the present. Plaintiff's other claims are brought as a Rule 23(b)(3) class action on behalf of all H-2B workers employed by TruGreen Limited Partnership, LLC, between 2003 and 2006.

Plaintiff seeks to add unjust enrichment and promissory estoppel claims as alternative legal theories for recovering for TruGreen Limited Partnership's failure to comply with the

promises made in its visa applications and recruitment documents. Plaintiff also seeks to add James Vacchiano, the TruGreen Director of Human Resources who was responsible for TruGreen's H-2B applications, as a defendant and to state RICO claims against TruGreen Limited Partnership and Vacchiano. The new causes of action arise out of the same transaction and occurrence as Plaintiff's existing claims and are brought on behalf of the same class – i.e. all H-2B workers employed by Defendant TruGreen Limited Partnership, LLC between 2003 and 2006.

I. LEGAL STANDARD FOR EVALUATING A MOTION TO AMEND

The Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Although the decision to grant or deny leave to amend a complaint is committed to the sound discretion of the court, leave should be liberally granted unless clear factors militate against allowing an amendment. *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990); *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 518-19 (3d Cir. 1988). Such factors include, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 183 (1962). The Third Circuit has interpreted these factors to emphasize that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. V. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3rd Cir. 1978).

As set forth below Plaintiff's motion to amend is timely under the scheduling deadlines agreed to by the parties and Defendants can show no prejudice arising from the amendment.

3

Denial of leave to amend would simply force Plaintiff to file a second action involving the same operative facts in another court. In these circumstances, Plaintiff's motion should be freely granted

### III. PLAINTIFF'S MOTION IS TIMELY AND DEFENDANTS WILL SUFFER NO PREJUDICE

This action was filed in March 2006; the parties held a Rule 26(f) meeting in August 2006. *See* DI 24 (Report of Rule 26(f) meeting). Shortly after that meeting Plaintiff served discovery requests, DI 25, 26, 27,[1] and initial disclosures were exchanged. A joint status report was filed October 26, 2006 (DI 39). In that joint status report the parties specifically agreed that:

> The parties shall file all amended or supplemental pleadings and shall join additional parties on or before 30 days after the conclusion of any class notice period. In the event that notice is not issued, amended or supplemental pleadings shall be filed and additional parties joined within 45 days after the motion for notice is denied.

D.I. 39 at 5. Plaintiff's motion to issue notice to the FLSA class members was denied on March 19, 2007. DI 44. (A motion to reconsider is pending. DI 45). This motion to amend is being filed within 45 days of the date that the motion to issue notice was denied. Accordingly, the motion to amend is timely.

Plaintiff's proposed unjust enrichment and promissory estoppel claims simply state alternative legal theories for Defendants' breach of the contractual promises set forth in

---

[1] The discovery requests were served August 29, 2006. Defendants did not provide complete responses to these requests on the response date and the parties entered into lengthy negotiations from October through January in an effort to avoid a motion to compel. Those negotiations resulted in many documents being produced between January and March 2007, but many have still not been produced. Accordingly, on April 20, 2007 Plaintiff filed a motion to compel. DI 53.

4

Defendants' visa petitions and disclosure forms. Plaintiff's RICO claims arise out of the same operative facts as the existing breach of contract and fraud claims – i.e. Defendant TruGreen Limited Partnership's decision to provide its H-2B workers significantly less advantageous work terms than were promised in TruGreen's H-2B visa applications and disclosure forms. The amendment simply adds RICO claims as an alternative legal basis for recovering damages for those actions. Inasmuch as the proposed RICO claims are based on the same operative facts as the existing complaint, Defendants have no basis for asserting undue prejudice. *See Elysian Federal Savings Bank v. First Interregional Equity Corp.*, 713 F.Supp. 737, 751-752 (D.N.J. 1989) (allowing addition of RICO claim because it merely adds a different theory of recovery for the fraudulent actions set forth in the original complaint); *McMahon Books, Inc. v. Willow Grove Asso.*, 1998 WL 2093 at *1-2 (E.D. Pa. 1988) (granting leave to file three RICO counts three years after action was filed because they were based on same facts as the breach of contract claim already in the case and merely asserted a new legal theory for recovery); *Hill v. Equitable Bank, N.A.*, 109 F.R.D. 109 (D.Del. 1985) (granting leave to amend securities fraud complaint to add a RICO claim because the RICO claim is "based on the same facts as the existing claim.").

Defendants cannot show that there is any bad faith, repeated failures to cure defects, or other dilatory motives which would justify denial of the motion to amend. This is Plaintiff's first request to amend his complaint and it is filed well within the time limits Defendants agreed to in the parties joint status report. DI 39.

Plaintiff's RICO claims are within the four-year statute of limitations for such actions. In these circumstances denial of leave to amend will simply force Plaintiff to file a second action

involving the same operative facts. The liberal amendment provisions of Rule 15 are designed to avoid such inefficiencies.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to amend should be granted.

Respectfully submitted,

/s/ Vivian L. Rapposelli
_____
Vivian L. Rapposelli
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave. Suite 100
Wilmington, Delaware 19806
Tel: 302-652-8711

Edward Tuddenham
TX Bar No. 20282300
153 Upland Rd.
Cambridge, Mass. 02140
Tel: 617-576-2182

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I certify that on this 30th day of April, 2007, I served the foregoing document on Defendants by e-mailing it to the Defendant's attorneys as follows:

Michael P. Kelly        Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St. 18th Floor
Wilmington, Delaware 19801

Michael Banks        sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St.
Philadelphia, Pa. 19103        /s/ Vivian L. Rapposelli

                                              Vivian L. Rapposelli