IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUGREEN LIMITED PARTNERS[1] and, TRUGREEN, INC.[2], d/b/a TRUGREEN CHEMLAWN[3],<br><br>Defendant. | Civil Action No.: 06-185 |

## JOINT STATUS REPORT

Pursuant to the Court's Order of May 10, 2007, the parties submit the following Joint Status Report in anticipation of the conference to be held on May 25, 2007:

**1.    Jurisdiction and Service:**

**A.    Plaintiff:** This Court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act (FLSA) claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331. This Court has federal question jurisdiction over Plaintiff's breach of contract claims pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as Plaintiff's federal claims. The Court has personal jurisdiction over Defendants TruGreen Limited Partnership and TruGreen, Inc. because both are domiciled in Delaware; Defendants have waived any challenge to personal jurisdiction by failing to raise lack of personal jurisdiction as a defense. Fed.R.Civ.P. 12(h)(1).

---

1    The correct legal name is TruGreen Limited Partnership.
2    TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this action.

The Court has subject matter jurisdiction over the RICO claims in Plaintiff's proposed amended complaint pursuant to 18 U.S.C. § 1962. The additional state law causes of action alleged in the proposed amended complaint arise out of the same case or controversy as the FLSA and RICO claims and, therefore, the Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

Plaintiff believes that Defendants' comments below go to the merits of the claim and not to the Court's jurisdiction.

**B.** **Defendants:** Defendants do not agree that all named parties should be parties to this action; rather, only TruGreen Limited Partnership should be a named Defendant, as it alone was the employer for Mr. Villanueva and the H-2B workers he seeks to represent. Further, Defendants believe that it is unclear whether the Court has jurisdiction over Mr. Villanueva or any putative class member he seeks to represent given that each individual may or may not be able to return to the United States at a later date and, further, to the extent that the claims asserted are, at best, highly individualized state law breach of contract and related claims that do not otherwise meet the appropriate diversity jurisdiction threshold. As to Plaintiff's proposed RICO claim, as set forth in Defendants' Opposition to Plaintiff's Motion for Leave to File A First Amended Complaint, Defendants do not believe Plaintiff has standing to assert that claim, whether individually or on behalf of any putative class.

**2.** **Substance of Action:**

**Plaintiff's Statement:** Plaintiff alleges violations of the Fair Labor Standards Act (FLSA),

---

3   TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

breach of contract, fraud, and breach of the duty of good faith and fair dealing. Plaintiff's FLSA claim for unpaid minimum wages and overtime is brought on behalf of himself and other similarly situated foreign workers who received temporary H-2B visas to work for TruGreen. Plaintiff alleges that the visa and transportation costs incurred by H-2B workers in getting from Mexico to TruGreen's work places in the United States operated as *de facto* wage deductions that brought their wages below the level required by the Fair Labor Standards Act (FLSA). *See Arriaga v. Fla. Pacific Farms*, 305 F.3d 1228 (11th Cir. 2002) (holding that visa and transportation charges incurred by foreign workers in getting to employment in U.S. operate as FLSA wage deductions). Plaintiff also contends that the Defendants method of calculating overtime violated the FLSA.

Plaintiff's breach of contract, fraud and breach of good faith and fair dealing claims are brought on behalf of a Rule 23(b)(3) class of H-2B workers employed by Defendants. These claims allege that Defendants failed to pay H-2B workers in compliance with the fixed hourly rate and overtime rates promised by Defendants to the U.S. Government in its application for H-2B visas and promised to H-2B workers when they were hired in Mexico. Instead, when workers arrived at TruGreen's offices in the United States they were paid by a totally different system of pay (commonly known as a "Chinese overtime system") that resulted in far lower pay than had been promised. TruGreen's wage promises to the U.S. Government are contractually enforceable by visa workers. *See, e.g., Frederick County Fruit Growers v. Martin*, 968 F.2d 1265, 1268 (D.C. Cir. 1992).

Plaintiff's proposed amended complaint seeks to add RICO claims as an additional theory of recovery for Defendants' failure to abide by the terms of work promised to the U.S. government to obtain H-2B visas and the terms of work promised to the putative class members at the time they

were recruited and hired to accept Defendants' H-2B visas. Plaintiff proposes to add James Vacchiano, TruGreen's personnel manager, as a RICO defendant. Plaintiff alleges that TruGreen Limited Partnership and James Vacchiano conspired with Great Lakes Labor LLC to obtain H-2B visas and exploit Plaintiff and other foreign workers through a pattern of racketeering activity that included repeated acts of visa, wire, and mail fraud. Plaintiff also seeks to add unjust enrichment and promissory estoppel as alternative theories of recovery for the violations set forth in the complaint.

**Defendant's Statement:** Defendant believes this case is, at best, a highly individualized contract-based claim that is not appropriate for class or collective treatment. Contrary to Plaintiff's repeated reference to a single, non-binding Eleventh Circuit decision as to H-2A workers (not the H-2B workers Plaintiff seeks to represent), there is no statute, regulation, or court decision that requires an employer to bear any expenses for H-2B workers, either in a direct or *de facto* manner. Moreover, and as was made even clearer by Mr. Villanueva's deposition testimony, the expenses incurred in connection with his H-2B employment are not "primarily for the benefit of" Defendant as alleged in the Complaint.

In addition, as to all of the claims, and as the Court already decided with respect to Plaintiff's FLSA claims Plaintiff is not similarly situated to the other H-2B workers he seeks to join in this action and, therefore, class and/or collective treatment would be improper as to each of the claims. Contrary to the allegations in the Complaint, Mr. Villanueva did not bear the expense of his return trip to Mexico following his decision to leave Defendant's employ in the middle of the season, and he received unconditional amounts of money at the discretion of his Branch Manager that could have been used for various incidental costs relating to his employment. As to his contract-based claims,

Mr. Villanueva conceded that he knowingly and willingly accepted his Branch Manager's offer to be compensated using a commission- and bonus-based compensation plan once he arrived in the United States, and there is no basis for his overtime claim. These highly individualized distinctions, premised in large part on the exercise of independent discretion among Branch Managers, serves only to further demonstrate how class and/or collective treatment of the claims alleged would be improper as a matter of law. As a final matter, given his steadfast refusal to answer any questions regarding his post-TruGreen employment in the United States (if any), Defendant does not believe that Plaintiff can adequately represent the interests of others and, therefore, cannot serve as a named plaintiff in any class or collective action in any event.

As to the proposed RICO claim in Plaintiff's proposed First Amended Complaint, Defendant believes that this claim is both futile and made in bad faith. As a legal matter, Mr. Villanueva neither has standing to assert such a claim nor can he demonstrate the requisite causation. Defendant believes Mr. Villanueva is pursuing such a futile claim – and seeking to name an individual employee – solely for the purpose of harassing Defendant and frustrating what otherwise should be a simple and straightforward single-plaintiff case.

3. **Identification Of Issues:** The Court denied Plaintiff's Motion for Conditional Certification of his FLSA claims, for which Plaintiff has filed a Motion for Reconsideration. The parties still disagree whether this case should be certified for class action treatment. The parties disagree whether Plaintiff has sufficient preliminary discovery on which to file a motion for class certification. The parties also disagree as to whether or not TruGreen has violated any statute or other law as to its H-2B workers. The parties also disagree whether or to what extent Plaintiff should be granted leave to amend his Complaint. The parties also disagree with respect to damages.

4. **Narrowing of Issues:**

   a. Plaintiff's motion for reconsideration of his conditional certification of an FLSA class and his motion for certification of a Rule 23 class with respect to his other claims (which will be filed as soon as preliminary discovery on class issues is completed) will determine the scope of this action.

   b. Based on the information available to date, and depending on the Court's decision regarding class and collective treatment, it is possible that Defendant will file a motion for summary judgment, in whole or in part, as to Mr. Villanueva's claims.

   c. Plaintiff believes that it may be possible to resolve the liability issues raised by his FLSA claims and beach of contract claims through summary judgment.

5. **Relief:** Plaintiff seeks unpaid minimum wages and overtime, an equal amount of liquidated damages, and attorneys fees on behalf of similarly situated H-2B workers employed by TruGreen and compensatory and punitive damages for Defendants' other violations. The exact amount of these damages cannot be calculated without further discovery but generally will be based on the difference between the value of the contract terms offered to H-2B workers and the amounts they received. Defendants believe that there has been no violation of law as to Mr. Villanueva or any H-2B worker, and further believes that, according to Mr. Villanueva's testimony, there has not been any violation regarding his overtime or any contract-based damages incurred by him. As set forth in Defendants' Initial Disclosures, TruGreen reserves the right to seek attorneys' fees and expenses as permitted by law should it prevail in this action.

**6 & 7. Amendment of Pleadings and Joinder of Parties:** The parties shall file leave for amended or supplemental pleadings and shall join additional parties on or before 30 days after the

conclusion of any class notice period. In the event that notice is not issued, amended or leave for supplemental pleadings shall be filed and additional parties joined within 45 days after the motion for notice is denied.

**8.     Discovery:**

   a.     The parties have exchanged initial disclosures as required by Fed. R. Civ. P 26(a)(2)(B).

   b.     Plaintiff has served a First Set of Admissions, First and Second Set of Interrogatories, and a First Request for Production of Documents. Plaintiff believes that Defendant's responses are inadequate in certain respects and a telephone conference is scheduled for May 25, 2007 to address those issues.

   c.     Defendants have responded to 32 Requests for Admission, 32 Interrogatories, and 40 Requests for Production of Documents, and has provided and continues to provide follow-up regarding the same. Defendants have produced all documents received from its third-party vendors, LLS International and Great Lakes Labor, relating to their immigration-related work on behalf of TruGreen LawnCare.

   d.     Mr. Villanueva was deposed on October 5, 2006.

   e.     The deposition of TruGreen's Human Resources Manager, James Vacchiano, was taken on November 7, 2006.

   f     Plaintiff noticed the depositions of Jeff West (of LLS International, Inc.) and Tracy Drus (of Great Lakes Labor). Plaintiff withdrew both notices pending receipt of documents from LLS and Great Lakes Labor. To date, Defendant has produced all documents relating to TruGreen LawnCare that have been produced to it by both LLS and Great Lakes Labor.

g. Plaintiff anticipates taking the depositions of other individual employees of TruGreen, including Michael Matejik, and other individuals identified in Defendants' Initial Disclosures. Plaintiff also anticipates taking the 30(b)(6) depositions of Defendants, and Defendants' agents Great Lakes Labor and LLS International, Inc., who assisted Defendants in obtaining visas and recruiting Mexican workers.

h. Defendant cannot identify any further discovery until a ruling on the motions regarding class and collective treatment. If Plaintiff's motion is granted, Defendant reasonably anticipates that it would take depositions of all opt-in plaintiffs because, as demonstrated by Mr. Villanueva's deposition, that method of discovery has proven to be a productive source of relevant information.

i. In the event that this Court certifies this case as an FLSA collective action, Plaintiff believes that Defendants' discovery of opt-in class members should be limited to no more than ten depositions or sets of interrogatories because the liability issues are common to all class members. *See* Fed. R. Civ. P. 30(a)(2) (limiting discovery to 10 depositions). Defendants believe they are entitled to take depositions of all opt-in plaintiffs in this matter.

j. Plaintiff proposes (and Defendants do not disagree) that, rather than setting discovery deadlines at this time, the parties should confer and propose a discovery plan after the Court rules on whether this case will proceed as an FLSA collective action and/or a Rule 23(b)(3) class action.

k. In the event that the Court certifies this case as an FLSA collective action and/or class action, the parties agree that Plaintiff shall file his designation of experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) relating to those experts

within 180 days of the close of any class notice period. Defendants shall file their designation of experts and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) relating to those experts within 60 days after Plaintiff serves his expert reports. All designations of rebuttal experts shall be filed within 30 days of receipt of the report of the opposing expert.

In the event that the Court denies Plaintiff's Motion for Reconsideration, and does not treat this case as an FLSA collective action and/or class action, the parties disagree regarding the timing of expert reports. Plaintiff proposes filing his report within 180 days after the denial of all class motions with Defendants report to follow in 30 days. Defendants propose that Plaintiff file his expert reports within 60 days with Defendants' to follow 30 days thereafter.

l. The parties believe that all fact discovery on the liability phase of this case can be completed within 270 days after the close of any class notice period. In the event that the Court denies Plaintiff's motions for FLSA collective action and Rule 23 class treatment, the parties disagree. Plaintiff believes that all discovery on the liability phase of the case can be completed within 180 days of the denial of those motions. Defendant does not believe that additional discovery will be necessary, but in any event, believes such discovery can be concluded within 60 days of the denial of Plaintiff's class and/or collective action motions.

m. All dispositive motions with respect to liability shall be filed no later than 45 days after the close of discovery.

9. **Estimated Trial Length:** At this stage, it is too early to estimate the number of days required for trial.

10. **Jury Trial Demand:** Neither party has demanded a jury trial.

**11. Settlement:** The parties have discussed generally the possibility of settlement but believe that any substantive settlement discussions prior to the Court's ruling on Plaintiff's motion for class and/or collective action treatment would be futile.

**12. Other Matters: Pending Motions:**

The following motions are currently pending before the Court:

a. "Plaintiff's Motion for Reconsideration of Motion to Conditionally Certify and FLSA Collective Action or Alternatively Amended Motion for Conditional Certification," D.I. 45, filed March 29, 2007. This motion has been fully briefed by all parties. *See* D.I. 49 (Defendants' Opposition); D.I. 54 (Plaintiff's Reply).

b. "Plaintiff's Motion for Leave To File An Amended Complaint," D.I. 55. Defendants' Opposition was filed on May 17, 2007.

c. The parties' joint request for a teleconference to resolve discovery disputes in accordance with the Court's practices and procedures is set for May 25, 2007 at 11:15 a.m.

**13. Statement of Counsel:** Undersigned counsel for the parties, through their signatures, certify that they have conferred about each of the above matters.

| | |
|---|---|
| /s/ | /s/ |
| Vivian L. Rapposelli | Michael P. Kelly |
| Rapposelli & Gonzales | McCarter & English |
| 1300 Grant Ave, Suite 100 | Citizen's Bank Building |
| Wilmington, Delaware 19806 | 919 N. Market St. 18th Floor |
| Tel: 302-652-8711 | Wilmington, Delaware 19801 |
| | |
| Edward Tuddenham | Sarah E. Bouchard |
| 153 Upland Rd. | Morgan Lewis & Bockius LLP |
| Cambridge, Mass. 02140 | 1701 Market St. |
| Tel: 617-576-2182 | Philadelphia, Pa. 19103 |
| | Tel: 215-963-5077 |
| ATTORNEYS FOR PLAINTIFF | |
| | ATTORNEYS FOR DEFENDANTS |