**EDWARD TUDDENHAM**
ATTORNEY AT LAW

153 UPLAND RD.
CAMBRIDGE, MASS. 02140
Tel: (617) 576-2182  Fax: (512) 532-7780
etudden@io.com

May 23, 2007

The Honorable Gregory M. Sleet
U.S. District Court
District of Delaware
844 N. King St.
Lockbox 19
Wilmington, DE 19801

Re *Villanueva v. TruGreen Limited Partners,* CA 1:06-cv-00185 (GMS)

Judge Sleet:

In anticipation of the discovery conference scheduled for May 25, 2007 at 11:15 a.m. in the above-captioned matter, the parties jointly submit the following items to be presented to the Court:

**Plaintiff's Issues**

1. Defendants' Failure To Respond Interrogatory 31 and Request for Production 10 (regarding "bonuses" or "advances" paid to H-2B workers upon arrival);

2. Defendants' Failure To Respond to Admissions 1, 2, 3, 6, and 7 and Interrogatories 7 and 9 (regarding expenses incurred by H-2B workers);

3. Defendants' Failure to Respond to Admissions 30 and 31 (regarding disclosures made to H-2A workers by Defendants' agents)

4. Defendants' Failure to Respond to Interrogatory 21 (regarding the factual contentions supporting Defendants' Third Affirmative Defense–Good Faith)

**Defendants do not have any existing discovery issues beyond those raised by Plaintiff.**

**Plaintiff's Position**

The discovery sought by Plaintiff is relevant to his motion for class certification. Item 4 is also relevant to his trial preparation.

1. Defendants have argued that the "bonuses" or "advances" provided to putative class members upon starting work for Defendants destroys the commonality of their claims. In order

The Honorable Gregory M. Sleet
Villanueva v. TrueGreen Limited Partners
Page 2 of 3

to respond to this argument Plaintiff seeks to determine the amounts of the bonuses or advances paid to H-2B workers upon arrival. (Interrogatory 31 and Request for Production 10).

2. To show that the putative class members present common questions, plaintiff seeks to establish that all putative class members incurred the same categories of expenses prior to coming to work for Defendants through Request for Admissions 1, 2, 3, 6 and 7. In the event the admissions are denied, interrogatories 7 and 9 seek the factual basis for any such denial. Defendants responded to these admissions with respect to the named Plaintiff but have refused to answer them with respect to the putative class members.

3. To show that the putative class members present common questions, plaintiff seeks to establish that Defendants agents in charge of recruiting workers, Great Lakes Labor and LLS International, did not disclose that workers would be paid using the "Specialist Compensation Plan" method of payment utilized by Defendants. (Admissions 30 and 31). Defendant's provided a non-responsive answer to these admissions with respect to Plaintiff and has refused to respond with respect to the putative class members.

4. In order to prepare a defense to Defendants' Third Affirmative Defense (Good Faith), Plaintiff propounded Interrogatory 21 which seeks the facts and application of law to fact supporting the defense. The contentions supporting the defense, if common to the class as Plaintiff anticipates, will also support the existence of common questions for purposes of his class motion.

**Defendants' Position:**

1. The Court denied Plaintiff's Motion for Conditional Certification regarding his FLSA-based claims, and he has yet to even file any Rule 23 motion. As such, the discovery Plaintiff is seeking as set forth in Issues Nos. 1-3 is not relevant or, at best with respect to any potential Rule 23 action, highly premature.

2. Plaintiff's suggestion that he needs the requested information in order to file a Rule 23 motion misrepresents the tremendous discovery efforts in which Defendants, in good faith, already have engaged. Specifically, Defendants have produced to Plaintiff, in addition to documents specifically relating to Plaintiff's individual case:

- a list of every H-2B worker for TruGreen LawnCare from 2003-2006, which list identifies the branch location, year of employment, position held, and method of compensation (e.g., whether hourly or paid using a compensation plan) for every H-2B worker;

- all immigration "worksheets" prepared by TruGreen LawnCare branch managers used to communicate terms of employment to TruGreen's third-party vendor, Great Lakes Labor;

The Honorable Gregory M. Sleet
Villanueva v. TrueGreen Limited Partners
Page 3 of 3

- all immigration-related documents created and retained by Great Lakes Labor on behalf of TruGreen LawnCare, including documents filed with state and federal agencies, copies of advertisements for available work, and email communications between Great Lakes Labor and TruGreen's Human Resources employees; and

- all documents created and retained by LLS International on behalf of TruGreen LawnCare in connection with its efforts to identify and recruit H-2B workers in Mexico.

In short, Plaintiff already has available to him a wealth of information that he can use to file what Defendants believe will be a futile motion pursuant to Rule 23.

3. With respect to Plaintiff's Issue No. 4 (Defendants' good faith defense), there are no specific documents or information being withheld from Plaintiff. Indeed, Defendants' position as to Plaintiff's FLSA claims has been clear and consistent since the outset: there is no legal obligation to make the payments or otherwise account for the expenses identified by Plaintiff as to H-2B workers. Defendant is confident that Plaintiff and his counsel have access to the FLSA and the H-2B regulations. Further, any additional response to Plaintiff's request at this stage necessarily would reveal TruGreen's trial strategy, attorney mental impressions, work product, and other communications protected by the attorney-client privilege.

4. Finally, if Plaintiff were to have his way, it would require TruGreen to interview every TruGreen LawnCare H-2B employee and Branch Manager employed over the past 3 years to gain an understanding of individual compensation and expense circumstances – which is why this matter is not appropriate for class treatment in the first instance.

Respectfully submitted,

/s/ Edward Tuddenham
Edward Tuddenham

With Vivian L. Rapposelli
Local counsel
DE Bar No. 3204
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711