IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TRUGREEN LIMITED PARTNERS, AND TRUGREEN, INC.<br><br>    Defendants. | C.A. No. 06-185 (GMS) |

## ORDER

WHEREAS, on April 28, 2006, the plaintiff Ramon Villanueva-Bazaldua filed a motion to Conditionally Certify an FLSA Collective Action (D.I. 14);

WHEREAS, on October 20, 2006 and November 2, 2006, the parties submitted supplemental briefing in support of their respective positions regarding FLSA collective action (D.I. 35, 41);

WHEREAS, on March 19, 2007, the court issued an Order (D.I. 44) denying the plaintiff's motion for conditional certification;

WHEREAS, on March 29, 2007, the plaintiff filed a Motion for Reconsideration, asking the court to reconsider its Order denying the motion for conditional certification, or in the alternative, leave to file an amended motion for conditional certification (D.I. 45);

WHEREAS, a motion for reconsideration should be granted only "sparingly"[1];

---

[1] *Tristrata Tech. Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991).

WHEREAS, in this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension[2]; and

WHEREAS, the court concludes that none of the three above-cited conditions were addressed by the plaintiff and further, do not exist in the present case.

IT IS HEREBY ORDERED that:

The defendant's Motion for Reconsideration (D.I. 45) is DENIED.

Dated: May 25, 2007                              /s/ Gregory M. Sleet
                                                 UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g.*, *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)); *see also Karr*, 768 F. Supp. at 1090 (citing same).