A5-1

# Attachment 5

# TruGreen Answers to Plaintiff's Interrogatories 4 & 5

Source: TruGreen Discovery Response

A5-2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRUGREEN LIMITED PARTNERS[1] and, TRUGREEN, INC [2], d/b/a TRUGREEN CHEMLAWN[3], <br><br> Defendant. | Civil Action No.: 06-185 (GMS) |

### DEFENDANTS' RESPONSES TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT

Defendants TruGreen Limited Partnership, d/b/a TruGreen Chemlawn, as well as TruGreen, Inc. (hereinafter or "Defendants" or "TruGreen"), by their attorneys, in response to Plaintiff's Interrogatories to Defendant, state as follows:

### DEFINITIONS

As used herein:

1. "Burdensome" means that the request requires an unduly burdensome search for information or documents that are of little value or no value to this lawsuit, so that any value derived from production is far outweighed by the incumbent burden required to produce the document.

---

[1] The correct legal name is TruGreen Limited Partnership.

[2] TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this action.

[3] TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

1

ME1\5873140.1

to this Interrogatory to the extent it seeks information other than for the year 2004, the only year in which Plaintiff was employed by TruGreen. The information requested relating to Plaintiff is equally accessible to Plaintiff.

3. If you did not admit Admission No. 18 or No. 19, state all facts upon which you rely in denying that admission, including the annual gross volume of sales made or business done by TruGreen Limited Partnership in each of the years 2003, 2004, 2005 and 2006 (exclusive of excise taxes at the retail level that are separately stated), and whether, in each of those years you had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

**RESPONSE:**

4. Please identify each person or entity who prepared and/or assisted you in preparing applications for H-2B workers in 2003, 2004, 2005 and 2006 and state the compensation paid for those services by you or any other person or entity. If different persons prepared or assisted you with applications for different periods or for your different offices or locations, identify the dates, offices or locations on behalf of which such person worked.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 4, 5, 6, 8, and 9. Subject to and without waiver of the foregoing, TruGreen has contracted since at least 2003 with Great Lakes Labor LLC, which works directly with LLS International, to recruit prospective H-2B workers, to provide information to H-2B workers to be employed by TruGreen in a manner to be understood by those workers, and to ensure compliance with all immigration administrative and regulatory requirements. See also Defendants' Initial Disclosures and Response to Interrogatory No. 28.*

5. Describe in detail how you located and recruited workers to accept H-2B visas to work for you in each of the years 2003, 2004, 2005 and 2006. Your answer should identify the person(s) or entity(ies) who located or recruited H-2B workers on your behalf each year (whether independent entities or TruGreen employees), the person(s) or entity(ies) who hired and/or contacted the recruiter(s), and should describe how the terms of work you were offering were communicated to the person(s) or entity(ies) recruiting or locating workers. Your answer should also describe the terms of any agreement between you and the person(s) or entities who located

5

A5-4

or recruited H-2B workers for you, including the compensation, if any, to be paid to the person(s) or entities who located or recruited your H-2B workers.

**RESPONSE:**

*Defendants specifically incorporate General Objection Nos. 1, 2, 4, 5, 6, 8, 9, and 10. This request is not reasonably calculated to lead to the discovery of admissible evidence and seeks information regarding TruGreen's business that is confidential, proprietary, and sensitive with respect to TruGreen's relationships with third-party vendors and the operations of those vendors. Defendants further object to the extent this Interrogatory is directed at a third-party and, therefore, requires TruGreen to speculate. Defendants further specifically object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of a collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of other individuals in different states and regions is premature and beyond the scope of permissible discovery at this time. Defendants further object to this Interrogatory to the extent it seeks information other than for the year 2004, the only year in which Plaintiff was employed by TruGreen. Information regarding Plaintiff's recruitment is equally accessible to Plaintiff.*

*Subject to and without waiver of the foregoing, see Defendants' Response to Interrogatory No. 4; see also Defendants' Initial Disclosures. By way of further response, after TruGreen determined how many H-2B workers it would need, it communicated that information to Great Lakes Labor, who managed the recruitment and application process for prospective H-2B workers, including by working with LLS. TruGreen signed forms and provided information*

as requested by Great Lakes Labor. To the best of Defendants' knowledge, information, and belief, Great Lakes Labor and/or LLS provided all information required by law to H-2B applicants and employees, including Plaintiff.

6. [illegible] matters to Great Lakes LLC, Tracy Drus, Jeff West and/or LLS: (1) TruGreen's method of calculating overtime for H-2B workers, and (2) TruGreen's commission payment system. If the answer is yes to either or both, state to whom the disclosure was made, when and to whom it was made, and describe in detail what was disclosed.

**RESPONSE:**

Defendants specifically incorporate General Objection Nos. 1, 2, 4, and 9. Defendants further specifically object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence concerning matters currently at issue in this case. The Court has neither certified this case as a class nor ordered a Court-facilitated notice of collective action, and the only claims presently at issue herein are those asserted by Plaintiff. Consequently, discovery on claims Plaintiff may or may not be permitted to pursue in the future on behalf of other individuals in different states and regions is premature and beyond the scope of permissible discovery at this time. Defendant further objects to this Interrogatory to the extent it seeks information other than for the year 2004, the only year in which Plaintiff was employed by TruGreen, and other than for the position of Specialist, which is the position held by Plaintiff during his employment with TruGreen.

Subject to and without waiver of the foregoing, see Defendants' Response to Request for Admission Nos. 6 through 32. Jim Vacchiano's discussions regarding TruGreen's Specialist's commission payment system were part of his discussion with Ms. Drus regarding TruGreen's compensation plans specifically referenced in the cited Responses to Requests for Admission.

7. If you did not admit Admission No. 1, No. 2, or No. 3 with respect to any item of expense in any year, state the factual basis for your response, including whether the item of expense was paid for, advanced, or reimbursed for all of your H-2B workers or only some of

7

ME1\58\8140.1