# Attachment 15

# Affidavit of Edward Tuddenham

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

  Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

  Defendants.

CA 1:06-cv-00185-GMS

Class Action

_____

### Affidavit of Edward Tuddenham

Now comes Edward Tuddenham and states that, if he were called as a witness in this case, he would testify as follows:

1. My Name is Edward Tuddenham. I am an attorney licensed to practice law in Texas, New York, and the District of Columbia. My business address is 272 W. 107th St., NY, NY 10025. I am over 18 years of age and there is no legal impediment to my making this affidavit.

2. I am one of the counsel for Plaintiff in the above-encaptioned case and I make this affidavit in support of Plaintiff's motion for class certification.

3. I have been a member in good standing of the bar of Texas since 1979, the bar of New York since 1981, and the bar of the District of Columbia since 1985. I am admitted to practice before the United States Supreme Court, the Courts of Appeal for the Fifth, Eleventh and D.C. Circuits and the United States District Courts for the Northern, Western, and Southern District of Texas and the Southern District of New York.

4. I was graduated *magna cum laude* from Harvard Law School in 1978. From 1978 to 1985 I was employed by Texas Rural Legal Aid, Inc. in Hereford, Texas to represent indigent farm workers in civil rights and employment matters. I was also involved in litigation on behalf of foreign workers imported under the H-2 temporary visa program. My practice focused on class action litigation under 42 U.S.C. § 1983, the Federal Agricultural Worker Protection Act, and state law breach of contract claims as well as representative action claims under the Fair Labor Standards Act. From 1985 to 1989 I was employed by the Migrant Legal Action Program in Washington, D.C. to litigate wage claims and regulatory matters on behalf of U.S. and foreign farm workers involved in the H-2A temporary guest worker program.

5. From 1989 to the present I have been in private practice. In private practice I have continued to spend the major portion of my time representing foreign guestworkers and other low wage workers in employment related matters through class actions and representative actions.

6. Among the class action cases I have litigated on behalf of temporary guest workers are the following:

> *Frederick County Fruit Growers Ass'n Inc. v Martin,* 968 F.2d 1265 (D.C.Cir. 1992) (claim by class of U.S. and foreign farmworkers against defendant class of 200 apple growers for back wages. Classes certified and judgement for workers affirmed on appeal)

> *Salazar v. Presidio Valley Farmers Ass*n. 765 F.2d 1334 (5th Cir. 1985) (contract claim on behalf of class of temporary guest workers. Class certified and affirmed on appeal, 863 F.2d 384).

> *Marquis v. U.S. Sugar Corp.,* 652 F.Supp. 598 (S.D. Fla. 1987) (denying 12(b)(6) motion to dismiss class action anti-trust action against sugarcane industry for fixing terms and conditions of work).

*Montelonge v. Meese*, 803 F.2d 1341 (5th Cir. 1987) (class action on behalf of U.S. workers displaced when employer hired temporary foreign workers).

*Virginia Agricultural Growers Assn. Inc. v. Donovan*, 774 F.2d 89 (4th Cir. 1985) (claim for unpaid wages on behalf of class of U.S. and foreign tobacco workers).

*Okeelanta Corp. v. Bygrave*, 660 So.2d 743 (Fla. 4th DCA 1995) (class action for back wages on behalf of 20,000 H-2A sugarcane cutters)

*Pinnock v. Sugar Cane Growers Cooperative*, 791 So.2d 1135 (Fla. 4th DCA 2001) (contract claim on behalf of class of Jamaican sugar cane cutters).

7. In addition to the above cases I have also litigated many class actions on that did not involve the temporary guestworker program including, *inter alia,* the following:

*Ortega v. Rowe*, 796 F2d 765 (5th Cir. 1986) (action on behalf of alien deportees challenging conditions of confinement in contract jails operated by the Border Patrol).

*Cervantez v. Whitfill*, 776 F.2d 556 (5th Cir. 1986) (class action for damages and injunctive relief on behalf of individuals arrested by Texas Department of Public Safety for allegedly being illegally present in the United States)

*Johnson v. Rainbow Group, Ltd.*, ___S.W.3d ___ 2007 WL 619499 (Tex. App. – Austin 2007); 990 S.W.2d 351 (Tex. App.– Austin 1999) (class action for back wages on behalf of class of hairstylists held off the clock by their employer)

8. I have also litigated a number of FLSA collective actions including, among others, the following:

*Rivera v. Brickman Group Ltd.*, 2:05-CV-01518-LP (E.D. Pa.) (certified FLSA representative action on behalf of H-2B landscape workers)

*Ferry v. SGS Control Service, Inc., et al.*, 06 CIV 7111 (RMB) (S.D. N.Y.) (certified FLSA representative action on behalf of 150 oil, gas, and chemical inspectors)

*Dyer v. Thales Geosolutions, Inc.*, H-04-2582 (S.D. Tex.) (certified FLSA representative action on behalf of offshore surveyors)

9. I believe that my co-counsel, Vivian Rapposelli, and I have the experience and resources to act as class counsel and adequately represent the proposed class in this action.

10. The documents included in the Appendix Attachments 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 are true and correct copies of documents produced by TruGreen in this litigation.

11. The summaries included in Appendix Attachments 3, 8, 9, 10, and 11 accurately reflect information produced by TruGreen in this litigation as indicated on each attachment. In Attachment 11, the columns labeled "Actual Pay Per Hour" show a negative number if the worker worked fewer than 40 hours. Those negative numbers are simply a product of the formula used by Plaintiff, which was designed to calculate the hourly rate for weeks in which a worker worked more than 40 hours. Plaintiff ignored those negative numbers in identifying workers who earned less than was promised in the ETA-750 or Employer Disclosure Affidavit. To accurately determine the actual rate per hour for workers who worked fewer than 40 hours in a week, the gross earnings should simply be divided by the total hours. As with the actual earnings of workers working more than 40 hours, the resulting figure includes commissions and bonus payments.

12. I declare under penalty of perjury that the foregoing statements are true and correct.

Date: 9-21-07

Edward Tuddenham