IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

    Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

    Defendants.

CA 1:06-cv-00185-GMS

Class Action

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED H-2B WORKERS OF THEIR RIGHT TO OPT-INTO THIS FLSA ACTION

Now comes Plaintiff Ramon Villanueva and moves this Court for leave to file a renewed motion for issuance of notice to similarly situated H-2B workers employed by Defendant TruGreen of their right to opt-into this Fair Labor Standards Act action. In support of this motion Plaintiff would show the Court:

1. Plaintiff initially moved for issuance of notice of this FLSA action to similarly situated H-2B workers on April 28, 2006. DI 14, DI 15. Plaintiff made this motion before discovery had begun.

2. This Court denied the motion for notice on March 19, 2007, DI 44, because "of the dearth of evidence presented by Plaintiff to show that certification of a collective action is appropriate in this matter, as well as the tenuous legal foundation upon which the collective

1

action is based." DI 44 at 10. With regard to the latter point the Court stated,

> The court finds the plaintiff's reliance on the Eleventh Circuit decision in *Arriaga* [*v. Fla. Pacific Farms*, 305 F.3d 1228 (11th Cir. 2002)] overreaches. In *Arriaga*, the Court's conclusion that the employer's failure to account for certain expenses incurred by the agricultural workers in their wages operated as unlawful, *de facto* deductions was logical because the employer had obligations to H-2A workers in this regard under Department of Labor regulations in the first instance. *Id.* at 1246-47. At this time the court is not persuaded that *Arriaga* should be extended to the H-2B program. In the absence of an H-2B regulation that provides the legal obligation for the violations alleged or an authoritative case extending the *Arriaga* holding to H-2B workers, the court is even more reluctant to conditionally certify a class under the circumstances of this case.

DI 44 at 10.

3. On January 8, 2008, Judge Louis Pollack of the Eastern District of Pennsylvania issued an authoritative legal opinion extending the *Arriaga* holding to H-2B landscape workers. *Rivera v. Brickman Group, Ltd.*, Civ. No. 05-1518 (E.D. Pa. Jan. 8, 2008) (copy attached hereto). In his opinion, Judge Pollack found that **H-2B visa landscape workers** are entitled to have their visa, processing and travel expenses reimbursed to the extent those expenses bring their wages below the FLSA minimum – precisely the FLSA cause of action that Plaintiff seeks to have certified for notice in this case. Judge Pollack specifically rejected the argument that the *Arriaga* decision should be limited to H-2A workers. *Id.* at 4-15. In reaching this conclusion, Judge Pollack analyzes the history of the Immigration and Nationality Act as well as the regulatory differences between H-2A and H-2B workers and demonstrates conclusively that nothing in that Act or its implementing regulations suggests that the visa, transportation and processing expenses of H-2A and H-2B workers should be treated differently for purposes of the

Fair Labor Standards Act. *Id* The decision in the *Rivera* case clearly demonstrates the strength of Plaintiff's FLSA cause of action in this case.

4   In addition to an authoritative decision upholding Plaintiff's FLSA cause of action, Plaintiff has now had the opportunity to obtain evidence through discovery supporting his contention that TruGreen's other H-2B workers are similarly situated with respect to the FLSA claim at issue here – i.e. that they were required to pay their own visa, transportation and processing costs and are entitled to reimbursement of those costs to the extent they brought the H-2B workers wages below the FLSA minimum   Plaintiff has presented some of that evidence in his motion to reconsider the Court's Order of March 19, 2007, *see* DI 45, 46, 47, and 48, as well as in his motion for certification of a Rule 23 class, *see* DI 73, 74, and 75   If this Court grants this motion and allows Plaintiff leave to file a renewed motion for notice of this FLSA action, Plaintiff will demonstrate that the evidence is more than sufficient to meet his burden of showing that the FLSA class is similarly situated. Plaintiff's renewed motion for notice can be filed within 10 days of the granting of this motion.

5.  An order denying issuance of notice in an FLSA action, like other class certification decisions, is always subject to reconsideration and review where, as here, subsequent developments indicates that issuance of notice is appropriate. *See, e g , Bosely v. Chubb*, 2005 WL 133465 at *1 (E.D. Pa 2005) (after denying plaintiff's initial motion for conditional certification to allow for discovery, court granted plaintiff's renewed and amended motion for conditional certification of an FLSA class); *Smith v. Sovereign Bancorp*, 2003 WL 22701017 at *3 (E.D. Pa 2003) (denying initial motion for conditional certification of FLSA class without prejudice to plaintiffs right "to re-file their motion for preliminary class certification and notice

when and if the discovery process has yielded facts that render such certification appropriate."); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 365-369 (S.D.N.Y. 2007) (granting renewed motion for conditional certification after initial denial).

5. Several factors counsel in favor of reconsidering the issuance of notice to the class in this case. First, and foremost, there is the concern for fundamental fairness to the foreign workers involved, who are largely ignorant of their legal rights under the FLSA, rights that have now been upheld by the decision in *Rivera*. Second, the public has an interest in ensuring full compliance with the FLSA, an interest that can only be vindicated if potential FLSA claimants are informed of their rights. Finally, there is a question of fairness to TruGreen's competitor, Brickman, whose H-2B workforce has received notice of their FLSA rights and have had an opportunity to vindicate those rights.

For all of the foregoing reasons, Plaintiff urges the Court to allow him to file a renewed motion for issuance of notice of this FLSA action to similarly situated H-2B workers employed by Defendant TruGreen.

          Respectfully submitted,

          */s/ Vivian L. Rapposelli*
          Vivian L. Rapposelli (DE Bar #3204)
          Rapposelli & Gonzales
          1300 Grant Ave., Suite 100
          Wilmington, DE 19806
          Tel: 302-652-8711

          Edward Tuddenham (TX Bar No. 20282300)
          272 W. 107th St. #20A
          New York, NY 10025
          Tel: 212-866-6026
          ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Vivian L. Rapposelli, Esquire, hereby certify that on September 21, 2007, I caused electronic copies of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED H-2B WORKERS OF THEIR RIGHT TO OPT-INTO THIS FLSA ACTION to be served via the Court's CM/ECF system to counsel for the defense:

Michael P. Kelly         Mkelly@mccarter.com
McCarter & English
Citizens Bank Building
919 N. Market St. 18th Floor
Wilmington, Delaware 19801

Michael Banks        sbouchard@morganlewis.com
Sarah Bouchard
Morgan Lewis
1701 Market St.
Philadelphia, Pa. 19103

/s/ Vivian L. Rapposelli
Vivian L. Rapposelli (DE Bar #3204)
Rapposelli & Gonzales
1300 Grant Ave., Suite 100
Wilmington, DE 19806
Tel: 302-652-8711

Edward Tuddenham (TX Bar No. 20282300)
272 W. 107th St. #20A
New York, NY 10025
Tel: 212-866-6026

ATTORNEYS FOR PLAINTIFF

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA
individually and on behalf of others similarly
situated,

    Plaintiff

v.

TRUGREEN LIMITED PARTNERS and
TRUGREEN, INC.

    Defendants.

CA 1:06-cv-00185-GMS

Class Action

**ORDER**

Came on to be heard Plaintiff's Motion for Leave to File a Renewed Motion for Issuance of Notice to Similarly Situated H-2B Workers of Their Right to Opt-into This Action. The Court having considered the motion and the arguments of counsel is of the opinion that it should be granted and it is hereby,

ORDERED that Plaintiff shall have ten days from the date of this Order to file a Renewed Motion for Issuance of FLSA notice. The normal time period for briefing of motions shall apply to Defendants' brief in opposition and Plaintiff's reply brief.

Done this ___ day of _____, 2008.

_____
GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

1