IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, ) <br> individually and on behalf of others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRUGREEN LIMITED PARTNERS[1] and, ) <br> TRUGREEN, INC.[2], d/b/a TRUGREEN ) <br> CHEMLAWN[3], ) <br> ) <br> Defendants. ) | Civil Action No.: 06-185 (GMS) <br><br> **Electronically Filed** |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A RENEWED MOTION FOR ISSUANCE OF NOTICE TO SIMILARLY SITUATED H-2B WORKERS OF THEIR RIGHT TO OPT-INTO THIS FLSA ACTION

Defendants (hereinafter "TruGreen"), by their attorneys, hereby oppose Plaintiff's Motion for Leave to File a Renewed Motion for Issuance of Notice to Similarly Situated H-2B Workers Of Their Right To Opt-Into This FLSA Action ("Motion") (D.I. 83). As set forth in more detail below, this Motion is a thinly-veiled and meritless second request for reconsideration of the Court's previous decisions to deny conditional certification under the Fair Labor Standards Act ("FLSA"). Although Plaintiff contends that the Eastern District of Pennsylvania's decision in Rivera v. Brickman, 2008 WL 81579 (E.D. Pa. Jan. 7, 2008) changes the legal landscape here, in reality it does not. Nothing legally or factually has changed with respect to whether this case

---

[1]  The correct legal name is TruGreen Limited Partnership.

[2]  TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this action.

[3]  TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

should be conditionally certified. This Court correctly rejected Plaintiffs' initial certification motion in March 2007, and in May 2007, rejected Plaintiff's first request for reconsideration. Dissatisfied with those results, Plaintiff now seeks a third bite at the same apple. Plaintiff, however, has not cured the fundamental and fatal defects that preclude conditional certification under the FLSA; namely, that highly individualized factual issues dominate with respect to the compensation provided to TruGreen's H-2B workers for expenses incurred in connection with each individual H-2B worker's employment with TruGreen.

In support of its Opposition, TruGreen states as follows:

1. On March 19, 2007, the Court soundly rejected Plaintiff's Expedited Motion for Conditional Certification (D.I. 14). In a thorough and well-reasoned opinion, the Court recognized that the following factors demonstrated, on their face, why Plaintiff could not establish that he was similarly situated to other H-2B workers for TruGreen, as is required for conditional certification under the FLSA:

- The "dearth of undisputed evidence" – other than Plaintiff's own declaration and conclusory assertions – that "other TruGreen workers incurred – without reimbursement – any of the expenses alleged." (D.I. 14, at p. 5);

- Plaintiff's "fail[ure] to demonstrate that his experience at TruGreen's Wilmington, Delaware office is attributable to TruGreen nationally, and that TruGreen has a policy regarding compensation of H-2B workers for their visa and travel expenses." (D.I. 14, at p. 7);

- Unanswered "questions as to whether [Plaintiff] fits within the ambit of his proposed class definition in light of the compensation TruGreen did provide to him." (D.I. 14, at p. 7); and

- A recognition that "[w]hether a putative class member received full reimbursement, partial reimbursement or no reimbursement at all, based on specific promises made, or the specific TruGreen office at which they were employed, go[ ] to the heart of the claim, and the 'similarly situated' inquiry," and that the answers to those questions "require[ ] individual treatment." (D.I. 14, at pp. 8-9).

2

2. When the Court rendered its initial decision to deny conditional certification, the Court not only was aware of the <u>Rivera v. Brickman</u> litigation in the Eastern District of Pennsylvania, but also was aware that the court in <u>Rivera</u> already had conditionally certified a class of H-2B workers under the FLSA. However, the <u>Rivera</u> decision had absolutely no impact on this Court then, and it should not now.

3. In fact, in its initial opinion, the Court explicitly distinguished <u>Rivera v. Brickman</u> in the context of the conditional certification analysis. The Court noted that, unlike in <u>Rivera</u>, the fact that TruGreen provided some level and form of reimbursement to some H-2B workers on a location-by-location basis rendered the matter inappropriate for conditional certification. Specifically:

> This difference also distinguishes this case from <u>Javier Rivera v. Brickman Group, Ltd.</u>, No. 05-1518 (E.D. Pa. Dec. 22, 2005). In *Brickman*, the court adopted the Report and Recommendation of the Magistrate, who found that the H-2B workers incurred the alleged visa and travel expenses, ***and*** had not been reimbursed by the defendant Brickman—facts to which Brickman admitted in its opposition to conditional class certification. (D.I. 16-3 at 7.)

(D.I. 14, at p. 9 n.2.)

4. This critical distinction between the plaintiffs in <u>Rivera</u> and the putative plaintiffs in this case remains today.

5. Although this Court also foreshadowed its doubts regarding the merits of Plaintiff's FLSA claims, the Court was clear that its certification decision was not dependent upon its evaluation of the merits. <u>See</u> D.I. 14, at p. 10 ("although a decision on the merits is not appropriate on a motion for conditional certification the court is concerned about subjecting TruGreen to nationwide discovery and this court with the management of an opt-in class action, on a yet-to-be established legal premise").

ME1 7123853v.1

6.     The Court further noted that, even if it were to engage in a merits analysis at the conditional certification stage, "[i]n the absence of an H-2B regulation that provides the legal obligation for the violations alleged or an authoritative case extending the <u>Arriaga</u> holding to H-2B workers, the court is even more reluctant to conditionally certify a class under the circumstances of this case." (D.I. 14, at p. 10.)

7.     Dissatisfied with the Court's reasoned opinion regarding conditional certification, on March 29, 2007, Plaintiff filed a Motion for Reconsideration of Motion to Conditionally Certify or Alternatively Amended Motion for Conditional Certification (D.I. 45).

8.     The Court rejected that second effort on May 25, 2007 (D.I. 65). In words equally applicable to the instant Motion, the Court noted that:

> motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension,

and that "none of the three above-cited conditions . . . exist in the present case." (D.I. 65, at 1-2).

9.     Most recently, on January 23, 2008, Plaintiff filed a Motion for Leave to File a Renewed Motion for Issuance of Notice to Similarly Situated H-2B Workers Of Their Right To Opt-Into This FLSA Action (D.I. 83). Notwithstanding the title chosen by Plaintiff, this Motion is nothing more than a second request for reconsideration of the Court's March 2007 decision regarding conditional certification.

10.    In support of this second request for reconsideration, Plaintiff offers the memorandum opinion issued by the Eastern District of Pennsylvania on cross-motions for partial summary judgment in <u>Rivera v. Brickman</u>. (D.I. 83, Ex. 1.) This opinion, however, has absolutely nothing to do with conditional certification, and it does not demonstrate in any way how this Court "has patently misunderstood a party, has made a decision outside the adversarial

4

issues presented by the parties, or has made an error not of reasoning, but of apprehension," as this Court already has noted is required for a motion for reconsideration. See ¶ 8, supra.

11.     To the contrary, the Rivera decision proffered by Plaintiff is purely a merits decision that has no bearing on this Court's conditional certification decision. See ¶ 5, supra (referencing Court's acknowledgment that a resolution of the merits is not appropriate at the conditional certification stage); see generally Herring v. Hewitt Assocs., Inc., Civ. No. 06-267, 2007 WL 2121698, at *8 (D.N.J. July 24, 2007).

12.     At best, the Rivera decision is one district court's decision regarding the merits of Plaintiff's remaining individual FLSA claims. It hardly rises to the level of an "H-2B regulation that provides the legal obligation for the violations alleged or an authoritative case extending the *Arriaga* holding to H-2B workers" that the Court noted it would be inclined to look for when analyzing the merits of the FLSA issue. See ¶ 6, supra.

13.     Indeed, if this Court is to look at the relevant decisions of other district courts, this Court can look to the Western District of Michigan, where that court also concluded that the claims raised were not appropriate for conditional certification under the FLSA or class-wide adjudication under Rule 23. See Guererro v. Brickman Group, LLC, Civil Action No. 05-CV-00357 (W.D. Mich.). Given the differences in approach between the Eastern District of Pennsylvania and the Western District of Michigan for the same defendant – Brickman, no single case in this developing area of law can be viewed as controlling, authoritative, persuasive or dispositive on the issue.

14.     Plaintiff further premises his flawed second request for reconsideration on his assertion that he has discovered that other H-2B workers "were required to pay their own visa, transportation, and processing costs and are entitled to reimbursement of those costs to the extent

5

they brought the H-2B workers wages below the FLSA minimum." (D.I. 83, at ¶ 4.) His assertions notwithstanding, there is no new evidence here.

15. The Court specifically noted when it first denied Plaintiff's motion for conditional certification that the issues precluding certification were not *whether* H-2B workers *incurred* the alleged expenses, but, rather, the dispositive issue on certification was whether (or to what extent) individual H-2B workers were, in fact, *reimbursed* or *otherwise compensated* for those expenses. See ¶ 1, supra, for record citations. Nothing Plaintiff offers in terms of "evidence" in the context of the instant Motion provides any additional information on this point.

16. To the contrary, it remains as undisputed as it did on March 19, 2007, that there exists a "dearth of undisputed evidence" that "other TruGreen workers incurred – without reimbursement – any of the expenses alleged" and that Plaintiff has not demonstrated that "his experience at TruGreen's Wilmington, Delaware office is attributable to TruGreen nationally, and that TruGreen has a policy regarding compensation of H-2B workers for their visa and travel expenses." See ¶ 1, supra. Without any additional information on these points, Plaintiff's Motion for Leave should be denied.

17. Finally, Plaintiff's assertion that orders regarding conditional certification are "always subject to reconsideration and review" (D.I. 83, at ¶ 5) is legally untenable.

18. The decisions cited by Plaintiff do not stand for the broad notion that a decision is "always subject to reconsideration and review." In both Smith v. Sovereign Bancorp, No. Civ. A. 03-2420, 2003 WL 22701017 (E.D. Pa. Nov. 13, 2003), and Bosely v. Chubb Corp., No. Civ. A. 04CV4598, 2005 WL 1334565 (E.D. Pa. June 3, 2005), the courts denied initial motions for conditional certification without prejudice and specifically ordered the parties to conduct discovery on certification issues. On reconsideration following discovery, both courts cited to

the specific factual evidence that cured the dearth of undisputed evidence that existed at the initial certification stage with specific factual evidence demonstrating the likelihood of a national policy or practice or other evidence that rendered the relevant issues anything other than highly individualized.  Smith, 2003 WL 22701017 at *3; Bosely, 2005 WL 1334565, at *1-2.

19. Unlike the plaintiffs in Smith and Bosely, Plaintiff still has not cured the fundamental defects regarding conditional certification under the FLSA.  That is, Plaintiff still has not demonstrated a national policy or practice at TruGreen regarding the compensation or reimbursement for expenses incurred and still has not demonstrated that his experiences while at TruGreen were representative of the relevant experiences of any other H-2B worker.  He has not been able to do so despite having over a year and a half to conduct discovery on these issues.

20. The decision in Iglesias-Mendoza v. LaBelle Farm Inc., 239 F.R.D. 363 (S.D.N.Y. 2007), is even less relevant here.  There, the court never even reached the conditional certification issue at the first instance and, therefore, was not deciding the issue on reconsideration as Plaintiff suggests.  Rather, because the definition of plaintiff's proposed Rule 23 class was at odds with the Migrant Seasonal Agricultural Worker Protection Act pursuant to which the plaintiffs sought relief, the court required the plaintiffs to define more precisely the class within the meaning of that statute, and then proceeded to analyze the related motion for conditional certification.  Id. at 366-68.

21. In short, Plaintiff's second request for reconsideration offers nothing new.  When the Court denied the initial motion for conditional certification, it was well aware of the Eastern District's decision to conditionally certify a class in Rivera, yet explicitly distinguished this case for purposes of certification.  Therefore, the Rivera decision on partial motions for summary judgment cannot and should not have any bearing on a conditional certification motion in this

7

case. Nothing else that the Plaintiff offers solves the fundamental deficiencies – namely that there are highly individualized issues regarding TruGreen's practices with respect to compensation for expenses incurred – that properly precluded conditional certification in both the first and second instances.

WHEREFORE, for the reasons set forth above, Defendant TruGreen respectfully requests that Plaintiff's Motion for Leave to File a Renewed Motion for Issuance of Notice to Similarly Situated H-2B Workers Of Their Right To Opt-Into This FLSA Action (D.I. 83) – effectively a second Motion for Reconsideration of the Court's initial denial of Plaintiff's Motion for Conditional Certification – be denied in its entirety.

Respectfully submitted,

/s/ Daniel M. Silver
Michael P. Kelly (Del. Bar ID #2295)
Daniel M. Silver (Del. Bar ID #4758)
McCarter & English
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6301
mkelly@mccarter.com
dsilver@mccarter.com

*Admitted Pro Hac Vice*
Michael L. Banks (Pa. I.D. #35052)
Sarah E. Bouchard (Pa. I.D. #77088)

OF COUNSEL:
MORGAN, LEWIS & BOCKIUS, LLP

1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5387/5077

Dated:  February 11, 2008          Attorneys for Defendants

# CERTIFICATE OF SERVICE

I, Daniel M. Silver, undersigned counsel of record, hereby certify that on February 11, 2008, I caused a copy of the foregoing **Defendant's Opposition to Plaintiff's Motion for Leave to File a Renewed Motion for Issuance of Notice to Similarly Situated H-2B Workers Of Their Right To Opt-Into This FLSA Action** to be served upon all counsel of record via CM/ECF Filing.

                                            McCARTER & ENGLISH LLP

                                            /s/ Daniel M. Silver
                                            Daniel M. Silver (DE Bar Id. No. 4758)