IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, individually and on behalf of others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>TRUGREEN LIMITED PARTNERS[1] and, TRUGREEN, INC.[2], d/b/a TRUGREEN CHEMLAWN[3],<br><br>  Defendants. | Civil Action No.: 06-185 (GMS)<br><br>**Electronically Filed** |

### DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S NOTICE

Defendants (hereinafter "TruGreen"), by their attorneys, hereby move for leave to file a response to Plaintiff's Notice of Supplemental Authority in Support of Motion for Class Certification (D.I. No. 84).[4] This "Notice" actually is additional briefing – entirely misplaced and irrelevant briefing – on the pending Rule 23 motion even though Plaintiffs failed to obtain leave of Court to file any such additional argument, and further failed to confer with counsel for

---

[1]   The correct legal name is TruGreen Limited Partnership.

[2]   TruGreen, Inc. was not Plaintiff's employer, and therefore, is not a proper party in this action.

[3]   TruGreen, Inc. does not do business as (d/b/a) TruGreen Chemlawn; TruGreen Limited Partnership does do business as (d/b/a) TruGreen Chemlawn.

[4]   The docket incorrectly reflects this entry as an "Opening Brief in Support re Motion for Leave to File a Renewed Motion for Issuance of Notice to Similarly Situated H-2B Workers Of Their Right To Opt-Into This FLSA Action," but it is clear from Plaintiff's caption that this entry is a "Notice" that relates exclusively to the pending Rule 23 motion for class certification, not an "Opening Brief" relating to Plaintiff's twice-denied motion for conditional certification under the Fair Labor Standards Act ("FLSA").

TruGreen regarding the same. Accordingly, if the Court is not inclined to strike Plaintiff's "Notice" for these failures, TruGreen respectfully submits that it should be given an opportunity to respond to the inherently flawed arguments raised thereby. In support of this Motion, TruGreen states as follows:

1. On January 23, 2008, Plaintiff filed two separate documents that do nothing more than submit to the Court the Eastern District of Pennsylvania's decision on cross-motions for summary judgment in <u>Rivera v. Brickman Group, Ltd.</u>, 2008 WL 81579 (E.D. Pa. Jan. 7, 2008). <u>See</u> D.I. Nos. 83, 84.

2. That decision has absolutely no bearing on either Plaintiff's pending Rule 23 motion for class certification or his twice-denied motion for conditional certification under the Fair Labor Standards Act ("FLSA"). <u>See</u> Defendants' Opposition to Plaintiff's Motion for Leave to File A Renewed Motion for Issuance of Notice to Similarly Situated H-2B Workers of Their Right to Opt-Into this FLSA Action, filed herewith. To the contrary, at best, it relates to Plaintiff's individual FLSA claim, which is not yet ripe for adjudication given the procedural posture of this action.

3. By way of relevant background, this Court denied Plaintiff's Motion for Conditional Certification under the FLSA twice: first on March 19, 2007, upon consideration of Plaintiff's expedited motion (D.I. 44), and again on Plaintiff's motion for reconsideration (D.I. 65). As such, the only FLSA claim that even possibly remains is Plaintiff's individual claim under the FLSA.

4.      By the time this Court made the decision regarding conditional certification, the court presiding over the Rivera v. Brickman case already had decided to grant conditional certification as to River's FLSA claims. As this Court noted then, the cases were distinguishable on this point. Specifically, because TruGreen had demonstrable evidence that it had reimbursed employees, in whole or in part, for the expenses at issue, whereas the Brickman defendant admitted in its opposition to conditional class certification that it had not, the Court did not find the Brickman court's analysis on conditional certification to be relevant or persuasive. D.I. 14, at p. 9 n.2.

5.      On September 21, 2007, Plaintiff filed a Motion to Certify Class as to his state law claims of breach of contract, unjust enrichment, and fraud pursuant to Rule 23 of the Federal Rules of Civil Procedure. See D.I. 73. Notably, unlike Plaintiff in this action, the Brickman plaintiffs never raised any class-wide claim for breach of contract, unjust enrichment, or fraud; rather, the only class-wide state law claims at issue were Pennsylvania state wage and hour claims.

6.      TruGreen submitted its opposition to this Rule 23 motion on October 26, 2007 (D.I. 76). In that opposition, TruGreen explained that Plaintiff's Motion should be denied at the outset because there is no basis for the exercise of jurisdiction over the class-wide claims given that the only arguable federal question is the FLSA claim that this Court already has determined is not appropriate for class-wide treatment. See D.I. 76 at pp. 7-12.

7.	Nothing in the Rivera v. Brickman decision addresses class certification. Indeed, there never even was a class certification motion filed in that case because the parties stipulated to certification of the state law claims alleged (which did not include breach of contract, unjust enrichment, or fraud). Tellingly, nothing in Plaintiff's "Notice" even explains how or why the Rivera v. Brickman decision relates to the pending Rule 23 motion. Instead, Plaintiff implicitly acknowledges that all that occurred was judicial legislation – a single court in the Eastern District of Pennsylvania was willing to extrapolate regulations specifically and exclusively applicable to H-2A workers to H-2B workers.

8.	In short, the Rivera v. Brickman decision certainly does not provide this Court with a basis upon which to exercise supplemental jurisdiction over Plaintiff's state law claims. It just as certainly does not aid Plaintiff in carrying any of his burdens under Rule 23 as to his breach of contract, unjust enrichment, or fraud claims – none of which were even raised in Rivera v. Brickman. However, if Plaintiff's "Notice" of this decision as "supplemental authority" is permitted to stand, TruGreen should have a more fulsome opportunity to identify the fundamental flaws of that purported "authority" for purposes of the pending Rule 23 motion.

9.	Counsel for TruGreen conferred with counsel for Plaintiff regarding the contents of this Motion, and counsel for Plaintiff refused to consent or otherwise stipulate either to the Motion to Strike or for the opportunity for TruGreen to respond to the "Notice."

WHEREFORE, Defendants respectfully request that if the Court permits Plaintiff's "Notice of Supplemental Authority in Support of Motion for Class Certification" to stand that Defendants be afforded a similar opportunity to file a responsive pleading to this "supplemental authority."

Respectfully submitted,

/s/ Daniel M. Silver
Michael P. Kelly (Del. Bar ID #2295)
Daniel M. Silver (Del. Bar ID #4758)
McCarter & English
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
(302) 984-6301
mkelly@mccarter.com
dsilver@mccarter.com

*Admitted Pro Hac Vice*
Michael L. Banks (Pa. I.D. #35052)
Sarah E. Bouchard (Pa. I.D. #77088)
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5387/5077

OF COUNSEL:
MORGAN, LEWIS & BOCKIUS, LLP

Dated:  February 11, 2008          Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA, )<br>individually and on behalf of others )<br>similarly situated, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>TRUGREEN LIMITED PARTNERS and, )<br>TRUGREEN, INC., d/b/a TRUGREEN )<br>CHEMLAWN, )<br>)<br>    Defendants. )<br>) | Civil Action No.: 06-185 (GMS)<br><br>**Electronically Filed** |

# ORDER OF COURT

AND NOW, to-wit, this ___ day of _____, 2008, upon careful consideration of Defendant's Motion for Leave to File a Response to Plaintiff's Notice of Supplemental Authority or, In the Alternative, Motion to Strike Plaintiff's Notice, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the foregoing Motion is GRANTED as follows:

[ ] Plaintiff's Notice of Supplemental Authority in Support of Motion for Class Certification (D.I. No. 84) is hereby STRICKEN; or

[ ] Defendants are hereby ORDERED TO SUBMIT A RESPONSE to Plaintiff's Notice of Supplemental Authority in Support of Motion for Class Certification (D.I. No. 84) on or before ten (10) days of the date of this Order in accordance with applicable Federal Rules of Civil Procedure and all Local Rules and Orders of Court.

BY THE COURT,

_____
The Honorable Gregory M. Sleet

ME1 7126452v.1

**CERTIFICATE OF SERVICE**

     I, Daniel M. Silver, undersigned counsel of record, hereby certify that on February 11, 2008, I caused a copy of the foregoing **Defendant's Motion for Leave to Respond to Plaintiff's Notice of Supplemental Authority or, in the alternative, to Strike Plaintiff's Notice** to be served upon all counsel of record via CM/ECF Filing.

                                  McCARTER & ENGLISH LLP

                                  /s/ Daniel M. Silver
                                  Daniel M. Silver (DE Bar Id. No. 4758)