IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAMON VILLANUEVA-BAZALDUA individually and on behalf of other similarly situated, | ) ) ) ) | Civil Action No. 06-185 |
| Plaintiff, | ) ) ) | The Honorable Gregory M. Sleet |
| v. | ) ) | |
| TRUGREEN LIMITED PARTNERS and TRUGREEN, INC. d/b/a TRUGREEN CHEMLAWN, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S RICO CLAIMS

Defendants (collectively referred to as "TruGreen"), by and through their attorneys, hereby submits the following Partial Motion to Dismiss Plaintiff's RICO Claims pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] and, in support thereof, states as follows:

1.  On March 17, 2006, Plaintiff Ramon Villanueva-Bazaldua ("Plaintiff") filed a four-count Complaint against TruGreen, asserting violations of the Fair Labor Standards Act, breach of contract, and tort claims of fraud and breach of the covenant of good faith and fair dealing.

2.  On February 27, 2008, after obtaining leave of Court, Plaintiff filed a nine-count Amended Complaint against TruGreen. This amendment included, <u>inter alia</u>, new Counts Seven, Eight and Nine. In each, Plaintiff asserts a RICO violation by TruGreen and its Vice President of Human Resources, James Vacchiano.[2]

---

[1]  Pursuant to Rule 12(b), Defendants make this partial motion to dismiss pursuant to Rule 12(b)(6) before any further pleading.

[2]  Counts Five and Six add claims for unjust enrichment and promissory estoppel pursuant to the same theories of breach of contract, fraud, and breach of the covenant of good faith and fair dealing. TruGreen denies that either of these new claims have merit, but they are not subject to this Partial Motion to Dismiss.

2

3.      As set forth in more detail in Defendants' Memorandum of Law in Support of the Partial Motion to Dismiss Plaintiff's RICO Claims, Plaintiff lacks standing to assert any RICO claims. Specifically, Plaintiff has not suffered any injury for which relief can be granted under RICO and, even if he had, that injury is not proximately caused by the alleged RICO violations (fraud on federal and state governmental agencies). As a matter of law, then, these claims must be dismissed, and James Vacchiano cannot be a named Defendant.

WHEREFORE, for all of the reasons set forth above, Defendants respectfully request that Plaintiff's RICO claims be dismissed, with prejudice, from Plaintiff's First Amended Complaint.

    Respectfully submitted,

    **MCCARTER & ENGLISH, LLP**

    /s/ Daniel M. Silver
    Michael P. Kelly (DE Bar ID #2295)
    mkelly@mccarter.com
    Daniel M. Silver (DE Bar ID #4758)
    dsilver@mccarter.com
    McCarter & English, LLP
    Renaissance Centre
    405 N. King Street, 8th Floor
    Wilmington, DE  19801
    (302) 984-6300

    *Admitted Pro Hac Vice*
    Michael L. Banks (PA I.D. #35052)
    Sarah E. Bouchard (PA I.D. #77088)
    Morgan, Lewis & Bockius LLP
    1701 Market Street
    Philadelphia, PA  19103-2921
    (215) 963-5387/5077

Dated:  April 4, 2008    Attorneys for TruGreen

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RAMON VILLANUEVA-BAZALDUA individually and on behalf of other similarly situated, | ) ) ) ) | Civil Action No. 06-185 |
| Plaintiff, | ) ) | The Honorable Gregory M. Sleet |
| v. | ) ) | |
| TRUGREEN LIMITED PARTNERS and TRUGREEN, INC. d/b/a TRUGREEN CHEMLAWN, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER OF COURT

Upon consideration of Defendants' Partial Motion to Dismiss Counts Seven through Nine of Plaintiff's First Amended Complaint and supporting Memorandum of Law, and any responses thereto, it is hereby ORDERED this _____ day of _____, 2008, that the Partial Motion to Dismiss Plaintiff's Amended Complaint is GRANTED. The RICO claims set forth in Counts Seven through Nine of the First Amended Complaint are DISMISSED in their entirety, with prejudice. James Vacchiano is DISMISSED, with prejudice, as a named Defendant.

_____
Chief United States District Judge