## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA  )
individually and on behalf of other  )
similarly situated,  )        Civil Action No. 06-185
                      )
            Plaintiff,  )
                      )
      v.              )
                      )
TRUGREEN LIMITED PARTNERS  )
and TRUGREEN, INC. d/b/a  )
TRUGREEN CHEMLAWN, and  )
JAMES VACCHIANO,  )
                      )
            Defendants.  )

### STIPULATION AND SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by and between RAMON VILLANUEVA-BAZALDUA (as Class Representative), on behalf of himself and all others similarly situated, on the one hand, and TRUGREEN LIMITED PARTNERSHIP (incorrectly identified in the caption as TruGreen Limited Partners), TRUGREEN, INC., and JAMES VACCHIANO (collectively, "TruGreen" or "Defendants"), on the other hand, as set forth below:

## I.    THE PARTIES TO THIS STIPULATION

This Stipulation (with the associated exhibits) is made and entered into by and among the following Parties:  (i) the Class Representative (on behalf of himself and each of the Class Members), with the assistance of Class Counsel; and (ii) Defendants, with the assistance of their counsel of choice. The Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released State Law Claims and Released Federal Law Claims (as defined in Section V) upon and subject to the terms and conditions hereof.

## II.    THE LITIGATION

On or about March 17, 2006, the Class Representative commenced a putative class and collective action against Defendants in the United States District Court for the District of Delaware. In this action, the Class Representative alleged on behalf of "all H-2B workers employed by [TruGreen] at any time between 2003 and 2006": (a) that TruGreen improperly failed to account for "visa, processing, and transportation expenses incurred by H-2B workers" when calculating the first week's wages required under the FLSA and failed to account for return travel costs when calculating the last week's wages required under the FLSA, thereby allegedly creating *de facto* deductions from wages resulting in alleged violations of the FLSA; and (b) that, including through TruGreen's use of the fluctuating workweek method of calculating overtime, TruGreen breached the terms of contracts allegedly executed by H-2B workers in Mexico relating to hourly and overtime wage rates, committed fraud, and breached the covenants of good faith and fair dealing in the various states in which TruGreen does business.

The court denied Plaintiff's motion for conditional certification under the FLSA on or about March 19, 2007. Thereafter, on or about September 31, 2007, Plaintiff moved to certify a class of H-2B workers regarding some of the alleged state law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants opposed that Motion, and briefing is complete.

On or about February 27, 2008, Plaintiff filed a First Amended Complaint, adding Vice President of Human Resources, James Vacchiano, as a named Defendant and asserting: (a) as alternatives to the contract-based state claims, that TruGreen was unjustly enriched to the extent that wages paid (including pursuant to the fluctuating workweek) were different from those set forth in documents executed in Mexico and/or that the H-2B workers hours are entitled to damages under a theory of promissory estoppel; and (b) that TruGreen, with its VP of Human Resources and H-2B program vendors, engaged in mail, wire, and visa fraud in violation of the

2

federal Racketeering Influenced and Corrupt Organizations Act (RICO) by allegedly failing to pay the wage rates set forth on the Form ETA-750s submitted to the federal government.

After TruGreen filed a Motion to Dismiss the RICO allegations set forth in the First Amended Complaint, the Parties began to engage in substantive settlement negotiations, which culminated in the Parties reaching the conditional agreement reflected herein.

## III. DEFENDANTS' DENIAL OF WRONGDOING OR LIABILITY

Defendants specifically and generally deny any and all liability or wrongdoing of any sort with regard to any of the claims alleged, make no concessions or admissions of liability of any sort, and contend that for any purpose other than settlement, the Action is not appropriate for class or collective action treatment pursuant to either Federal Rule of Civil Procedure 23 or 29 U.S.C §216(b), respectively. Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted, distracting, and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants have also taken into account the uncertainty and risks inherent in any litigation. Defendants have therefore determined that it is desirable and beneficial to them to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## IV. CLAIMS OF THE CLASS REPRESENTATIVE AND BENEFITS OF SETTLEMENT

The Class Representative and Class Counsel believe that the claims asserted in the Litigation have merit and that evidence developed to date supports the claims. However, the Class Representative and Class Counsel recognize and acknowledge the expense and length of time of the type of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. The Class Representative and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, as well as the

3

difficulties and delays inherent in all litigation.  Based upon their evaluation, the Class Representative and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class Representative and the Class.

## V.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representative (for himself and the Class Members) and Defendants, with the assistance of their respective counsel or attorneys of record, that, as among the Parties, including all Class Members, the Litigation and the Released State Law Claims and Released Federal Law Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of the Stipulation and the Judgment (as defined herein).

### 1.     DEFINITIONS

1.1     "Action" or "Class Action" means the civil action filed on March 17, 2006, in the United States District Court for the District of Delaware entitled Ramon Villanueva-Bazaldua, individually and on behalf of others similarly situated, v. TruGreen Limited Partners and TruGreen, Inc. d/b/a TruGreen ChemLawn, amended February 27, 2008, docketed as Case No. 06-185 (GMS).

1.2     "Claims Administrator" shall refer to Class Counsel, who will perform all of the duties customarily performed by a claims administrator, including (i) mailing the Notice and Claim Form/FLSA Consent Form to Class Members; (ii) tracking returned Claim and Exclusion Forms; (iii) notifying the Parties of timely and untimely claims; (iv) calculating the amounts due to each Class Member pursuant to the Settlement and sending each Participating Claimant their respective Settlement Award; and (v) notifying the Parties of, and resolving any disputes regarding, claims by the Class Members.

4

1.3    "Claim Form/FLSA Consent Form" refers to Exhibit "B," the form approved by the Parties and subject to Court approval which a Class Member must submit to claim his/her portion of the Settlement proceeds.

1.4    "Class" or "Class Members" shall mean the Class Representative, and all persons employed by TruGreen as an H-2B worker in the LawnCare division at any point during the calendar years 2005, 2006, 2007 and/or 2008.

1.5    "Class Counsel" shall mean Edward Tuddenham, Esquire and the law firm of Rapposelli & Gonzales.

1.6    "Settlement Fund" shall mean the remainder of the Settlement Amount available to be distributed to the Class Members after deductions of Court approved attorneys' fees and litigation costs (including costs for Class Counsel's services as Claims Administrator), and the settlement payment to the Class Representative.

1.7    "Class Members' Released Period" shall include the period from March 17, 2003, to the date on which the Court gives preliminary approval of the Settlement.

1.8    "Class Representative" shall mean Plaintiff Ramon Villanueva-Bazaldua.

1.9    "Class Representative's Released Period" shall mean the period from the date the Class Representative was first employed by TruGreen, to the date on which the Court gives preliminary approval of the Settlement.

1.10    "Court" refers to the United States District Court for the District of Delaware.

1.11    "Judgment" shall mean the Order of Final Approval entered by the Court.

1.12    "Notice" or "Class Notice" shall mean the "Notice of Preliminary Approval of Settlement of Class Action; Notice of Settlement Hearing and Hearing Regarding

5

Application for Attorneys' Fees, Costs, and Compensation to Named Representative; and Claim, Consent and Exclusion Procedures" to be approved by the Court, substantially in the form attached hereto as Exhibit "A."

1.13    "Order of Final Approval" shall mean an order to be entered and filed by the Court entitled "Order Determining Good Faith and Granting Final Approval of Settlement," substantially in the form attached hereto as Exhibit "D."

1.14    "Parties" shall mean the Class Representative, Class Members, and the TruGreen Defendants.

1.15    "Participating Claimant" means each member of the Class who properly and timely submits a Claim Form/FLSA Consent Form in response to the Class Notice.

1.16    "Preliminary Approval Order" shall mean an order to be executed and filed by the Court entitled "Preliminary Approval Order of Settlement and Setting a Settlement Hearing," substantially in the form attached hereto as Exhibit "C."

1.17    "Released State Law Claims by Class Members" means any and all state law wage-and-hour claims, rights, demands, liabilities and cause of action in any way relating to this Action arising out of employment by TruGreen ChemLawn and arising during the Class Members' Released Period, which could have been asserted during this Action, including without limitation statutory, constitutional, contractual or common law claims relating to wages, whether in the form of back wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief ("Released State Law Claims").

1.18    "Released Federal Law Claims by Class Members" means any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature

and description pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, et seq., arising out of employment by TruGreen ChemLawn and arising during the Class Members' Released Period ("Released Federal Law Claims").

1.19    "Released Claims by Class Representative" means any and all claims, including Unknown Claims, arising during the period from his date of initial employment by TruGreen to the date on which the Court gives final approval of the Settlement, whether under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law; whether or not such claims are in the nature of claims for damages, unpaid wages, premium pay, deductions, unreimbursed business expenses, unlawful deductions, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, and other alleged wage-and-hour violations, retaliation, wrongful discharge, attorneys' fees or injunctive relief; and whether sounding in contract or tort ("Class Representative's Released Claims"). The Class Representative's Released Claims include, but are not limited to, claims arising from or dependent on the Delaware Wage Payment and Collection Act; the Delaware Discrimination in Employment; Title VII of the Civil Rights Act of 1964; the Americans with Disabilities Act; the Employee Retirement Income Security Act of 1974; the Fair Labor Standards Act; and all of their implementing regulations    Released State Law and Federal Claims and Class Representative's Released Claims shall be referred to collectively as Released Claims.

1.20    "Releasees" shall mean defendants TruGreen, Inc. and TruGreen Limited Partnership, each of their affiliates, including, without limitation, parents and subsidiaries, affiliated corporations, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals,

agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives.

      1.21    "Settlement Amount" shall mean up to $399,934.00 to be paid by Releasees pursuant to this Settlement.

      1.22    "Settlement Effective Date" or "Effective Date" shall mean the latest of the following dates:

      (a)    the date of final affirmance on an appeal of the Judgment;

      (b)    the date of final dismissal with prejudice of the last pending appeal from the Judgment; or

      (c)    if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment. Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to attorneys' fees shall not, by itself, in any way delay or preclude the Judgment from becoming final.

      1.23    "Settlement Hearing" means a hearing set by the Court for the purpose of (i) determining the fairness, adequacy and reasonableness of the Stipulation and associated Settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated Settlement; and (iii) entering Judgment.

      1.24    "Settlement" or "Stipulation" shall mean this Joint Stipulation of Settlement and Release.

    **2.**    **THE SETTLEMENT.**

      2.1    Certification of a Class and Collective Action is for Settlement Purposes Only.

      2.2    The Parties stipulate, for settlement purposes only, to the certification by the Court of a Class of all Class Members as to all claims asserted in the Litigation pursuant to

8

state law for which Plaintiff sought class certification in his motion filed September 31, 2007, and further stipulate, for settlement purposes only, to the certification by the Court of a collective action as to all claims asserted in the Litigation pursuant to the FLSA.

2.3    If for any reason the Court does not approve this Stipulation, fails to enter the Judgment of Final Judgment and Dismissal, or if this Stipulation and Settlement Agreement is lawfully terminated for any other reason, Defendants shall retain the absolute right to dispute the propriety of class certification and collective action certification on all applicable grounds

2.4    Consideration to Class Members

2.5    The Settlement Amount in this case is up to and shall not exceed three hundred and ninety-nine thousand, nine hundred thirty-four dollars ($399,934.00). Of that amount, up to two hundred and thirty-two thousand, six hundred and thirty-four dollars ($232,634.00) ("Settlement Fund") will be available for distribution to the Participating Claimants. Each Claimant will receive one share of the Settlement Fund for each season he worked during 2005, 2006, 2007, and 2008. The value of one share shall be calculated by multiplying the Settlement Fund by a fraction, the numerator of which is 1 and the denominator of which shall be the total number of "worker-seasons" worked during 2005, 2006 and 2007 by the individuals who appear on the list to be provided to the Claims Administrator pursuant to Paragraph 2.5.1. "Worker-season" means one worker working one season.

2.6    Defendants will pay the portion of the Settlement Fund claimed by Participating Claimants within fifteen (15) days of the Effective Date. Defendants will forward the claimed portion of the Settlement Fund to Class Counsel as Claims Administrator, who will deposit said funds into a banking account opened for the sole purpose of administration of this

9

Settlement.   TruGreen shall have the right to retain any portion of the Settlement Fund that is not claimed by Participating Claimants.

      2.7    Taxes

      2.8    Participating Claimants are solely responsible for the reporting and payment of any federal, state, and/or local income or other tax, if any, on any of the payments made pursuant to this Section V of this Stipulation.  Defendants make no representations and it is understood and agreed that Defendants have made no representations as to the taxability to any Participating Claimants of any portions of the settlement payments, the payment of any costs or an award of attorneys' fees, or any payments to the Class Representatives.   The Claims Administrator will provide Defendants with a report of payments made to Participating Claimants so that Defendants can file IRS-1099 forms in the year in which the payments were made.

      2.9    Court Approval of Class Notice

      2.10    The Class Representative and Defendants, through their counsel of record in the Litigation, shall file this Stipulation with the Court and the Class Representative shall then move for preliminary approval of this Stipulation and Settlement Agreement    Via this submission and Motion, the Class Representative, through their counsel of record, will request that the Court enter the Preliminary Approval Order approving the terms of this Stipulation, certify a class and collective action for settlement purposes, and schedule the Settlement Hearing for the purposes of determining the fairness with regard to the Settlement, granting final approval of the Settlement, granting final approval of this Stipulation, and entering Judgment.

      2.11    Subject to Court availability, the Class Representative and Defendants shall endeavor to notice the motion for entry of the Preliminary Approval Order described in

Section 2.4.1 as soon as possible. A decision by the Court not to enter the Preliminary Approval Order and Stipulation in its entirety, excluding changes to formatting of documents or typographical errors, will be grounds for the Class Representative and/or Defendants to terminate the Settlement and the terms of this Stipulation within twenty-one (21) days of receipt of the Court's decision, except as limited in this Stipulation.

2.12    If the Court enters the Preliminary Approval Order after September 15, 2008, Class Counsel and counsel for Defendants shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation, if necessary. In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

2.13    If the Court enters the Preliminary Approval Order, then at the resulting Final Approval Hearing, the Class Representative and Defendants, through their counsel of record, shall address any written objections from Class Members or concerns from Class Members who attend the hearing, if any, and concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and Settlement Agreement and entry of the Judgment by the Court.

2.14    Notice of Pendency of Class Action Settlement

2.15    Defendants shall provide to the Claims Administrator no later than ten (10) days after the Preliminary Approval Date a complete list reflecting the following information for each Class Member:  a) name, social security number, and last known address and telephone number (to the extent available); and (b) years worked during calendar years 2005,

2006, 2007 and/or 2008. ("Class Data List"). Following receipt of the Class Data List, the Claims Administrator will process the Class Notice for mailing to all members of the Class.

2.16 If, by entering the Preliminary Approval Order, the Court provides authorization to send the Notice, Class Counsel, through the Claims Administrator, will facilitate the mailing of the Class Notice to all Class Members at their Last Known Addresses. This Class Notice shall be mailed by first-class mail through the United States Postal Service, postage pre-paid.

2.17 This Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator.

2.18 Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this Section, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent. In the event that subsequent to the first mailing of a Notice and prior to the Claims Period Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the Notice to that address, the Notice will be deemed mailed as of that date, and the forwarding address shall be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing of a Class Notice and at least fourteen (14) days prior to the Claims Period Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender," the Claims Administrator shall make reasonable efforts to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Notice immediately and within fourteen (14) days of receiving such information. In

12

either event, the Notice Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement shall be deemed received when it is mailed for the second time.

2.19    Claims Administrator will attempt to confirm the addresses and telephone numbers provided by Defendants pursuant to paragraph 2.5.1. Within two weeks of receiving the addresses, the Claims Administrator will provide Defendants with a list of those class members whose addresses cannot be confirmed. Defendant shall request LLS Intl. to provide the Claims Administrator with any more current addresses or telephone numbers that LLS may have in its databases (including databases of other employers) for the listed class members. This information will be provided to the Claims Administrator as soon as it is available but, in any event, no later than 60 days before the end of the claims period.

2.20    Requests for Exclusion

2.21    Class Members have the option to retain their own attorney(s) in connection with this Lawsuit at their own expense. Class Members who choose this option will be responsible for any attorneys' fees or costs incurred as a result of this election. The Class Notice will advise Class Members of this option.

2.22    Class Members may elect to "opt out" of the Class and thus exclude themselves from the Litigation and the Class. Class Members may exclude themselves from the Settlement by sending to Class Counsel, as Claims Administrator, a written statement expressing their desire to be excluded from the Settlement as to their state law claims in the *Villanueva v TruGreen* litigation. The request for exclusion shall include the Class Member's name, current address, and telephone number. Requests for exclusion shall be deemed effective as long as the identity of the class member requesting exclusion can be determined. Requests for exclusion that are not submitted on a timely basis, will be deemed null, void and ineffective. The parties

13

will attempt to resolve among themselves any disputes that may arise regarding the effectiveness of a request for exclusion. Any disputes that cannot be resolved will be submitted to the Court for resolution. Persons who are eligible to and do submit valid and timely requests for exclusion from the Settlement as to their state law claims will not receive Settlement Awards, nor will they be bound by the terms of the proposed Settlement as to their state or federal law claims, if it is approved, or the Final Judgment in this Action. If the Claims Administrator does not receive a properly executed Request for Exclusion Form on or before January 15, 2009 or 120 days after the class notice is first mailed, whichever is later, then that Class Member will be deemed to have forever waived his or her right to opt out of the Class. Class Members who do not timely opt out shall be deemed Members of the Class. Class Members who timely opt out have no further role in the Litigation, and for all purposes they shall be regarded as if they never were either a party to this Litigation or a Class Member, and thus they shall not be entitled to any benefit as a result of this Litigation and shall not be entitled to or permitted to assert an objection to the Settlement.

2.23    Class Members who do not opt out of the Class pursuant to Section 2.6.2 may object to the Stipulation and Settlement Agreement by submitting written objections to the Court and mailing a copy of their written objections to Class Counsel, counsel for Defendants, and the Claims Administrator so as to be received no later than January 15, 2009 or 120 days after the class notice is first mailed, whichever is later. The Class Notice shall advise Class Members of this option. The Claims Administrator shall immediately provide any such objections to counsel of record.

2.24    Class Members who do not opt out of the Class pursuant to Section 2.6.2 may elect to become Participating Claimants. Class Members who wish to exercise this option

14

and certify their entitlement to payment under the Settlement must timely complete, execute, and return the Claim Form/FLSA Consent Form enclosed with the Class Notice to the Claims Administrator. A Claim Form/FLSA Consent Form shall be deemed effective as long as the identity of the class member submitting it can be determined. The parties will attempt to resolve among themselves any disputes that may arise regarding the effectiveness of a Claim Form/FLSA Consent Form. Any disputes that cannot be resolved by the parties will be submitted to the Court for resolution. If the Claims Administrator does not receive a completed and properly executed Claim Form/FLSA Consent Form on or before January 15, 2007 or 120 days after the class notice is first mailed, whichever is later, then that Class Member will be deemed to have forever waived his or her right to be a Participating Claimant and receive payment under this Settlement. However, as long as they do not properly opt out, Class Members shall be deemed Members of the Class and shall be subject to the Judgment even if they do not submit a Claim Form/FLSA Consent Form in a timely and proper fashion. Only Participating Claimants shall be entitled to payment pursuant to this Settlement and the Judgment.

2.25    Class Members who opt out and also submit a Claim Form/FLSA Consent Form shall be contacted by the Claims Administrator seeking clarification of whether they intend to opt out of the Class or become a Participating Claimant. Absent a response to the contrary, such Class Members will be deemed to have opted out of the Class pursuant to Section 2.6.2.

2.26    Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representative and Defendants shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment). The Parties shall make all reasonable efforts to secure entry of the Order of Final Approval. If the Court rejects the

15

Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void ab initio, and Defendants shall have no obligations to make any payments under the Stipulation, except for Administrative Costs already incurred by the Claims Administrator

2.27    The Claims Administrator will make its best effort to provide Participating Claimants with their Settlement Award within (60) sixty days of Defendants' payment of the Settlement Amount.

2.28    The Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments. Participating Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Class Members, remain subject to the terms of the Judgment.

2.29    Following the mailing of (a) the Notices of Final Approval to the Class and (b) the payments to Participating Claimants discussed in Section 2.2, the Claims Administrator shall provide counsel for the parties with a written confirmation of this mailing. Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigation on behalf of the Class.

2.30    Obligations of TruGreen

2.31    In the event that TruGreen chooses to continue its H-2B program for its LawnCare division, TruGreen agrees to pay, if required by law, at least the minimum wage in the first and last weeks of employment, accounting for reasonable visa, travel, and processing costs. In the event LawnCare intends to hire H-2B workers, it will confer with Class Counsel as to its position concerning the state of the law with respect to the payment of visa, travel and processing costs.

16

2.32    Dismissal of RICO Claims and Releases

2.33    Upon the Effective Date, the Class Representative and each of the Class Members that has not opted-out, including all Participating Claimants, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released State Law Claims.

2.34    In addition, upon the Effective Date, the Class Representative and each of the Participating Claimants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Federal Law Claims.

2.35    Payment of Costs and Attorneys' Fees to the Class Representatives

2.36    The Parties to this Agreement have agreed that Class Counsel shall receive out of the Settlement Amount $161,300 for their attorneys fees and costs (the "Fees and Costs Award"). Class Counsel shall not be permitted to apply to the Court for any additional payments for fees, costs, or interest and the award if entered, shall be for all claims for attorneys' fees and costs past, present, and future incurred in representing the Named Plaintiff and Class Members in this Action, as well as all costs and fees related to Class Counsel's role as Claims Administrator. As part of the Settlement, Class Members will not be required to pay Class Counsel any additional fees or costs for their representation in this Action. Class Counsel will be paid the Fees and Costs Award at the same time as Defendants' payment of the claimed portion of the Settlement Fund. Payments made per this Section shall constitute full satisfaction of any claim for fees, costs, and claims administration, and the Class Representative and Class Counsel, on behalf of themselves and all Class Members agree that they shall not seek nor be entitled to any additional fees or costs under any theory. The Class Representative and Class Counsel agree that

17

they shall be responsible for justifying the amount of this cost and fee payment to the Court, and they agree to submit, as appropriate, the necessary materials to justify this payment prior to the Final Approval Hearing. Defendants agree that they will represent to the Court that the fees and costs negotiated for Class Counsel and the Claims Administration are fair and reasonable in light of the work performed in this case and the results obtained. Other than any reporting of this fee payment as required by this Stipulation or law, which Defendants shall make, Class Counsel and the Class Representative shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment that they have received pursuant to this Section.

2.37    The Parties to this Agreement have agreed that the Class Representative representing the Class will receive $6,000.00. This payment shall be paid out of the Settlement Amount. The payment shall be paid at the same time as the payment of the claimed portion of the Settlement Fund. The Class Representative shall be required to sign a full, general, and comprehensive release of the Class Representative's Released Claims set forth in Section 1.19. The Parties agree that Defendants shall report 25% of this payment as wage income in the year of payment. The remaining payment will be subject to an IRS-Form 1099. Other than the reporting and withholding set forth in this Section, and with the exception of the employer's share of any federal and state taxes, the Class Representative shall be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made to him or her pursuant to this Section, except for the employer portion, if any, of such taxes.

2.38    Defendants shall have no responsibility for, and no liability whatsoever with respect to, the allocation among the Class Representative, Class Counsel, and/or any other

18

Person who may assert some claim thereto, of any award or payment issued or made in the Litigation or pursuant to this Stipulation, including, but not limited to, any award or payment pursuant to Section 2.2 or Section 2.9.

2.39    If the Court rejects the Stipulation, or fails to enter the Order of Final Judgment and Dismissal, this Stipulation shall be void ab initio, and Defendants shall have no obligations to make any payments under the Stipulation, except for Administrative Costs already incurred by the Claims Administrator.

2.40    Claims Administrator

2.41    The fees and expenses reasonably incurred by the Claims Administrator as a result of procedures and processes expressly required by this Stipulation shall be deducted from the Fees and Costs Award. The Class Representative shall have no responsibility for such fees or expenses. In no event will the fees and expenses incurred by the Claims Administrator cause Defendants' total payments to exceed the Settlement Amount.

2.42    In the event that Defendants take the position that Class Counsel as the Claims Administrator is not acting in accordance with the terms of the Stipulation, Defendants shall meet and confer first with the Claims Administrator before contacting the Court

2.43    Termination of Settlement

2.44    In the event that the Stipulation is not approved in its entirety by the Court, excluding changes to formatting, fixing typographical errors therein, or in the event that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, the Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and this Stipulation (except for those

19

provisions relating to non-admission and denial of liability set forth in Sections I, III, 2.12.4, and this Section 2.11) shall be deemed null and void, its terms and provisions shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc. In any such event, if the class or collective action described in Section 2.1.1 has already been certified for settlement purposes, the Parties will jointly move, as soon as possible, to decertify the class and/or collective action, and the Court shall issue an order decertifying the class or collective action, without prejudice to the Court's consideration of Plaintiffs motion for class certification filed September 31, 2007, and all motions on the Court's docket as of the date the Stipulation was filed with the Court shall be reinstated to the Court's docket.

2.45    The parties shall have the absolute discretionary right to terminate this Settlement Agreement and Stipulation in the event that any of the following conditions occur:

2.46    In the event that ten percent (10%) or more of all Class Members opt out from the Class.

2.47    In the event that the Stipulation is construed in such a fashion that would require Defendants to pay more than the Settlement Amount, require the Claims Administrator to incur fees or expenses beyond those provided for in this stipulation, or result in payment of less than the agreed $161,300 fee and cost award.

2.48    In the event that the Court does not certify, for settlement purposes, a class action and collective action consistent with Section 2.1.1 or otherwise makes an order materially inconsistent with any of the terms of this Stipulation.

2.49     In the event that there are any material changes to this Stipulation not approved by the parties.

2.50     To the extent either party chooses to exercise the option established in Section 2.11.2 and its subsections, they must do so through written notice to opposing counsel prior to the Order of Final Approval.

2.51     Miscellaneous Provisions

2.52     Defendants' sole obligations to Class Counsel and the Claims Administrator are set forth in this Stipulation. Class Counsel shall hold Defendants harmless for an award of fees or costs beyond those made in accordance with the Stipulation and shall not seek to recover any fees or costs awarded in excess of the terms in this Stipulation

2.53     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation, including but not limited to obtaining the dismissal, transfer to the Court, or stay of any pending or subsequently-filed class or collective action lawsuit that alleges any of the Released State Law Claims and/or Released Federal Law Claims set forth in Sections 1.22, 1.23 and 1.24, respectively, of this Stipulation.

2.54     The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or any potential defense. The Parties agree that the amounts paid in settlement and the other terms of the Settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

21

2.55    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.  The Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Defendants could not contest (or are estopped from contesting) class or collective action certification on any grounds in the Litigation or in any other lawsuit if the Court fails to enter the Order of Final Approval; this Stipulation shall not be deemed an admission by, or ground for estoppel in the Litigation or in any other lawsuit against, Defendants that class or collective action certification in the Litigation is proper or cannot be contested on any grounds.

2.56    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.57    The Stipulation may be amended or modified only by a written instrument signed by authorized representatives of all Parties or their respective successors-in-interest.

2.58    The Stipulation constitutes the entire agreement among the Parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

22

2.59     Class Counsel, on behalf of the Class, represent that, after consultation with and approval by the Class Representative, they are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Similarly, Defendants' Counsel represents that it is expressly authorized to take all appropriate action required or permitted to be taken by Defendants pursuant to the Stipulation to effect its terms, and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of Defendants which it deems appropriate.

2.60     Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

2.61     The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

2.62     Whenever this Stipulation requires or contemplates that one party, the Court or the Claims Administrator shall or may give notice to another, notice shall be provided by facsimile and/or next-day (excluding Sunday) express delivery service as follows:

    (i)      If to Defendants, then to:

        Sarah E. Bouchard, Esq.
        Morgan Lewis & Bockius LLP
        1701 Market Street
        Philadelphia 19103
        Telephone: (215) 963-5077
        Facsimile: (215) 963-5001

    (ii)     If to Class Representatives, then to:

Edward Tuddenham
272 W. 107th Street, #20 A
New York, NY  10025
Telephone:  (212) 866-6026
Facsimile:  (212) 532-7780

and      Vivian L. Rapposelli
Rapposelli & Gonzales
1300 Grant Avenue, Suite 100
Wilmington, DE  19806
Telephone:  (302) 652-8711   toll free 866-652-8711
Facsimile (302) 652-8712

2.63     The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third-party beneficiaries either express or implied.

2.64     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation. Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

2.65     This Stipulation and the exhibits hereto represent the entire agreement Defendants' complete obligations are detailed herein, and the Parties agree and understand that there shall be no injunctive relief included as part of any Court Order as to them.

2.66     The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of Delaware, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of Delaware without giving effect to that State's choice of law principles.

2.67     The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party.  No party

24

shall be deemed the drafter of this Stipulation. The parties acknowledge that the terms of the Stipulation are contractual and are the product of arm's length negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party.

2.68    Other than necessary disclosures made to a court, the Class Representative, Defendants, and their respective counsel agree to keep the fact of settlement, this Stipulation and any attached documents, and their settlement negotiations confidential and will not disclose that information to any third party (including the press). The Class Representative and his counsel specifically agree that they shall not hold press conferences or otherwise contact the media, including, but not limited to, television, radio or newspapers. If asked about the Settlement, the Class Representative and his counsel shall decline to comment, or, at most, shall respond that there was a dispute regarding the manner in which H-2B workers were paid and the dispute was resolved on a mutually agreeable and reasonable basis. The Class Representative and his Counsel further agree that they shall not use the Settlement or Defendants' name in any marketing materials or on any websites, or on any other materials not in connection with this case.

2.69    Return of All Documents and Other Discovery

2.70    Within thirty days (30) after the last payment is made to Participating Claimants, the Class Representative and Class Counsel shall return to Defendants, at Defendants expense, all originals and duplicate copies of materials produced by or obtained from Defendants during the Litigation by formal or informal discovery. This provision includes all documents

25

Defendants provided to the Class Representative or Class Counsel by initial disclosures, formal discovery, or informal discovery, including all settlement discussions.

    2.71  The provisions of Sections 2.13.1 are not intended to cover work product produced by Class counsel.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

Date:  September 15, 2008        Respectfully submitted,

                */s/ Sarah E. Bouchard*
                Michael L. Banks
                Sarah E. Bouchard
                Morgan Lewis & Bockius LLP
                1701 Market Street
                Philadelphia, PA  19103

                (215) 963-5077

                Attorneys for Defendants

Date: September 15, 2008        /s/ Vivian L. Rapposelli
                Edward Tuddenham
                272 W. 107th Street, #20 A
                New York, NY  10025
                Telephone:  (212) 866-6026
                Facsimile:  (212) 532-7780

                Vivian L. Rapposelli
                Rapposelli & Gonzales
                1300 Grant Avenue, Suite 100
                Wilmington, DE  19806
                Telephone:  (302) 652.8711
                Facsimile (302) 652-8712

                Attorneys for Plaintiffs

                Ramon Villanueva-Bazaldua

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA<br>individually and on behalf of other<br>similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUGREEN LIMITED PARTNERS,<br>and TRUGREEN, INC. d/b/a<br>TRUGREEN CHEMLAWN,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No  06-185 |

## CLASS NOTICE

**To:   All present and former H-2B visa workers who were employed by
TruGreen ChemLawn at any time during the calendar years 2005, 2006, 2007,
and/or 2008:**

> **PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS
> ARE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS
> ACTION.  YOU MAY BE ENTITLED TO RECEIVE MONEY
> BUT YOU MUST SUBMIT THE ATTACHED CLAIM FORM
> TO RECEIVE IT.**

## I.   DESCRIPTION OF THE LAWSUIT AND CONTENTION OF THE PARTIES

On March 17, 2006, Ramon Villanueva-Bazaldua brought a lawsuit against Defendants TruGreen Limited Partnership and TruGreen, Inc. d/b/a/ TruGreen ChemLawn ("Defendants" or "TruGreen") on behalf of himself and all other past and present H-2B employees of TruGreen ChemLawn (also known as the Lawn Care Division of TruGreen)  The suit was filed in the United States District Court, District of Delaware, and alleges that TruGreen violated federal wage and hour laws in the first or last weeks of pay by failing to reimburse H-2B workers for the visa, transportation and processing expenses they incurred getting to the United States to work for TruGreen and home again.  Sr. Villanueva also alleges that TruGreen failed to pay the hourly and overtime wages H-2B employees allegedly had been promised while in Mexico  Sr. Villanueva seeks to recover money for these alleged violations  TruGreen denies each of the claims and contentions alleged by Sr. Villanueva.

Sr. Villanueva and Trugreen have entered into a Settlement Agreement to resolve their dispute. Because of the delays and uncertainties of pursuing litigation Sr Villanueva and the lawyers representing him believe the proposed Settlement is fair, adequate, reasonable and in the best interests of the class of H-2B workers  For purposes of the Settlement, the Court has certified a Class consisting of all present and former H-2B visa workers employed by TruGreen ChemLawn at any time during the calendar years 2005, 2006, 2007 and/or 2008 ("H-2B worker class").

## II   THE SETTLEMENT

The following is only a summary of the provisions of the proposed Settlement between Sr. Villanueva and the Defendants.  The specific and complete terms of the proposed Settlement are

described in the Stipulation and Settlement of Class Action Claims ("Settlement Agreement"), a copy of which is available for your review. You can request it from Vivian Rapposelli at 302-652-8712 or by e-mail at: vrapposelli@rglaw.us

The Total Settlement Amount in this case is three hundred ninety-nine thousand, nine-hundred thirty-four dollars and zero cents ($399,934.00). Of that amount, a maximum of two hundred thirty-two thousand, six hundred thirty-four dollars and zero cents ($232,634.00) will be available for distribution to you and other H-2B worker class members who chose to claim money (any of this money not claimed will be returned to TruGreen); six thousand dollars ($6000.00) will be paid to the Sr. Villanueva to settle his claims; and one hundred sixty-one thousand, three hundred dollars and zero cents ($161,300.00) will be paid to Sr. Villanueva's attorneys for their fees and services in prosecuting the lawsuit and in administering the settlement

H-2B Class members who chose to participate in the settlement will receive equal shares of the $232,634 for each season they worked during 2005, 2006, 2007 and 2008. A worker who worked one of those seasons will receive one share, a worker who worked two of those seasons will receive two shares and so on  Each share will be worth $_____ [To Be Filled In Using the Formula in Settlement Agreement Paragraph 2.2.1 when the Paragraph 2.5.1 information is provided]

TruGreen's Records show that you, [**Name of Recipient of notice** ], were employed by TruGreen ChemLawn during the following years: [**specify**]. Accordingly if you chose to participate in the settlement you will receive **a total of _____ shares or $_____). IF YOU BELIEVE YOU WORKED ADDITIONAL SEASONS FOR TRUGREEN CHEMLAWN DURING 2005, 2006, 2007 AND/OR 2008 YOU SHOULD NOTIFY VIVIAN RAPPOSELLI IMMEDIATELY BY CALLING OR WRITING:**

> **Vivian Rapposelli**
> Rapposelli & Gonzales
> 1300 Grant Avenue    Suite 100
> Wilmington, DE  19806
> Telephone: 302-652-8712        email: vrapposelli@rglaw.us

## I.  YOUR CHOICES UNDER THE SETTLEMENT

You have the right to be included in the settlement and receive the settlement monies described above or you can request to be excluded from the settlement  You also have the right to object to the settlement if you think it is not fair or if you think the information about the years you worked or the way you were paid is incorrect

## 1.  IF YOU WANT TO RECEIVE THE MONEY DUE TO YOU UNDER THE SETTLEMENT YOU MUST SIGN AND RETURN THE CLAIM FORM ATTACHED HERETO to:

> Vivian L  Rapposelli
> Rapposelli & Gonzales
> 1300 Grant Avenue      Suite 100
> Wilmington, DE  19806

You can also e-mail the signed form to Vrapposelli@rglaw.com or fax it to 302-652-8712. Participating Claimants will receive their Settlement Award within (60) sixty days of Defendants' payment of the Settlement Amount. **IF YOU CLAIM YOUR MONEY YOU WILL BE BOUND BY THE SETTLEMENT AND YOU WILL GIVE UP ANY STATE AND FEDERAL WAGE CLAIMS**

YOU MAY HAVE AS A RESULT OF YOUR EMPLOYMENT BY TRUGREEN CHEMLAWN.

2. IF YOU DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT, you may ask to be excluded from the settlement. If you choose to be excluded from the settlement you will NOT receive any money from the settlement fund but you will not give up any State or Federal wage claims you may have as a result of your employment by TruGreen ChemLawn. TO BE EXCLUDED, YOU MUST SIGN AND RETURN THE EXCLUSION FORM. The form must be sent to the following address no later than _____:

> Vivian L. Rapposelli
> Rapposelli & Gonzales
> 1300 Grant Avenue
> Suite 100
> Wilmington, DE  19806

If you do not ask to be excluded from the settlement and do not mail in a claim form, you will be bound by the settlement but you will not receive any money.  You will give up any claims that you may have against the Defendants that were stated in, or that could have been brought on your behalf, in the lawsuit.

3. IF YOU OBJECT TO THE FAIRNESS OF THE SETTLEMENT

If you do not believe that the settlement is fair you have the right to object to the settlement. You should mail your objection, along with a statement of the reasons for your objection, to Vivian Rapposelli whose address is above no later than _____.

A hearing will be held before the Honorable Gregory M. Sleet on _____ , 2009, in Courtroom ___, _____ Floor at _____ a.m. at the United States District Court, District of Delaware, which is located at the U.S. Courthouse, 844 N. King Street, Wilmington, Delaware, to determine whether the proposed Settlement Agreement is fair, adequate and reasonable. Timely mailed written objections will be considered by the Court at that time. You have the right to appear in person or through an attorney at the hearing on _____, but you do not need to appear if you do not want to.

IV.   FURTHER INFORMATION AND QUESTIONS

If you have any questions about this Notice or want more detailed information about the terms of the settlement you should contact Class Counsel, Vivian Rapposelli, by telephone at 302-652-8712 or by e-mail at: vrapposelli@rglaw.us

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, TRUGREEN, OR TRUGREEN'S ATTORNEYS WITH INQUIRIES. THEY CANNOT ANSWER ANY INQUIRIES.**

# EXHIBIT B

# CLAIM FORM

*Villanueva v. TruGreen*
United States District Court, District of Delaware
Civil Action No. 06-185

I consent to be a party plaintiff in this lawsuit  I want to receive the monies due me under the settlement  By signing this document, I agree that the money I will receive represents a full and final settlement of any wage claims I may have or could have as a result of my employment by TruGreen ChemLawn under the Fair Labor Standards Act and State law as described in the Settlement and Class Notice.

X _____          _____
      Signature                                               Date

Address:_____

         _____

         _____

         _____

Telephone:_____

**IF YOU WANT TO RECEIVE YOUR SETTLEMENT AWARD, YOU MUST SIGN THIS FORM WHERE INDICATED AND MAIL, FAX OR E-MAIL IT TO THE ADDRESS BELOW:**

         **Vivian L. Rapposelli**
         **Rapposelli & Gonzales**
         **1300 Grant Avenue  Suite 100**
         **Wilmington, DE  19806**
         **Telephone:  302-652-8711**
         **Fax:   302-652-8712**
         **vrapposelli@rglaw.us**

**CLAIM FORMS RECEIVED AFTER _____ WILL NOT BE ACCEPTED**

# EXCLUSION FORM

## DO <u>NOT</u> USE THIS FORM IF YOU WANT TO RECEIVE MONEY

*Villanueva v. TruGreen*
United States District Court, District of Delaware
Civil Action No. 06-185

I hereby request to be excluded from the settlement class. **BY SIGNING THIS DOCUMENT I UNDERSTAND THAT I WILL NOT RECEIVE ANY MONEY UNDER THE SETTLEMENT.**

X _____    _____
     Signature                                           Date

Address:_____

_____

_____

_____

Telephone: _____

If you want to be EXCLUDED FROM THE SETTLEMENT, you must sign this form and return it to:

Vivian L. Rapposelli
Rapposelli & Gonzales
1300 Grant Avenue   Suite 100
Wilmington, DE  19806
Telephone:  302-652-8711
Fax:   302-652-8712
vrapposelli@rglaw.us

Forms received after _____will not be accepted and will not exclude you from the settlement.

## DO <u>NOT</u> USE THIS FORM IF YOU WANT TO RECEIVE MONEY.  TO RECEIVE MONEY USE THE <u>CLAIM FORM</u>

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RAMON VILLANUEVA-BAZALDUA    )
individually and on behalf of other    )
similarly situated,              )        Civil Action No. 06-185
                          )
        Plaintiff,      )
                          )
      v.            )
                          )
TRUGREEN LIMITED PARTNERS   )
and TRUGREEN, INC. d/b/a       )
TRUGREEN CHEMLAWN,       )
                          )
        Defendants.    )

## ORDER

**THIS MATTER** comes before the Court on the unopposed Motion of the Plaintiff, Ramon

Villanueva-Bazaldua, the named Plaintiff in this matter, by his legal counsel Edward Tuddenham

and Rapposelli & Gonzales.   In his First Amended Complaint, Plaintiff asserts claims against

Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the

federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and common law claims

grounded in breach of contract, breach of the covenant of good faith and fair dealing, fraud, unjust

enrichment, and promissory estoppel.   Plaintiff's Motion requests the Court to, among other things,

preliminarily approve a settlement reached in this matter (the "Agreement"), certify, for settlement

purposes only, a Class in this matter as to Plaintiff's FLSA and state law claims and to authorize the

sending of a Class Notice to the proposed Class regarding the settlement.

**AND NOW**, this _____ day of_____ , 2008, upon consideration of

the Plainitiff's Motion, and the Court being fully apprised of the facts, the Court hereby

**ORDERS** and **DECREES** the following:

1.    The Court determines that supplemental jurisdiction exists over the state common law claims of the Plaintiffs and Settlement Class Members pursuant to 28 U S C. § 1367 (a), because these state claims are factually so closely related to the FLSA claims of the Plaintiff and that there is such a substantial overlap in the identity of the FLSA putative Plaintiffs and putative members of the State law class, that they form part of the same case or controversy under Article III of the United States Constitution. All federal and state claims form a common nucleus of operative fact and would ordinarily be tried in one judicial proceeding. Moreover, considerations of judicial economy, convenience and fairness to litigants weigh in favor of addressing the State law claims in the same proceeding as the federal law claims.

2.    The Court gives preliminary approval to the Agreement as being fair, reasonable and adequate and in the best interest of the Plaintiff and putative Settlement Class Members to be defined as set out below and the Court further finds that effecting a settlement of the Class Members' claims pursuant to the First Amended Complaint and the Agreement is the most expeditious, efficient and fair means of resolving such claims

3.    The Court further determines that: (a) the H-2B employees of TruGreen's LawnCare division are "similarly situated," within the meaning of 29 U.S.C. § 216 (b); (b) the proposed state Class satisfies all the requirements of Rule 23 and is maintainable under Rule 23(b)(3); (c) the proposed Class representatives and Class Counsel are adequate; and (d) there is a sufficient unity of interest among the Class Members to support the certification of the Class for settlement purposes in accordance with the Agreement.

4     The Court therefore certifies in accordance with the Agreement, and for purposes of settlement only, the following Class:

All present and former H-2B employees of TruGreen who were
employed in TruGreen's LawnCare division at any time during
calendar years 2005, 2006, 2007, and 2008.

5       The Court Ramon Villanueva-Bazaldua as Settlement Class Representative.

6       The Court appoints Edward Tuddenham and Rapposelli & Gonzales, as Class

Counsel.

7.      The Court appoints Class Counsel as Claim Administrator

8.      The Court approves the form of the Class Notice and Claim Form attached to the

Parties' Agreement. The Class Notice is to be mailed by Class Counsel as Claims Administrator,

by first class mail, to Plaintiffs and Settlement Class Members to their last known address within

twenty (20) days of this Order

9.      All executed Claim Forms, objections to or requests to opt out of the proposed

Settlement are to be mailed to Class Counsel as the Claim Administrator, in accordance with the

Agreement, Class Notice and instructions on the Claim Form. Class Members shall have 120

days from the date of mailing of the Class Notice to return their Claim Form

10      A final approval hearing is set for _____ , 2008.

**BY THE COURT:**

_____

The Honorable Gregory M. Sleet.

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RAMON VILLANUEVA-BAZALDUA ) individually and on behalf of other ) similarly situated, ) | |
| ) | Civil Action No. 06-185 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TRUGREEN LIMITED PARTNERS ) and TRUGREEN, INC. d/b/a ) TRUGREEN CHEMLAWN, ) | |
| ) | |
| Defendants. ) | |

**ORDER DETERMINING GOOD FAITH
AND GRANTING FINAL APPROVAL OF SETTLEMENT**

This matter comes before the Court on the Motion of Plaintiff, by his counsel Edward

Tuddenham and Rapposelli & Gonzales ("Class Counsel"), and by Defendants, TruGreen Limited

Partnership (incorrectly identified as TruGreen Limited Partners) and TruGreen, Inc., by their

counsel Morgan, Lewis & Bockius LLP, for an order and judgment finally approving the Stipulation

and Settlement Agreement dated _____, 2008 and dismissing with prejudice all claims in this

matter. After reviewing the Agreement and other related materials submitted by the Parties, and

considering any and all objections raised to the settlement at the Final Approving Hearing held on

_____, \_\_\_\_, 2008, and otherwise being fully apprised of all the facts, the Court hereby enters

the following Final Order and Judgment:

        1. This Court has jurisdiction over the subject matter of this action and over all

        parties to this action pursuant to 28 U.S.C. §1331, 29 U.S.C. § 216(b) and 28 U.S.C.

        §1367(a), including all members of the Settlement Class, preliminarily certified for

        settlement purposes only, by Order dated _____, \_\_\_\_, 2008 ("Preliminary

Approval Order"), and as defined as:

All present and former H-2B employees of TruGreen who were employed in TruGreen's LawnCare division at any time during calendar years 2005, 2006, 2007 and 2008.

2.  The Court finds that the Settlement Class, as defined above, satisfies the requirements of Fed. R. Civ. P. Rule 23(a), and is maintainable under Rule 23(b)(3), and that the Settlement Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C § 216(b). The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3.  The Notice given to the members of the Settlement Class adequately informed the class members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to opt out of the monetary provisions and pursue their own remedies and their opportunity to file written objections and appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Court finds that the Notice provided satisfied the requirements of Fed. R. Civ. P. 23 (e)(1)(B).

4   The Court hereby approves the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate to all members of the Settlement Class. The Court finds that  extensive investigation, research and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as a result of intensive, arms-length negotiations.

5. Class Counsel should be awarded the amount of $161,300.00 for fair and reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation, as well as payment for services as Claims Administrator, with such award to be paid from the Settlement Amount in full compromise and satisfaction of all fees, costs, and expenses incurred by Class Counsel as specified in the Settlement Agreement.

6. Payment is approved to Plaintiff, who performed substantial services for the benefit of the settlement class and who had individual claims in addition to the class claims, in the amount of $6,000.00. Such award is to be paid from the Settlement Amount as specified in the Settlement Agreement.

7. The Court finds and determines that the payments to the members of the Settlement Class, as provided in the Settlement Agreement and to be determined and paid by Class Counsel as Claims Administrator, are fair, reasonable and adequate and gives final approval to and orders that those payments be made to the members of the Settlement Class who submitted valid Claim Forms/FLSA Consent Forms in accordance with the Settlement Agreement.

8. This Court hereby dismisses with prejudice all claims and actions in this matter and the claims certified on behalf of the Settlement Class members.

9. All persons who are members of the Settlement Class are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any and all state law wage-and-hour claims, rights, demands, liabilities and causes of action in any way relating to this Action arising out of employment by TruGreen ChemLawn and arising during the period March 17, 2003 through the date of the Court's preliminary

approval of the settlement, which could have been asserted in this Action, including without limitation statutory, constitutional, contractual, or common law claims relating to wages, whether in the form of back wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys fees, litigation costs, restitution, or equitable relief. All persons who are members of the Settlement Class are also hereby barred and permanently enjoined from prosecuting, commencing, or continuing any and all federal wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Sec. 201 et seq., arising out of employment by TruGreen ChemLawn during the period March 17 through the date of the Court's preliminary approval of settlement.

    10.   The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement and this Order.

**BY THE COURT:**

_____

The Honorable Gregory M. Sleet

Dated: _____

4